# EXHIBIT A

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                    SUPERIOR COURT

DALE BOND

         *v.*                              C.A. No.: PC22-

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

### <u>VERIFIED COMPLAINT</u>

1.     This is a claim for equitable and declaratory relief and for damages for violation of the
Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, et seq.

2.     Plaintiff Dale Bond is a resident of the State of Rhode Island and Providence County
therein.

3.     Defendant Lifespan Corporation ("Lifespan") is a Rhode Island corporation operating
within the State of Rhode Island, with a business location within the State of Rhode Island and
with sufficient minimum contacts with the State of Rhode Island for this Commission to exercise
jurisdiction over Lifespan.

4.     Defendant The Miriam Hospital ("Miriam") is a Rhode Island corporation operating within
the State of Rhode Island, with a business location within the State of Rhode Island and with
sufficient minimum contacts with the State of Rhode Island for this Commission to exercise
jurisdiction over Miriam.

5.     Defendant Brown University ("Brown") is a domestic non-profit corporation and
institution of higher learning within the State of Rhode Island and Providence County therein.

6.     Defendant Rena Wing was at all times pertinent to this complaint an employee of the
corporate defendants and the supervisor of the plaintiff.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2022 11:53 AM
Envelope: 3449757
Reviewer: Carol M.

Statement of Facts

7.      The Plaintiff is male over 40 years of age.

8.      The Defendants are employers as defined by R.I.G.L. §28-5-6 and 42 U.S.C. §2000(e).

9.      The Defendants were joint employers of the Plaintiff.

10.     The Defendants had knowledge, and were aware, of the Plaintiff's gender and age.

11.     The Plaintiff performed duties of his employment with Defendants within the State of Rhode Island.

12.     The Plaintiff was a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Alpert Medical School.

13.     Defendant Wing is Professor of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital.

14.     While employed by Defendants, Plaintiff was required to seek grants to assist in the funding of his department.

15.     In or about the end of 2018 and/or beginning of 2019, following major surgery to repair a torn biceps muscle, Plaintiff returned to work several weeks earlier than medically instructed to work on grant applications.

16.     In or about February 2019, upon Plaintiff's return to the workplace, Defendant Wing instructed Plaintiff to pursue other funding sources and informed him that he might need to "prostitute" himself to other departments to obtain the additional funding she required.

17.     The Plaintiff found this instruction, to "prostitute himself" offensive and humiliating.

18.     When Plaintiff's funding levels were at their highest, he complied with Defendant Wing's request to "help" cover the salaries of other employees, even when those employees were no longer working on Plaintiff's grants.

19.     Upon information and belief, Defendant Wing did not request any similarly situated females to cover the salaries of other employees.

20.     Upon information and belief, Defendant Wing assisted younger female employees in securing funding, including writing substantial portions of grants they submitted and assisting in securing additional funding through alternative sources.

21.     Defendant Wing asked another researcher, Dr. Thomas, to put a junior female colleague on a grant instead of Dale.

22.     In or about February 2019, Plaintiff attempted to engage Defendant Wing in an attempt to secure alternate funding, which Defendant Wing failed and/or refused to do.

23.     In or about May 2019, Plaintiff was notified of his promotion to the rank of professor by unanimous approval, with the appointment commencing in June 2019 and running through June 30, 2024.

24.     Upon information and belief, a promotion to the rank of professor customarily carries with it an increase in pay.

25.     In or about May 2019, Plaintiff informed Defendant Wing of his promotion, which she demeaned by stating "I already know" and "I can't pay you."

26.     Plaintiff did not receive an increase in pay commensurate with his position as a professor.

27.     In or about October 2019, Defendant Wing threatened Plaintiff's grant writing activities.

28.     In or about October 2019, Wing told Plaintiff that he was of "no value", which Plaintiff found offensive and humiliating.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2022 11:53 AM
Envelope: 3449757
Reviewer: Carol M.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 5 of 224 PageID #: 34

29.     In or about October 2019, Defendant Wing continued to subject Plaintiff to disparate treatment and negatively impacted his employment when she refused to assist Plaintiff in his efforts to comply with her directive and seek assistance from other departments to address her restrictions on his salary.

30.     Defendant Wing also interfered with and/or refused to allow Plaintiff's engagement with other departments to maintain his employment and benefits of employment, including salary.

31.     In or about October 2019, Wing criticized Plaintiff for not engaging with a younger and more junior female member of the faculty for coordinated grant projects, without offering any basis for the criticism, other than she did not like it.

32.     In or about November 2019, Defendant Wing notified Plaintiff that his annual merit pay increase would be 1%.

33.     Upon information and belief, a 3% merit increase is customary.

34.     Upon information and belief, younger and less experienced and/or similarly situated female employees under Defendant Wing's supervision all received 3% merit pay increases.

35.     Defendant Wing routinely diminished Plaintiff's accomplishments in his recognized specialty area of research in front of his colleagues and actively discouraged him from continuing to pursue this research, despite it being recognized nationally and internationally by multiple professional organizations. Defendant Wing did not criticize nor demean similarly situated female colleagues in front of others in the way she did with Plaintiff.

36.     On or about February 6, 2020, Defendant Wing informed Plaintiff that his full salary would only be paid through January 31, 2021, after which she would only cover 50% of Plaintiff's salary from February 1, 2021 through January 31, 2022.

37.     Defendant Wing unilaterally reduced Plaintiff's salary by 50% effective January 31, 2021.

38.     On or about February 6, 2020, Defendant Wing informed Plaintiff that there were no further opportunities for him with the Defendants and that he should seek employment with other institutions.

39.     On or about February 7, 2020, Defendant Wing emailed Plaintiff asking him to sign a letter acknowledging the unilateral change in salary, intimating the signature was a prerequisite for Plaintiff to work on a new grant with her.

40.     Plaintiff believed the offer to work on a new grant was contingent on his signing the letter Defendant Wing emailed and responded, via email, that he needed time to consider and learn more about the ramifications of the revised terms of employment she was unilaterally foisting upon him.

41.     On or about February 8, 2020, Defendant Wing, without permission, walked into Plaintiff's office, put the letter on Plaintiff's desk, pointed at it and angrily demanded that Plaintiff sign it.

42.     The Plaintiff restated his hesitancy and confusion since he was only in the first year of a five-year faculty appointment, to which Defendant Wing responded that the appointment was "just a piece of paper."

43.     Defendant Wing consistently informed Plaintiff that his ability to cover his salary was substandard, but did not provide guidance as to what was needed or required from Plaintiff, refused any and all of Plaintiff's request for assistance and undermined Plaintiff's efforts to collaborate with other departments or otherwise satisfy her.

44.     Upon information and belief, other faculty members, specifically younger female faculty, at this time were not fully funded, were not submitting the same volume of grant applications as Plaintiff, were not publishing at anywhere near the same rate as Plaintiff, nor had they achieved an international reputation in their area of research. Upon information and belief, Defendant Wing did not unilaterally reduce the salary of those younger female faculty members, require them to seek other funding and/or fail to assist them in finding or providing funding for their salaries.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2022 11:53 AM
Envelope: 3449757
Reviewer: Carol M.

45.     Other faculty members, specifically younger female faculty, were not subjected to the same hostile work environment, humiliation, reduction in financial and career opportunities, adverse employment actions or threats to their employment as suffered by Plaintiff.

46.     Complainant sought the assistance of Dr. Steven Rasmussen (Chair of Brown's Department of Psychiatry and Human Behavior), regarding Dr. Wing's increasingly hostile actions and the increasingly hostile work environment, adverse employment actions and his resulting distress.

47.     On or about February 27, 2020, Plaintiff met with Dr. Rasmussen and informed him of his complaints of discrimination and hostile work environment.

48.     On or about February 27, 2020, Dr. Rasmussen informed Plaintiff that there was not much he could do because Defendant Wing operates "on her own" and that he, even though chair of the Department of Psychiatry and Human Behavior at Brown University and Defendant Wing's supervisor, could not assist Plaintiff because she "gets a lot of grants."

49.     On or about February 27, 2020, Steve Rasmussen stated to Plaintiff that Defendant Wing can do what she wants with "her" center.

50.     In or about July 2020, with no change to the continuing hostile environment and absence of a clear path for redress, Plaintiff again reached out to Dr. Rasmussen for assistance and was informed to look outside of Lifespan and Brown.

51.     Defendants were aware of Plaintiff's complaints and failed to investigate and failed to remedy the allegations and situation.

52.     In or about November 2020, Plaintiff sought alternate funding through another department/division of the Defendant entities to maintain and increase his funding and to maintain his employment.

53.     Plaintiff's contact with another department/division of the Defendant entities was met with interest and potential.

54.     On or about January 4, 2021, Plaintiff was notified by Defendant Wing by emailed letter that his employment would be terminated as of December 31, 2021.

55.     On or about January 4, 2021, Plaintiff was notified by Defendant Wing via emailed letter that his salary would be reduced by 50% in February 2021.

56.     Despite the initial interest from the other department, set forth in Paragraph 52 and 53 above, the head of that department failed to respond to Plaintiff's subsequent contacts.

57.     In or about January of 2021, Plaintiff met with Michael Henderson, Vice President of Lifespan's Office of Research Administration, and inquired if there was any policy that permitted Defendant Wing to restrict Plaintiff's grant submissions. Mr. Henderson responded he was unaware of any such policy.

58.     During the January 2021 meeting with Mr. Henderson, Plaintiff expressed that he felt Defendant Wing was interfering with his career opportunities and treating him differently than less experienced and/or similarly situated female colleagues. Mr. Henderson responded that Lifespan human resources would not get involved and Defendant Wing had "full authority."

59.     Plaintiff expressed a desire to remain within Defendants' system. Mr. Henderson offered to help "make it happen."

60.     In or about March 2021, Plaintiff learned that Defendant Wing had commenced communication with the head of the department referenced in Paragraphs 52, 53 and 56 above.

61.     In or about March 2021, Plaintiff learned that a stipend that he had secured and for which he had been approved, was transferred to Defendant Wing's department. Defendant Wing informed Plaintiff that not only was he not allowed to use the stipend as an alternate means of funding the remaining 50% of his salary, but that she would be using the stipend to reduce her contribution to his reduced salary.

62.     Upon information and belief, Defendant Wing's actions were in retaliation for Plaintiff's raising complaints about her treatment of him.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2022 11:53 AM
Envelope: 3449757
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 9 of 224 PageID #: 38

63.    Plaintiff's efforts to address Defendant Wing's ongoing discrimination, hostile work environment and retaliation with all appropriate supervisory channels went unanswered.

64.    In or about June 2021, Mr. Henderson informed Plaintiff that Plaintiff's effort to seek funding and employment with another Lifespan/Brown department would not take place due to Defendant Wing's interactions with the head of the other department.

65.    Upon information and belief, Defendant Wing had eliminated and interfered with Plaintiff's other options within Lifespan and Brown.

66.    In or about June 2021, Mr. Henderson opined that Defendant Wing's actions are without recourse due to her "cache" and her husband being a former dean and because she "commands a certain level of fear and that people would rather not be on the other side of that."

67.    Other employees of Lifespan Corporation, The Miriam Hospital and faculty of Brown University, who were younger and/or female and under the supervision of Defendant Wing were not subjected to the hostile work environment and restrictions as to terms and benefits of employment and funding suffered by Plaintiff.

68.    The actions of the Defendants, by and through Defendant Wing, were discriminatory, retaliatory and created a hostile work environment.

69.    As a result of the above actions of the Defendants, Plaintiff suffered adverse employment actions including the lack of a salary increase commiserate with his experience and position, reduction of salary, interference with business and funding relationships, retaliation for raising complaints about his treatment and was ultimately forced to resign and find alternate employment outside the State of Rhode Island.

70.    As a result of the above actions of the Defendants, Plaintiff suffered lost wages, emotional distress and has been further damnified.

71.    The actions of the Defendants constitute a violation of the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, et seq.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2022 11:53 AM
Envelope: 3449757
Reviewer: Carol M.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 10 of 224 PageID #: 39

## COUNT I

*Discrimination – RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

72.     Plaintiff restates all previous paragraphs by reference as if stated fully herein.

73.     The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by discriminating against her with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of her gender.

74.     As a result,  she has suffered and continues to suffer damages.

        WHEREFORE,  plaintiff  prays  this  Honorable  Court  award  her  compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

## COUNT II

*Retaliation – RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

75.     Plaintiff restates all previous paragraphs by reference as if stated fully herein.

76.     The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by the facts described herein, by discriminating against her because he opposed a practice forbidden by RICRA and engaged in protected activity in the form of complaints of discrimination.

77.     As a result,  she has suffered and continues to suffer damages.

        WHEREFORE,  plaintiff  prays  this  Honorable  Court  award  her  compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2022 11:53 AM
Envelope: 3449757
Reviewer: Carol M.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 11 of 224 PageID #: 40

## COUNT III

*Hostile work environment - RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

78.     Plaintiff was subjected to unwanted harassment, based upon gender, that was objectively and subjectively offensive and sufficiently severe and pervasive so as to alter the conditions of Plaintiff's employment and created an abusive work environment.

79.     Defendants were aware of the hostile work environment and failed to take any action.

80.     As a result, Plaintiff suffered, and continues to suffer, damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

The above factual allegations are true and accurate to the best of my knowledge and belief.

Dale Bond

Subscribed and sworn to before me this _____ day of January, 2022.

Notary Public
Printed Name: David S. Cass
My Commission expires: 3/7/25

10

Filed 02/24/23   Page 12 of 224 PageID #: 41

Respectfully submitted,
DALE BOND
By and through his attorneys,

Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
(401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

**STATE OF RHODE ISLAND**

PROVIDENCE COUNTY                                    SUPERIOR COURT

DALE BOND

     *v.*                                              C.A. No.: PC22-

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

## <u>JURY DEMAND</u>

Plaintiff hereby claims and demands a jury trial.

Respectfully submitted,
DALE BOND
By and through his attorneys,

*/s/ Christine L. Marinello*
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
(401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

*/s/ David S. Cass*
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00335 |
| **Plaintiff**<br>Dale Bond<br>v.<br>Lifespan Corporation et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Lifespan Corporation:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Dale Bond | PC-2022-00335 |
| v. | |
| Lifespan Corporation et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Lifespan Corporation, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given
as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____ / _____ / _____ | SERVICE FEE $ _____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE
NOTARIZED.

_____

 Signature

State of _____

County of _____

   On this _____ day of _____, 20 ____, before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or ☐ proved to the notary through satisfactory evidence of identification, which was
_____, to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00335 |
| **Plaintiff**<br>Dale Bond<br>v.<br>Lifespan Corporation et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, The Miriam Hospital:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff**<br>Dale Bond<br> v.<br>Lifespan Corporation et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-00335 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, The Miriam Hospital, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE:      ____/____/____  |  SERVICE FEE $ _____ |
| Month    Day     Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

    On this _____ day of _____, 20 _____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐   proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00335 |
| **Plaintiff**<br>Dale Bond<br> v.<br>Lifespan Corporation et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Brown University:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Dale Bond<br> v.<br>Lifespan Corporation et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-00335 |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Brown University, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

  Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

  Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: _____ / _____ / _____ <br> Month    Day    Year | SERVICE FEE $_____ |
|---|---|

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

 Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00335 |
| **Plaintiff**<br>Dale Bond<br> v.<br>Lifespan Corporation et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Rena Wing:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff**<br>Dale Bond<br> v.<br>Lifespan Corporation et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-00335 |
| --- | --- |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Rena Wing, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name  of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name  of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: _____/_____/_____
Month    Day    Year

SERVICE FEE $_____

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2022 3:55 PM
Envelope: 3472264
Reviewer: Carol M.

3-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 26 of 224 PageID #: 55



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00335 |
| **Plaintiff**<br>Dale Bond<br><br>v.<br><br>Lifespan Corporation et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Lifespan Corporation:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022 | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2023 3:55 PM
Envelope: 3472264
Reviewer: Carol M.

3-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 27 of 224 PageID #: 56



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Dale Bond<br>v.<br>Lifespan Corporation et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-00335 |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Lifespan Corporation, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2023 3:55 PM
Envelope: 3472264
Reviewer: Carol M.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 28 of 224 PageID #: 57



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☑ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation *VALERIE TILL - EXECUTIVE ASSISTANT*

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: __1__ / __26__ / __22__  10: 00 AM     SERVICE FEE $ __50__
       Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE    Billy J Charette
_____    Constable #153

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2022 5:00 PM
Envelope: 3472268
Reviewer: Victoria H

1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 29 of 224 PageID #: 58



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| **Plaintiff**<br>Dale Bond<br><br>v.<br><br>Lifespan Corporation et al.<br>**Defendant** | **Civil Action File Number**<br>PC-2022-00335 |
| | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Rena Wing:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2023 6:00 PM
Envelope: 3472268
Reviewer: Victoria H
3-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 30 of 224 PageID #: 59



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Dale Bond | PC-2022-00335 |
| v. | |
| Lifespan Corporation et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Rena Wing, by delivering or leaving said papers in the following manner:

☑ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person of suitable age and discretion _____

    Address of dwelling house or usual place of abode _____

    Age _____

    Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

    Name of authorized agent _____

    If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

    Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

    Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

_____

SERVICE DATE: __1_ / _26_ / _22_  _9:30 AM_   SERVICE FEE $ _50_

       Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

Billy J Charette
Constable #153

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

           Notary Public: _____

           My commission expires: _____

           Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2022 3:57 PM
Envelope: 3472266
Reviewer: Carol M.

23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 32 of 224 PageID #: 61



# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00335 |
| **Plaintiff**<br>Dale Bond<br><br>v.<br><br>Lifespan Corporation et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

### TO THE DEFENDANT, The Miriam Hospital:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2022 3:57 PM
Envelope: 3472266
Reviewer: Carol M.



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Dale Bond | PC-2022-00335 |
| v. | |
| Lifespan Corporation et al. | |
| **Defendant** | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, The Miriam Hospital, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☑ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation *VALERIE TILL — EXECUTIVE ASSISTANT*

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

_____

**SERVICE DATE:** 1 / 26 / 22   10:50 AM   **SERVICE FEE $** 50—

    Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

**Billy J Charette**
**Constable #153**

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

On this _____ day of _____, 20 ___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2022 3:57 PM
Envelope: 3472266
Reviewer: Carol M.

3-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 35 of 224 PageID #: 64



# STATE OF RHODE ISLAND

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2022-00335 |
| **Plaintiff**<br>Dale Bond<br><br>v.<br><br>Lifespan Corporation et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>David S. Cass |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>ONE DAVOL SQUARE PH<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, The Miriam Hospital:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 1/19/2022. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2020)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/2/2022 3:57 PM
Envelope: 3472266
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 36 of 224 PageID #: 65



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Dale Bond | PC-2022-00335 |
| v. | |
| Lifespan Corporation et al. | |
| **Defendant** | |

---

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, The Miriam Hospital, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 37 of 224 PageID #: 66



# STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

    Name of person and designation _____

☑ By leaving said papers at the office of the corporation with a person employed therein.

    Name of person and designation *VALERIE JILL – EXECUTIVE ASSISTANT*

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

    Name of authorized agent _____

    If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

_____

SERVICE DATE: *1 / 26 / 22  10:50 AM*   SERVICE FEE $ *50*

    Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

*[signature]*   **Billy J Charette**
                              **Constable #153**

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____

County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                  Notary Public: _____

                  My commission expires: _____

                  Notary identification number: _____

Page 2 of 2

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, SC.

---

DALE BOND

vs.                                              Civil Action No. PC-2022-00335

LIFESPAN CORPORATION; THE MIRIAM
HOSPITAL; BROWN UNIVERSITY; and
RENA WING

---

## NOTICE OF ENTRY OF APPEARANCE

Mitchell R. Edwards of the law firm Hinckley, Allen & Snyder LLP hereby enters his

appearance on behalf of the defendant, Brown University.

Respectfully Submitted,


*/s/ Mitchell R. Edwards*
Mitchell R. Edwards (# 6942)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 274-2000
Email Address: medwards@hinckleyallen.com


DATED:  February 3, 2022


## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2022, a copy of the foregoing was filed and served
through the electronic filing system.  Notice of this filing will be sent by e-mail to all parties by
operation of the court's electronic filing system.  The document electronically filed and served is
available for viewing and/or downloading from the Electronic Filing System.


*/s/ Donna M. Falcoa*

#61654005

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/3/2022 10:02 AM
Envelope: 3472592
Reviewer: Victoria H

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 39 of 224 PageID #: 68

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE, SC.

DALE BOND

vs.                                      Civil Action No. PC-2022-00335

LIFESPAN CORPORATION; THE MIRIAM
HOSPITAL; BROWN UNIVERSITY; and
RENA WING

## NOTICE OF ENTRY OF APPEARANCE

Rita E. Nerney of the law firm Hinckley, Allen & Snyder LLP hereby enters his

appearance on behalf of the defendant, Brown University.

Respectfully Submitted,

/s/ Rita E. Nerney
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 274-2000
Email Address: rnerney@hinckleyallen.com

DATED:  February 3, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2022, a copy of the foregoing was filed and served
through the electronic filing system.  Notice of this filing will be sent by e-mail to all parties by
operation of the court's electronic filing system.  The document electronically filed and served is
available for viewing and/or downloading from the Electronic Filing System.

/s/ Donna M. Falcoa

#61654012

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

DALE BOND

vs.                                            Civil Action No. PC-2022-00335

LIFESPAN CORPORATION; THE MIRIAM
HOSPITAL; BROWN UNIVERSITY; and
RENA WING

## **EXTENSION STIPULATION**

By agreement of the parties, the time within which Defendant Brown University may

answer, move, or otherwise respond to Plaintiff's Complaint is extended until and including

March 17, 2022.

DALE BOND                                      BROWN UNIVERSITY

By his Attorneys,                              By its Attorneys,

*/s/ Christine L. Marinello*                   */s/ Mitchell R. Edwards*
Christine L Marinello (# 6191)                 Mitchell R. Edwards (# 6942)
cm@cmlawri.com                                 medwards@hinckleyallen.com
650 Ten Rod Road
North Kingstown, Rhode Island 02852            */s/ Rita E. Nerney*
Telephone: (401) 747-3968                      Rita E. Nerney (# 9713)
                                               rnerney@hinckleyallen.com
*/s/ David S. Cass*
David S. Cass (# 5044)
david@davidcasslaw.com                         Hinckley, Allen & Snyder LLP
One Davol Square, 4th Floor                    100 Westminster Street, Suite 1500
Providence, Rhode Island 02903                 Providence, Rhode Island 02903
Telephone: (508) 889-2674                      Telephone: (401) 274-2000

DATED: February 8, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, I filed and served the foregoing Extension Stipulation through the electronic filing system.  The electronically filed document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/ Donna M. Falcoa* _____

# 61651318

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

---

DALE BOND,

          PLAINTIFF,

  v.

LIFESPAN CORPORATION[1], THE MIRIAM
HOSPITAL, BROWN UNIVERSITY, AND
RENA WING,

          DEFENDANTS.

C. A. NO. PC2022-00335

## DEFENDANTS LIFESPAN CORPORATION'S, THE MIRIAM HOSPITAL'S AND RENA WING'S ANSWER TO COMPLAINT

Defendants Lifespan Corporation, the Miriam Hospital, and Rena Wing (collectively "Miriam Defendants") hereby answer Plaintiff Dale Bond's ("Plaintiff") Complaint in accordance with the numbered paragraphs as follows:

1.    The allegations in Paragraph 1 are comprised of legal conclusions to which no response is necessary. To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 1.

2.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.    The allegations relating to "sufficient minimum contacts" for "this Commission to exercise jurisdiction" are comprised of legal conclusions to which no response is required. These allegations also refer to a "Commission" without reference to any identifying information concerning what "Commission," and thus Miriam Defendants lack knowledge or information sufficient to from a belief as to the truth of such allegations. To the extent a response is

---

[1] Lifespan Corporation was at no time Plaintiff's employer and is an improperly named party to this matter.

1

necessary to these allegations, Miriam Defendants deny them. Miriam Defendants admit the remaining allegations in Paragraph 3.

4.        The allegations relating to "sufficient minimum contacts" for "this Commission to exercise jurisdiction" are comprised of legal conclusions to which no response is required. These allegations also refer to a "Commission" without reference to any identifying information concerning what "Commission," and thus Miriam Defendants lack knowledge or information sufficient to from a belief as to the truth of such allegations. To the extent a response is necessary to these allegations, Miriam Defendants deny them. Miriam Defendants admit the remaining allegations in Paragraph 4.

5.        The allegations contained in Paragraph 5 are directed to another party or parties to this action, and no responsive pleading is required by Miriam Defendants. To the extent a response is required, upon information and belief, Miriam Defendants admit the allegations in Paragraph 5.

6.        Miriam Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 concerning what Plaintiff believes constitutes "all times pertinent to this complaint." Miriam Defendants deny the remaining allegations in Paragraph 6.

<u>Statement of Facts</u>

7.        Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.        The allegations in Paragraph 8 are comprised of legal conclusions to which no response is required. To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 8.

9.        The allegations in Paragraph 9 are comprised of legal conclusions to which no

2

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:05 PM
Envelope: 3489265
Reviewer: Carol M.

Case 1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 44 of 224 PageID #: 73

response is required.  To the extent a response is necessary, and the allegations are directed to Miriam Defendants, Miriam Defendants deny the allegations in Paragraph 9.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

10.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Miriam Defendants deny the allegations in Paragraph 11.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

12.     Miriam Defendants deny the allegations in Paragraph 12.

13.     Miriam Defendants admit the allegations in Paragraph 13.

14.     Miriam Defendants deny the allegations in Paragraph 14.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

15.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Miriam Defendants admit Wing encouraged Plaintiff to pursue diverse funding sources.  Miriam Defendants deny the remaining allegations in Paragraph 16.

17.     Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 concerning Plaintiff's feelings.  Miriam Defendants deny the remaining allegations in Paragraph 17.

18.     Miriam Defendants deny the allegations in Paragraph 18.

19.     Miriam Defendants admit Wing asked other employees to assist giving colleagues

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:05 PM
Envelope: 3489265
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 45 of 224 PageID #: 74

work.  Miriam Defendants deny the remaining allegations in Paragraph 19.

20.     Miriam Defendants deny the allegations in Paragraph 20.

21.     Miriam Defendants admit Wing asked Thomas to work with a female colleague.
Miriam Defendants deny the remaining allegations in Paragraph 21.

22.     Miriam Defendants deny the allegations in Paragraph 22.

23.     Miriam Defendants lack knowledge or information sufficient to form a belief as to
the truth of the allegations in Paragraph 23.  To the extent the allegations contained in this
paragraph are directed to another party or parties to this action, no responsive pleading is
required by Miriam Defendants.

24.     Miriam Defendants admit that appointment to a professor position can result in a
pay increase.  Miriam Defendants deny the remaining allegations in Paragraph 24.

25.     Miriam Defendants admit Plaintiff informed Wing he was appointed as professor.
Miriam Defendants deny the remaining allegations in Paragraph 25.

26.     Miriam Defendants admit that Plaintiff did not receive a pay increase because of
his appointment to professor.  Miriam Defendants deny the remaining allegations in Paragraph
26.

27.     Miriam Defendants deny the allegations in Paragraph 27.

28.     Miriam Defendants deny the allegations in Paragraph 28.

29.     Miriam Defendants deny the allegations in Paragraph 29.

30.     Miriam Defendants deny the allegations in Paragraph 30.

31.     Miriam Defendants deny the allegations in Paragraph 31.

32.     Miriam Defendants deny the allegations in Paragraph 32.

33.     Miriam Defendants admit some employees receive a 3% pay increase.  Miriam

4

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:09 PM
Envelope: 3489265
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 46 of 224 PageID #: 75

Defendants deny the remaining allegations in Paragraph 33.

34.     Miriam Defendants deny the allegations in Paragraph 34.

35.     Miriam Defendants admit Wing did not improperly criticize or demean

researchers in front of others.  Miriam Defendants deny the remaining allegations in Paragraph

35.

36.     Miriam Defendants admit the allegations in Paragraph 36.

37.     Miriam Defendants deny the allegations in Paragraph 37.

38.     Miriam Defendants admit Wing told Plaintiff he should seek employment

opportunities with other departments.  Miriam Defendants deny the remaining allegations in

Paragraph 38.  To the extent the allegations contained in this paragraph are directed to another

party or parties to this action, no responsive pleading is required by Miriam Defendants.

39.     Miriam Defendants deny the allegations in Paragraph 39.

40.     Miriam Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 40 concerning Plaintiff's beliefs.  The remaining

allegations in Paragraph 40 refer to a document/email, the contents of which speaks for itself and

require no response.  To an extent a response is required, Miriam Defendants deny the remaining

allegations in Paragraph 40.

41.     Miriam Defendants deny the allegations in Paragraph 41.

42.     Miriam Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 42 concerning Plaintiff's thoughts and/or motivation.

Miriam Defendants deny the remaining allegations in Paragraph 42.

43.     Miriam Defendants deny the allegations in Paragraph 43.

44.     Miriam Defendants lack knowledge or information sufficient to form a belief as

to the truth of what "information and belief" Plaintiff has.  Miriam Defendants admit that other

researchers differed from Plaintiff with regard to number of grant applications, degree of

"publishing," and/or with regard to "reputation."  Miriam Defendants admit some other

researchers were women and younger than Plaintiff.  Miriam Defendants admit no other

researcher in Wing's center failed to perform his or her job duties to secure required funding to

the degree Plaintiff failed to do so.  Miriam Defendants admit that Plaintiff's ability to secure

funding fell far below that of his colleagues.  Miriam Defendants admit Plaintiff was the only

researcher for whom Wing provided a one-year warning and change in salary coverage.  Miriam

Defendants deny the remaining allegations in Paragraph 44.

45.     The allegations in Paragraph 45 that Wing subjected any individual to a "hostile

work environment" and "adverse employment actions" consist of legal conclusions to which no

response is required.  To the extent a response is necessary to those allegations, Miriam

Defendants deny those allegations.  Miriam Defendants admit Wing gave Plaintiff a one-year

warning that the center would not fully fund his salary.  Miriam Defendants admit that Wing did

not subject researchers to "humiliation, reduction in financial and career opportunities . . . or

threats."  Miriam Defendants deny the remaining allegations in Paragraph 45.

46.     Miriam Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 46.  To the extent the allegations contained in this

paragraph are directed to another party or parties to this action, no responsive pleading is

required by Miriam Defendants.

47.     Miriam Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 47.  To the extent the allegations contained in this

paragraph are directed to another party or parties to this action, no responsive pleading is

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:05 PM
Envelope: 3489265
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 48 of 224 PageID #: 77

required by Miriam Defendants.

48.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

49.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

50.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

51.     Miriam Defendants deny the allegations in Paragraph 51.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants

52.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

54.     Miriam Defendants admit the allegations in Paragraph 54.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:05 PM
Envelope: 3489265
Reviewer: Carol M.

1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 49 of 224 PageID #: 78

55.     Miriam Defendants admit the remaining allegations in Paragraph 55.

56.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

57.     Miriam Defendants deny that Henderson told Plaintiff there was no policy permitting Wing to decline participation in Plaintiff's grant submissions.  Miriam Defendants admit the remaining allegations in Paragraph 57.

58.     Miriam Defendants deny the allegations in Paragraph 58.

59.     Miriam Defendants deny the allegations in Paragraph 59.

60.     Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60 concerning what Plaintiff "learned."

61.     Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61 concerning what Plaintiff "learned."  Miriam Defendants admit the remaining allegations in Paragraph 61.

62.     Miriam Defendants deny the allegations in Paragraph 62.

63.     Miriam Defendants deny the allegations in Paragraph 63.

64.     Miriam Defendants deny the allegations in Paragraph 64.

65.     Miriam Defendants deny the allegations in Paragraph 65.

66.     Miriam Defendants deny the allegations in Paragraph 66.

67.     The allegations concerning a "hostile work environment" in Paragraph 67 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations.  Miriam Defendants admit that Wing did not

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:05 PM
Envelope: 3489265
Reviewer: Carol M.

-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 50 of 224 PageID #: 79

treat employees improperly.  Miriam Defendants deny the remaining allegations in Paragraph 67.

68.    The allegations in Paragraph 68 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 68.

69.    The allegations concerning "adverse employment actions" and "retaliation" in Paragraph 69 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny those allegations.  Miriam Defendants deny the remaining allegations in Paragraph 69.

70.    Miriam Defendants deny the allegations in Paragraph 70.

71.    The allegations in Paragraph 71 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 71.

**COUNT I**

*Discrimination -RIGL 42-112-1 et seq. (Rhode Island Civil Rights Act)*

72.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-71 referenced in Paragraph 72.

73.    Miriam Defendants deny the allegations in Paragraph 73.

74.    Miriam Defendants deny the allegations in Paragraph 74.

WHEREFORE, plaintiff prays this Honorable Court award her compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws§ 42-112-2 and such other relief as the Court deems appropriate.

Miriam Defendants state that the paragraph following Paragraph 74, beginning with

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:05 PM
Envelope: 3489265
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 51 of 224 PageID #: 80

"WHEREFORE," consists of demands and statements to which no response is required. To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 74, beginning with "WHEREFORE."

## COUNT II

*Retaliation ·RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

75.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-74 referenced in Paragraph 75.

76.    Miriam Defendants deny the allegations in Paragraph 76.

77.    Miriam Defendants deny the allegations in Paragraph 77.

WHEREFORE, plaintiff prays this Honorable Court award her compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws§ 42 112 2 and such other relief as the Court deems appropriate.

Miriam Defendants state that the paragraph following Paragraph 77, beginning with "WHEREFORE," consists of demands and statements to which no response is required. To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 77, beginning with "WHEREFORE."

## COUNT III

*Hostile work environment - RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

78.    Miriam Defendants deny the allegations in Paragraph 78.

79.    Miriam Defendants deny the allegations in Paragraph 79.

80.    Miriam Defendants deny the allegations in Paragraph 80.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him

compensatory damages and all other damages authorized by statute.as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

Miriam Defendants state that the paragraph following Paragraph 80, beginning with "WHEREFORE," consists of demands and statements to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 80, beginning with "WHEREFORE."

## **<u>AFFIRMATIVE DEFENSES</u>**

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Miriam Defendants are not the proper parties in interest to some or all of Plaintiff's claims, including but not limited to no individual liability under the law.

### THIRD DEFENSE

Plaintiff's own conduct was the proximate cause of any damage he sustained.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

### FIFTH DEFENSE

Any and all actions Miriam Defendants took with respect to Plaintiff, they took for legitimate lawful reasons.

### SIXTH DEFENSE

Miriam Defendants acted at all times in good faith with respect to Plaintiff, and in full

compliance with all applicable laws.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

At all times relevant to the allegations in the Complaint, Miriam Defendants had effective policies for the prevention and correction of unlawful practices, and exercised reasonable care to prevent and promptly correct any unlawful practices. Notwithstanding the existence of these policies, Plaintiff unreasonably failed to utilize them in connection with the allegations of unlawful practices asserted in the Complaint.

## NINTH DEFENSE

Plaintiff is not entitled to punitive, exemplary or liquidated damages.

## TENTH DEFENSE

Plaintiff is not entitled to attorneys' fees and/or costs.

WHEREFORE, Miriam Defendants, respectfully request that this Court:

1.    Dismiss the Complaint against them with prejudice;

2.    Enter judgment in their favor against Plaintiff on all counts;

3.    Award Miriam Defendants costs and reasonable attorney's fees incurred in defending this action; and

4.    Award Miriam Defendants such other and further relief as the Court may deem just and appropriate.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/15/2022 5:05 PM
Envelope: 3489265
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 54 of 224 PageID #: 83

LIFESPAN CORPORATION, THE MIRIAM
HOSPITAL and RENA WING,

By their attorneys,

/s/Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell (#6970)
Julia R. Shackleton (#10015)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (fax)

Dated: February 15, 2022

jfolgerhartwell@littler.com
jshackleton@littler.com

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that on the 15th day of February, 2022, the
foregoing document was filed and served through the electronic filing system on the following
parties.    The document electronically filed and served is available for viewing and/or
downloading from the Rhode Island Judiciary's Electronic Filing System.

Christine L. Marinello, Esq.
650 Ten Rod Road
NorthKingstown, RI  02852
cm@cmlawri.com

David S. Cass, Esq.
One Davol Square, 4th floor
Providence, RI  02903
david@davidcasslaw.com

/s/ Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC.**

---

**DALE BOND**

**vs.**                                      Civil Action No. PC-2022-00335

**LIFESPAN CORPORATION; THE MIRIAM**
**HOSPITAL; BROWN UNIVERSITY; and**
**RENA WING**

---

## DEFENDANT BROWN UNIVERSITY'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b)(6) of the Rhode Island Superior Court Rules of Civil Procedure,

Defendant Brown University ("Defendant" or "Brown") hereby moves to dismiss Plaintiff Dale

Bond's ("Plaintiff" or "Mr. Bond") Complaint for failure to state a claim upon which relief can

be granted. As grounds for this Motion, Defendant relies on the accompanying Memorandum of

Law.

WHEREFORE, Defendant requests that the Court grant this Motion and dismiss

Plaintiff's Complaint in its entirety against Brown pursuant to Rule 12(b)(6).

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:35 PM
Envelope: 3537990
Reviewer: Andrew D.

1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 56 of 224 PageID #: 85

Respectfully Submitted,

Defendant BROWN UNIVERSITY,

By Its Attorneys,

Dated: March 17, 2022

/s/ Mitchell R. Edwards
Mitchell R. Edwards (# 6942)
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 274-2000
Email Address: medwards@hinckleyallen.com
rnerney@hinckleyallen.com

## **CERTIFICATION**

I hereby certify that, on March 17, 2022, a copy of the foregoing was filed and served through the electronic filing system. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ Mitchell R. Edwards

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 57 of 224 PageID #: 86

**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC.**

---

**DALE BOND**

**vs.**                                        Civil Action No. PC-2022-00335

**LIFESPAN CORPORATION; THE MIRIAM**
**HOSPITAL; BROWN UNIVERSITY; and**
**RENA WING**

---

<u>**DEFENDANT BROWN UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

I.      <u>**INTRODUCTION**</u>

Plaintiff Dale Bond's ("Bond" or "Plaintiff") was a Professor (Research) of Psychiatry

and Human Behavior at the Alpert Medical School at Brown University and Director of the

Weight Control & Diabetes Research Center at The Miriam Hospital. On January 19, 2022, he

filed a complaint against Lifespan Corporation ("Lifespan"), The Miriam Hospital ("Miriam

Hospital"), Brown, and Rena Wing ("Dr. Wing") (collectively "Defendants") alleging in a

conclusory statement that Lifespan and Brown were his joint employers.[1] Bond's claim against

Brown fails because he has not alleged facts to support the conclusory assertion that Brown was

Bond's joint employer. Therefore, the Court should dismiss Bond's complaint as to Brown.

---

[1] The complaint alleges discrimination, retaliation, and hostile work environment claims in
violation of the Rhode Island Civil Rights Act, R.I.G.L. § 42-112-1, *et seq*. ("RICRA").

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 58 of 224 PageID #: 87

## II.    **FACTUAL ALLEGATIONS**

The Complaint alleges the following factual assertions, which Brown assumes as true for purposes of the instant motion only.[2]  Bond was a Professor (Research) of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital. Complaint, at ¶ 12.

As part of his role, Bond was required to seek grants to assist in the funding of his department. *Id.* at ¶ 14. Around February 2019, while Bond was working on "grant application," he alleges that Dr. Wing told him he might have to "prostitute" himself to other departments to obtain the required additional funding. *Id.* at ¶ 16. Bond found this comment offensive. *Id.* at ¶ 17.

Bond claims that when he had higher funding levels, he helped cover other employees' salaries, at Dr. Wing's request, even when those employees were no longer working on Bond's grants. *Id.* at ¶ 18. Dr. Wing allegedly did not request that any female employees who were similarly situated to Bond cover salaries of other employees. *Id.* at ¶ 19. Additionally, Bond alleges that Dr. Wing helped female employees who were younger than him secure funding by writing portions of grants they submitted and helping secure funding through alternative sources. *Id.* at ¶ 20. According to Bond, Dr. Wing asked another researcher to put a junior female colleague on a grant instead of Bond. *Id.* at ¶ 21.

In February 2019, Bond claims he "attempted to engage" Dr. Wing in an "attempt" to secure alternate funding, which Dr. Wing allegedly refused to do. *Id.* at ¶ 22.

---

[2] The factual allegations of the Complaint are assumed to be true only because they must be for purposes of this motion to dismiss. *Chariho Reg'l Sch. Dist. by & through Chariho Reg'l Sch. Comm. v. State*, 207 A.3d 1007, 1012-13 (R.I. 2019) (Courts "assume the allegations contained in the complaint to be true and view the facts in the light most favorable to the plaintiffs" (quoting *Rein v. ESS Group, Inc.*, 184 A.3d 695, 699 (R.I. 2018))). Therefore, Brown assumes the factual allegations to be true for purposes of this motion to dismiss only.  For the record, Brown denies many, if not all, of the allegations in the complaint to the extent Brown has sufficient knowledge of the facts alleged by Plaintiff.

In May 2019, Bond was promoted to the rank of professor, with the appointment beginning in June 2019 and running through June 30, 2024. *Id.* at ¶ 23. Bond told Dr. Wing of the appointment, and she allegedly told him she already knew and she could not pay him. *Id.* at ¶ 25. Bond allegedly did not receive an increase in pay based on the appointment as a professor. *Id.* at ¶ 26.

In October 2019, Dr. Wing allegedly threatened Bond's grant writing activities. *Id.* at ¶ 27. In November 2019, Defendant Wing allegedly notified Bond that his annual merit pay increase would be 1%. *Id.* at ¶ 32. Dr. Wing allegedly critiqued Bond regarding his accomplishments in his recognized specialty area of research in front of colleagues and discouraged him from continuing to pursue this research, but she allegedly did not criticize similarly situated female colleagues in front of others in the way she did with Bond. *Id.* at ¶ 35.

On February 6, 2020, Dr. Wing allegedly informed Bond that his full salary would only be paid through January 31, 2021, after which she would only cover 50% of Plaintiff's salary from February 1, 2021 through January 31, 2022. *Id.* at ¶ 36. Dr. Wing also allegedly told Bond that there were no further opportunities for him and that he should seek employment with other institutions. *Id.* at ¶ 38.

On February 7, 2020, Dr. Wing emailed Plaintiff asking him to sign a letter acknowledging the change in salary. *Id.* at ¶ 39. Dr. Wing allegedly told Plaintiff his ability to cover his salary was substandard and undermined Plaintiff's efforts to collaborate with other departments or otherwise satisfy her. *Id.* at ¶ 43.

Bond allegedly sought the assistance of Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior, regarding Dr. Wing's alleged actions that were causing Plaintiff distress. *Id.* at ¶ 46. On February 27, 2020, Dr. Rasmussen allegedly informed

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 60 of 224 PageID #: 89

Bond that there was not much he could do because Defendant Wing operates "on her own" and that he could not assist Plaintiff because she "gets a lot of grants." *Id.* at ¶ 48. He also allegedly told Bond that Dr. Wing could do what she wants with "her" center. *Id.* at ¶ 49

On January 4, 2021, Dr. Wing allegedly notified Bond that his employment would be terminated as of December 31, 2021. *Id.* at ¶ 54. In January of 2021, Bond allegedly met with Michael Henderson, Vice President of Lifespan's Office of Research Administration, and inquired if there was any policy that permitted Dr. Wing to restrict Plaintiff s grant submissions, and Mr. Henderson said he was unaware of any such policy. *Id.* at ¶ 57.

Mr. Bond filed a complaint against Defendants on January 19, 2022, alleging discrimination in violation of the Rhode Island Civil Rights Act, R.I.G.L. § 42-112-1, *et seq.* ("RICRA") (Count I); retaliation in violation of RICRA (Count II); and hostile work environment in violation of RICRA (Count III).

### III.   STANDARD OF REVIEW

Brown moves to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in the Complaint. *Barrette v. Yakavonis,* 966 A.2d 1231, 1234 (R.I. 2009). The Court assumes the truth of those allegations and asks whether, if established, they would entitle the plaintiff to relief. *Palazzo* v. *Alves*, 944 A.2d 144, 149 (R.I. 2008). If not, the Complaint must be dismissed. *E.g., Estate of Sherman* v. *Almeida,* 747 A.2d 470 (R.I. 2000). Failure to plead facts in support of an essential element of a claim warrants dismissal of the claim under Rule 12(b)(6). *See, e.g., Rumford Pharm., Inc. v. City of East Providence,* 970 F.2d 996, 998-1000 and n.7 (1st Cir. 1992).

4

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 61 of 224 PageID #: 90

IV.   **ARGUMENT**

A.   **The Court Should Dismiss Plaintiff's Claims Against Brown Because the Complaint Fails to Allege Necessary Factual Allegations to Support That Brown Is a Joint Employer With Lifespan.**

Plaintiff has not alleged Brown was his sole employer. And Plaintiff has failed to plead sufficient factual allegations to show that Brown was a "joint employer" with Lifespan and Miriam Hospital. *See* Complaint at ¶ 9. The Complaint is devoid of any assertions that Brown exercised the requisite degree of control over Bond's employment, as is required to be a joint employer.

Under Rhode Island law, joint employment occurs when a single employee contracts with two separate employers, simultaneously performs services for both, and is subject to both employers' concurrent control. The employers will only be considered "joint" where the common employee performs a service that is the same as, or is closely related to, the service performed for the other. *Lupo v. Nursery Originals, Inc.*, 400 A.2d 950, 951 n.1 (R.I. 1979) (quoting 1B Larson, Workmen's Compensation s 48.40 at 8-253 (1978)).

Whether two employers may be considered "joint" for purposes of serving as joint employers is determined through a multi-pronged analysis that looks to whether "there are sufficient indicia of an employer/employee relationship to justify imposing liability on the plaintiff's non-legal employer." *Engelhardt v. S.P. Richards Co.*, 472 F.3d 1, 4 n.2 (1st Cir. 2006). A joint employer relationship only exists if two "employers exert ***significant control*** over the same employees and share or co-determine those matters governing essential terms and conditions of employment." *Holyoke Visiting Nurses Ass'n v. N.L.R.B.*, 11 F.3d 302, 306 (1st Cir. 1993) (emphasis added). *See also Casey v. Dep't of Health & Hum. Servs.*, 807 F.3d 395,

5

404 (1st Cir. 2015) (quoting *Butler v. Drive Auto. Indus. of Am., Inc.,* 793 F.3d 404, 408 (4th Cir.2015)).

Courts consider the following factors in determining whether a joint relationship exists among employers of a single employee: 1) supervision of the employee's day-to-day activities; 2) authority to hire or fire the employee; 3) promulgation of work rules and conditions of the employee's employment; 4) the employee's work assignments; 5) issuance of operating instructions to the employee; 6) the right to refuse a referred employee; 7) the employee's discipline; and 8) pay, insurance and records for the employee. *Holyoke Visiting Nurses Ass'n*, 11 F.3d at 306 (citing *W.W. Grainger, Inc. v. NLRB,* 860 F.2d 244, 247 (7th Cir. 1988) and *Clinton's Ditch Cooperative Co. v. NLRB,* 778 F.2d 132, 138–39 (2d Cir. 1985)); *see also Loewen v. Grand Rapids Med. Educ. Partners*, No. 1:10-CV-1284, 2012 WL 1190145, at *4 (W.D. Mich. Apr. 9, 2012).

The U.S. District Court for the District of Rhode Island further clarified where courts draw the line between joint employers and non-joint employers.  Specifically, in *Sigui v. M + M Commc'ns, Inc.*, the Court held that a mere affiliation or issuance of credentials is legally insufficient for the defendant cable company and the defendant telecommunications installer to be held liable as joint employers. 310 F. Supp. 3d 313, 318 (D.R.I. 2018). The court explained that, considered collectively,  the following factors would not amount to a joint employer relationship: requiring a background check is not sufficient to demonstrate authority to hire and fire; listing the cable company on a technician's badge and vehicle for customer safety was insufficient to show day-to-day supervision or control; paying a contractor per service was not considered sufficient to amount to a cable company's control over an employee's pay; and

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 63 of 224 PageID #: 92

providing instructions and a strict quality control mechanism was not enough to create an employment relationship. *See id.*

Here, Plaintiff has failed to allege <u>*any*</u> facts that allege a joint employment between either Brown and Miriam Hospital or Brown and Lifespan, such that Brown would have any liability in this matter. First, there is no allegation that Bond was under an employment agreement with both Lifespan/Miriam and Brown. Second, there are no factual allegations in the Complaint alleging that Brown, through a Brown employee, supervised Mr. Bond's day-to-day activities, had the authority to hire or fire him, promulgated rules and conditions of his employment or work assignments, or disciplined him. *See Holyoke Visiting Nurses Ass'n*, 11 F.3d at 306.

Further, Bond does not plead that he simultaneously contracted with and performed services for all Defendants. He also does not allege where he drew his salary and/or funding. Without any factual allegations that Defendants exerted control over Bond as employers and how they did so, Bond has failed to plead the required allegations to demonstrate that the Defendants were his joint employers. *See Holyoke Visiting Nurses Ass'n*, 11 F.3d at 306.

1. **<u>Plaintiff Fails to Allege What Defendant Controls Defendant Wing and Cannot Demonstrate Brown Was a Joint Employer With Miriam Hospital</u>**.

Plaintiff alleges throughout the Complaint that Dr. Wing's conduct amounted to discriminatory conduct in violation of RICRA. *See,* Complaint at ¶ 68 ("The actions of the Defendants, by and through Defendant Wing, were discriminatory, retaliatory and created a hostile work environment."). Yet, he fails to allege the key facts that are vital to his claims against Brown – the facts that would demonstrate that Brown was a joint employer or otherwise responsible for the actions of Dr. Wing and/or The Weight Control & Diabetes Research Center at Miriam Hospital.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 64 of 224 PageID #: 93

Nowhere in the Complaint does Plaintiff allege who controlled Dr. Wing. His allegation that Dr. Wing is "Professor of Psychiatry and Human Behavior at the Alpert the Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital," *see* Complaint at ¶ 13, is not sufficient to show that Dr. Wing is employed by Brown. Regardless of a party's affiliation with an entity, "individuals may act in multiple capacities." *Loewen v. Grand Rapids Med. Educ. Partners*, No. 1:10-CV-1284, 2012 WL 1190145, at *7 (W.D. Mich. Apr. 9, 2012) (finding that a plaintiff failed to show that physicians or other faculty members "purported to act on behalf of any entity . . . when interacting with [plaintiff] during her residency"); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n. 6, 106 S. Ct. 1326, 1332 n. 6, 89 L.Ed.2d 501 (1986) ("Acts performed by the same person in two different capacities are generally treated as the transactions of two different legal personages.") (internal quotation marks omitted). Plaintiff must allege facts to show that **Brown** controlled Dr. Wing in connection with the alleged discriminatory acts, and he makes no such allegations in the Complaint.

Plaintiff's conclusory allegation that the Defendants were "joint employers of the Plaintiff" does not come close to meeting the level of factual allegations sufficient to survive a motion to dismiss under Rule 12(b)(6). *See* Complaint at ¶ 9. Plaintiff fails to allege who controls Dr. Wing. *See Popat v. Levy*, 253 F. Supp. 3d 527, 539-40 (W.D.N.Y. 2017) (granting motion to dismiss and reasoning that plaintiff's limited factual allegations that defendant nonprofit corporation was "associated with the University" and that it served as the University's "clinical care component" was insufficient to establish that the nonprofit corporation acted as a joint employer). Plaintiff also does not allege that his work with Dr. Wing was solely related to training for Brown medical students and/or directed by Brown. *See id.* Plaintiff does not allege

8

any facts regarding Brown paying his salary or other compensation for his work with Brown or at Miriam Hospital. *See Loewen*, No. 1:10-CV-1284, 2012 WL 1190145, at *8 (explaining that even where defendant entities contributed toward funding residency programs, they did not pay residents' and physician-faculty salaries, and so that factor did not support a finding of a joint employer relationship). The court in *Popat* stated that the plaintiff "alleged no facts concerning the extent to which [the defendant nonprofit corporation] exerted control over the manner and means by which he performed his duties, compensated him or provided him benefits, or played a role in any other aspect of his employment." 253 F. Supp. 3d at 539. Here, Plaintiff fails to make any such allegations in his Complaint regarding Brown's role in determining hiring and firing of employees of The Miriam Hospital who are professors at Brown. *See id.* Plaintiff has simply failed to allege sufficient facts to survive a motion to dismiss.

Not only has Plaintiff failed to allege that Brown employed or controlled Dr. Wing in any way, but Plaintiff affirmatively states that "Defendant Wing operates 'on her own.'" *Id.* at ¶ 48. Plaintiff's failure to allege factual allegations that demonstrate that Brown controlled Ms. Wing is fatal to his claims against Brown. *Irani v. Palmetto Health, Univ. of S.C. Sch. of Med.*, No. 3:14-CV-3577-CMC, 2016 WL 3079466, at *22 (D.S.C. June 1, 2016) (declining to hold that school of medicine and Palmetto Health, sponsor of the residency program, were joint employers because the plaintiff physician only demonstrated joint responsibility for educational aspects of the residency program, but "[n]othing in the mutual responsibilities and representations identified by [the physician] suggests that [the school of medicine] either intended to or did take on the role of employer"). Accordingly, the Court should dismiss Plaintiff's claims against Brown.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 66 of 224 PageID #: 95

## 2.  Plaintiff Fails to Allege What Conduct Is Attributable to Brown and What Conduct Is Attributable to Miriam Hospital or Lifespan.

In addition, Plaintiff fails to allege what unlawful and discriminatory conduct is attributable to Brown and what conduct is attributable to Miriam Hospital or Lifespan. Instead, he refers to "Defendants" collectively throughout the Complaint without acknowledging the Defendants' distinct identities as different entities with different relationship with Dr. Wing, Bond, and other individuals implicated in the Complaint.

In a complaint, "a plaintiff cannot lump multiple defendants together and must state clearly **which defendant** or defendants committed each of the alleged wrongful acts." *Beta Grp., Inc. v. Steiker, Greenaple, & Croscut, P.C.*, No. CV 15-213 WES, 2018 WL 461097, at *1 (D.R.I. Jan. 18, 2018) (quoting *Canales v. Gatzunis*, 979 F. Supp. 2d 164, 170 (D. Mass. 2013)) (emphasis added).  Rather, a plaintiff must identify "specific and adequate factual basis" for liability against a particular employer.  *See Fine v. Guardian Life Ins. Co. of Am.*, No. 3:19-CV-30067-KAR, 2021 WL 916270, at *5 (D. Mass. Mar. 10, 2021).  Specifically, the court reasoned that allegations that "defendants," collectively, were the plaintiff's employer, and that he was their employee, as well as allegations that "defendants" failed to produce the plaintiff's personnel file and committed other unlawful conduct," failed to state a claim of liability against any single defendant sufficient to hold a defendant liable as a joint employer.  *See id.*

Similarly, here, Plaintiff lumps Brown and Lifespan/Miriam Hospital together as "Defendants" throughout the Complaint. The Complaint alleges that the "Defendants were joint employers of the Plaintiff"; the "Plaintiff performed duties of his employment with Defendant within the State of Rhode Island"; "[w]hile employed by Defendants, Plaintiff was required to seek grants . . ."; "Defendants were aware of Plaintiff's complaints and failed to investigate . . ."; and "Plaintiff expressed a desire to remain within Defendants' system." Complaint at ¶¶ 9, 11,

14, 51, 59. The Complaint also references the group of "Defendants" with respect to the alleged

violations of RICRA: "The actions of the Defendants constitute a violation of [RICRA]." *Id.* at

¶ 71. By grouping the Defendants together throughout the Complaint, Plaintiff has failed to

specifically allege what conduct is attributed to Brown. *See Fine*, No. 3:19-CV-30067-KAR,

2021 WL 916270, at *5. Accordingly, Plaintiff has not plead sufficient facts regarding Brown's

conduct to survive a Rule 12(b)(6) motion to dismiss, and the Court should dismiss Plaintiff's

claims against Brown.

### B. Plaintiff's Allegations Regarding His Hostile Work Environment Claim Are Insufficient to Survive a Motion to Dismiss.

In the alternative, Brown moves to dismiss Plaintiff's hostile work environment count

because Bond has not sufficiently plead that claim. "The test for determining a gender-

based hostile work environment claim is whether: (1) the employee is a member of a protected

class; (2) the employee was subjected to unwanted harassment; (3) that harassment was based

upon his or her sex; (4) 'that the harassment was sufficiently severe and pervasive so as to

alter the conditions of plaintiff's employment and create an abusive work environment' (5)

that harassment 'was both objectively and subjectively offensive, such that a reasonable person

would find it hostile or abusive and the victim in fact did perceive it to be so'; and (6) 'that some

basis for employer liability has been established.'" *DeCamp v. Dollar Tree Stores, Inc.*, 875

A.2d 13, 22-23 (quoting *O'Rourke v. City of Providence,* 235 F.3d 713, 728 (1st Cir. 2001)).

A plaintiff must also demonstrate that the alleged harassment amounts to conduct that is

objectively and subjectively offensive to a reasonable person. *DeCamp*, 875 A.2d at 24. In

determining the existence of a hostile work environment, Rhode Island courts review all

circumstances, "including the 'frequency of the discriminatory conduct; its severity; whether it is

physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

3-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 68 of 224 PageID #: 97

interferes with an employee's work performance.'" *Id.* (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 787-88 (1998)) (internal quotation marks and citations omitted).

Here, Plaintiff has alleged merely that he, personally, found a handful of comments made by Dr. Wing over the course of his employment offensive. For example, Plaintiff alleges that in February 2019, Dr. Wing "instructed Plaintiff to pursue other funding sources and informed him that he might need to "prostitute" himself to other departments to obtain the additional funding she required." Complaint at ¶ 16. Plaintiff, a male, claims that he found this instruction "offensive and humiliating." *Id.* at ¶ 17. The Complaint also alleges that in October 2019, Dr. Wing told Plaintiff that he was of "no value," and that Plaintiff, again, found this "offensive and humiliating." *Id.* at ¶ 18.

These two alleged isolated comments by Dr. Wing, without more, do not amount to factual allegations sufficient to plead a claim for hostile work environment. *See Chamberlain v. Realty, Inc.*, 915 F.2d 777, 779, 783 (1st Cir. 1990) (finding it "highly doubtful" that the five sexual advances made by defendant could be considered sufficiently "severe or pervasive" to support a hostile environment claim). Even putting aside that two comments is legally insufficient to state a hostile work environment claim, Plaintiff does not allege any facts that these comments were indicative of the workplace environment or replicated at other times. In short, there are no allegations to support a conclusion that, even if Dr. Wing's comments were objectionable to a reasonable person, that her comments pervaded the environment such that she made it hostile. *See, e.g., Lam v. Curators of the Univ. of Mo.*, 122 F.3d 654, 656-57 (8th Cir. 1997) (noting that single exposure to offensive videotape was not severe or pervasive enough to create hostile environment); *Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 359-60 (S.D.N.Y. 2006) (dismissing the plaintiff's claim for hostile working environment when the plaintiff

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 69 of 224 PageID #: 98

experienced various alleged incidents of harassment that were race neutral and was once called a racial slur and a disability slur by her supervisors); *Clark v. UPS*, 400 F.3d 341, 351-52 (6th Cir. 2005) (finding that a manager's routine telling of sexual jokes over a period of two years did not amount to severe and pervasive conduct sufficient to create a sexually hostile work environment); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1366 (10th Cir. 1997) (holding that five sexually-oriented incidents spread out over the course of 16 months not sufficiently severe or pervasive enough to create hostile work environment).

Moreover, Plaintiff has failed to allege facts that would indicate that Dr. Wing's conduct rises to the level of objectively offensive as required.[3] *See DeCamp*, 875 A.2d at 24. Accordingly, the Court should dismiss Count III of Plaintiff's Complaint alleging a hostile work environment in violation of RICRA.

## V.  CONCLUSION

For the reasons stated herein, the Court should dismiss Plaintiff's claims against Brown in their entirety.

Respectfully Submitted,

BROWN UNIVERSITY

By Its Attorneys,

/s/ Mitchell R. Edwards

Mitchell R. Edwards (# 6942)
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
Telephone: (401) 274-2000
Email Address: medwards@hinckleyallen.com
rnerney@hinckleyallen.com

Dated: March 17, 2022

---

[3] Plaintiff, a male, alleges he is a member of a protected class, in part, because he is over the age of forty. However, the two "offensive" comments cited in the Complaint do not relay ageist remarks or target Plaintiff based on his age.

13

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/17/2022 2:37 PM
Envelope: 3538034
Reviewer: Carol M.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 70 of 224 PageID #: 99

## **CERTIFICATION**

I hereby certify that, on March 17, 2022, a copy of the foregoing was filed and served through the electronic filing system.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/ Mitchell R. Edwards*

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 3/25/2022 8:20 AM
Envelope: 3551044
Reviewer: Carol M.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 71 of 224 PageID #: 100



# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

## OMNIBUS CALENDAR ASSIGNMENT FORM

| ☑ **Providence/Bristol County** ☐ **Kent County** ☐ **Washington County** ☐ **Newport County** | |
|---|---|
| Dale Bond | **CASE NUMBER** PC-2022-00335 |
| VS. | |
| Lifespan Corporation; The Miriam Hospital; Brown University; and Rena Wing | |

### CALENDAR TYPE MUST BE SELECTED FOR SCHEDULING PURPOSES
☐ FORMAL SPECIAL CAUSE CALENDAR  ☐ BUSINESS CALENDAR  ☑ DISPOSITIVE MOTION CALENDAR

### FORMAL SPECIAL CAUSE AND BUSINESS CALENDAR

☐ AGENCY APPEAL
☐ ASSESSMENT OF DAMAGES
☐ APPOINTMENT OF A SPECIAL MASTER
☐ CONFIRM ARBITRATION
☐ DECLARATORY JUDGMENT
☐ ENTRY OF JUDGMENT
☐ EVIDENTIARY HEARING
☐ FIRST AND FINAL REPORT
☐ FORECLOSURE OF RIGHT OF REDEMPTION
☐ FRIENDLY SUIT
☐ APPOINTMENT OF PERMANENT RECEIVER
☐ MOTION TO ATTACH
☐ MOTION FOR ATTORNEYS FEES
☐ MOTION TO COMPEL RECEIVER
☐ MOTION TO DEFAULT
☐ MOTION FOR ENTRY OF FINAL JUDGMENT
☐ MECHANIC'S LIEN
☐ MOTION FOR APPROVAL
☐ MANDATORY INJUNCTION
☐ MOTION TO ADJUDGE IN CONTEMPT
☐ OTHER FORMAL MATTER (EXPLAIN) _____
☐ OTHER BUSINESS MATTER (EXPLAIN) _____

☐ MOTION FOR PROTECTIVE ORDER
☐ MOTION TO RECONSIDER
☐ ORAL PROOF OF CLAIM
☐ PETITION TO ALLOW SECURED CLAIM
☐ PETITION TO APPOINT TEMPORARY RECEIVER
☐ PROOF OF CLAIM
☐ PETITION TO ENFORCE
☐ PETITION FOR INSTRUCTIONS
☐ PRELIMINARY INJUNCTION
☐ APPOINTMENT OF PERMANENT SPECIAL MASTER
☐ PETITION TO RECLAIM
☐ PARTITION PROCEEDINGS
☐ PETITION TO SELL
☐ RECEIVERSHIP PROCEEDINGS
☐ SHOW CAUSE HEARING
☐ SUPPLEMENTARY PROCEEDINGS
☐ TITLE PROCEEDINGS
☐ TEMPORARY RESTRAINING ORDER
☐ TRUSTEE PROCEEDINGS
☐ VACATE ARBITRATION
☐ WRIT OF MANDAMUS
☐ WRIT OF REPLEVIN

If you require witnesses, state the estimated time frame of said hearing and attach a witness list and expected testimony to this form.

### DISPOSITIVE MOTION CALENDAR

☑ MOTION TO DISMISS, UNDER RULE 12
☐ MOTION FOR ENTRY OF JUDGMENT ON PLEADINGS
☐ OTHER DISPOSITIVE MOTION: (EXPLAIN) _____

☐ MOTION FOR PARTIAL SUMMARY JUDGMENT
☐ MOTION FOR SUMMARY JUDGMENT

**HEARING DATE**: June 21, 2022     **APPROVED BY**:

**Failure to fill out this form properly may result in your hearing date not being approved.**

| Signature of Attorney or Self-represented Litigant /s/ Mitchell R. Edwards | Address: 100 Westminster St., Suite 1500, Providence, RI 02903 |
|---|---|
| Rhode Island Bar Number: 6942 | Office Telephone Number: 401-274-2000 | Date: 03/25/2022 |

Superior-37 (revised November 2014)

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

**Hearing Date: May 5, 2022**

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                    SUPERIOR COURT

DALE BOND

       *v.*                                    C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

## <u>MOTION TO AMEND COMPLAINT</u>

NOW COMES the Plaintiff, Dale Bond, in the above captioned matter and hereby moves this Honorable Court, Pursuant to R.Civ.P. 15(a), to grant him leave to amend the complaint in this matter and accept the attached Verified Amended Complaint as the complaint of record in this matter. In support hereof, the Plaintiff asserts that the sought amendment addresses and renders moot the issues raised by the defendant Brown University, in its Motion to Dismiss, without accepting the validity of the arguments therein. The proposed Verified Amended Complaint provides further detail as to the joint employment of Plaintiff and defendant Wing by Brown University and Brown's ability to control the actions of the defendant Rena Wing.

Plaintiff asserts that the proposed Amended Complaint renders the Defendant's Motion to Dismiss moot and thereby prays said motion be denied.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court grant him leave to amend his complaint in the form submitted herewith and accept the attached Amended Complaint as the complaint of record in the above captioned matter

1

Respectfully submitted,
DALE BOND
By and through his attorneys,

*/s/ Christine L. Marinello*
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

*/s/ David S. Cass*
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the  22nd  day of April 2022, I electronically served this
document with notice to the following parties:

Mitchell R. Edwards (# 6942)       Jillian S. Folger-Hartwell (#6970)
Rita E. Nerney (# 9713)            Julia R. Shackleton (#10015)
Hinckley, Allen & Snyder LLP       LITTLER MENDELSON, P.C.
100 Westminster Street, Suite 1500  One Financial Plaza, Suite 2205
Providence, RI 02903               Providence, RI 02903
medwards@hinckleyallen.com         jfolgerhartwell@littler.com
rnerney@hinckleyallen.com          jshackleton@littler.com

The document is available for viewing and/or downloading from the Rhode Island
Judiciary's Electronic Filing System.

*/s/David S. Cass*

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                          SUPERIOR COURT

DALE BOND

           *v.*                                    C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

## **VERIFIED AMENDED COMPLAINT**

1.      This is a claim for equitable and declaratory relief and for damages for violation of
the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, et seq.

2.      Plaintiff Dale Bond is a resident of the State of Rhode Island and Providence County
therein.

3.      Defendant Lifespan Corporation ("Lifespan") is a Rhode Island corporation
operating within the State of Rhode Island, with a business location within the State of
Rhode Island and with sufficient minimum contacts with the State of Rhode Island for this
Court to exercise jurisdiction over Lifespan.

4.      Defendant The Miriam Hospital ("Miriam") is a Rhode Island corporation operating
within the State of Rhode Island, with a business location within the State of Rhode Island
and with sufficient minimum contacts with the State of Rhode Island for this Court to
exercise jurisdiction over Miriam.

5.      Defendant Brown University ("Brown") is a domestic non-profit corporation and
institution of higher learning within the State of Rhode Island and Providence County
therein.

1

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 75 of 224 PageID #: 104

6.      Defendant Rena Wing is an individual who was, at all times pertinent to this complaint, an employee of the corporate defendants and Plaintiff's supervisor of the Plaintiff.

<u>Statement of Facts</u>

7.      The Plaintiff is male and over 40 years of age.

8.      The Defendants are employers as defined by R.I.G.L. §28-5-6 and 42 U.S.C. §2000(e).

9.      The Defendants exercised sufficient control over Defendant Wing and Plaintiff Bond's terms and conditions of employment and were joint employers of the Plaintiff and Defendant Wing.

10.     The Defendants had knowledge, and were aware, of the Plaintiff's gender and age.

11.     The Plaintiff performed duties of his employment with Defendants within the State of Rhode Island.

12.     At all times relevant to the complaint, Plaintiff was a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Warren Alpert Medical School.

13.     Plaintiff was employed as a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Warren Alpert Medical School, sat on the editorial boards for multiple obesity-related journals, was invited to be a de facto member of Brown's Academic Faculty Appointments & Promotions Committee, and was a research mentor within the Postdoctoral Training in the Cardiovascular Behavioral Medicine Program at The Miriam Hospital and Brown University.

2

14.    Defendant Wing is Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital.

15.    Defendants Brown University, Lifespan Corporation and The Miriam Hospital engage in a joint venture involving the hire, promotion, retention and termination of research faculty.

16.    Research faculty, including Plaintiff, are appointed and promoted by Brown University and their salary is paid by Lifespan Corporation and The Miriam Hospital.

17.    Brown's Faculty Handbook pertains to the Division of Biology and Medicine, of which Plaintiff was a part.

18.    Plaintiff, at all times pertinent to this complaint, was a research professor with Brown University and was so identified by Brown University on its website.

19.    Plaintiff's duties, promotion and pay scale are all set by Brown University.

20.    Brown University reviewed, processed and determined Plaintiff's promotion from Assistant Professor to Associate Professor to Full Professor, which typically entails an increase in pay.

21.    If a Brown University research faculty is not promoted through the rank of professors, their employment is terminated with both Brown University as well as Lifespan Corporation and The Miriam Hospital.

22.    Brown University appointed Plaintiff as a full professor that determined Plaintiff's rate of pay to be paid by Lifespan and The Miriam Hospital in or about 2019.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 77 of 224 PageID #: 106

23.     In or about May 2019, the chair of the Department of Psychiatry and Human Behavior at Brown Medical School, Dr. Steven Rasmussen, called Plaintiff to notify and congratulate him that Plaintiff's promotion to rank of full professor had been unanimously approved and that Plaintiff's new appointment would be effective from July 1, 2019 through June 30, 2024.

24.     Plaintiff, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct, which addresses conduct and disciplinary action, up to and including suspension without pay, or termination of employment or association with the University.

25.     If Plaintiff's employment or association with Brown University was terminated, his employment with Lifespan Corporation and The Miriam Hospital would have been terminated.

26.     Brown University had the ability to promote, demote, terminate and discipline the Plaintiff and any such termination by Brown University of Plaintiff's position as a research professor would terminate Plaintiff's employment with Lifespan Corporation and The Miriam Hospital.

27.     Plaintiff's position as a Full Professor requires Plaintiff's maintenance of his relationship with Lifespan Corporation and The Miriam Hospital.

28.     Plaintiff's salary was paid by Lifespan and the Miriam Hospital.

29.     On its website, Lifespan describes itself as a "not-for-profit comprehensive, integrated, academic health system with The Warren Alpert Medical School of Brown University."

30.     Plaintiff, as a research professor, published research papers with credit to, and affiliation with, Brown University, Lifespan and The Miriam Hospital.

4

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

31.     Rena Wing, at all times pertinent to this complaint, like Plaintiff, was and is a research professor with Brown University and was so identified by Brown University on its website. She  continues to be so identified by Brown as of the date of the filing of this Amended Complaint.

32.     Rena Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control and Diabetes Research Center at the Miriam Hospital.

33.     Dr. Wing's Linked In profile, as of the date of filing the original and this Amended Complaint, identifies her employment as "Professor of Psychiatry at The Miriam Hospital, Brown MNedical School"  (sic).

34.     At all times relevant to the matters set forth in the complaint, on Miriam's website, Dr. Wing was identified as a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital.

35.     At all times relevant to the matters set forth in the complaint, Dr. Wing was identified on Brown's website as both a researcher and as part of leadership for Brown' Hassenfeld Child Health Innovation Institute.

36.     In multiple press releases from Brown and Lifespan from at least 2008 to the present, Brown and Lifespan repeatedly identified and touted Dr. Wing as a weight loss expert from both Brown University and The Miriam Hospital.

37.     In or about May 2018, Brown awarded Dr. Wing with a faculty award. Upon information and belief, Jill Pipher, vice president for research at Brown, presented the award with Brown Provost Richard M. Locke during an April 19, 2018, Celebration of Research ceremony at Brown's Faculty Club.

5

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 79 of 224 PageID #: 108

38.    At all times relevant to the matters in the complaint, Dr. Wing and Dr. Bond were identified on Brown's website as "researchers@Brown."

39.    In or about February 2020, Dr. Bond appeared on a segment of GoLocalLive and was identified as a Brown researcher, with Brown's logo displayed prominently behind him throughout the recorded session.

40.    In the Attorney General's recent rejection of the Care New England and Lifespan merger, the opinion noted that Brown's role was a "key example of the dichotomy" between Lifespan and Brown's external and internal messaging about their status and interrelationship.

41.    In that same report, the AG noted that Lifespan's marketing point for a merger with CNE, that permitting the merger would create an integrated academic health system, was at odds with Lifespan's own website that states that Lifespan, in the current, un-merged state is already a "comprehensive, integrated health system with the Warren Alpert Medical School of Brown University."

42.    As reported by a local publication, Providence Business News, in April of 2022, Brown, Lifespan and Care New England sought proposed an integrated academic health system under its merger application, but the AG rejected it and noted that Lifespan already refers to itself as such with  Brown on its website.  In that same article, Brown's President was quoted as stating, "Brown's partnership with Lifespan is particularly strong."

43.    As of the date of this Amended Complaint,  and at all times pertinent to the matters set forth in the complaint, Miriam's website has both the Lifespan and Brown logos prominently displayed on its homepage.

6

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 80 of 224 PageID #: 109

44.     Upon information and belief, Rena Wing's pay rate is determined by Brown University.

45.     Rena Wings was paid by Lifespan and the Miriam Hospital.

46.     Rena Wing's job duties and responsibility were, at least in part, set and defined by Brown University.

47.     Brown University had the ability to promote, demote, terminate and discipline Rena Wing.

48.     Rena Wing, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct by which he was subject to disciplinary action, up to and including suspension without pay, or termination of employment or association with the University.

49.     If Rena Wing's employment or association with Brown University was terminated, her employment with Lifespan Corporation and The Miriam Hospital would have been terminated.

50.     Rena Wing's advancement and promotion was set and established and granted by Brown University.

51.     The department run by Rena Wing at Lifespan Corporation and The Miriam Hospital is staffed with Brown researchers..

52.     Plaintiff, when attempting to remedy the hostile environment, the reduction in pay and the termination of his position of employment was referred by an employee at Lifespan to Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior, to address the behavior and actions of Rena Wing

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 81 of 224 PageID #: 110

53.     While employed by Defendants, Plaintiff was required to seek grants to assist in the funding of his department.

54.     In or about the end of 2018 and/or beginning of 2019, following major surgery to repair a torn biceps muscle, Plaintiff returned to work several weeks earlier than medically instructed to work on grant applications.

55.     In or about February 2019, upon Plaintiff's return to the workplace, Defendant Wing instructed Plaintiff to pursue other funding sources and informed him that he might need to "prostitute" himself to other departments to obtain the additional funding she required.

56.     The Plaintiff found this instruction, to "prostitute himself" offensive and humiliating.

57.     When Plaintiff's funding levels were at their highest, he complied with Defendant Wing's request to "help" cover the salaries of other employees, even when those employees were no longer working on Plaintiff's grants.

58.     Upon information and belief, Defendant Wing did not request any similarly situated females to cover the salaries of other employees.

59.     Upon information and belief, Defendant Wing assisted younger female employees in securing funding, including writing substantial portions of grants they submitted and assisting in securing additional funding through alternative sources.

60.     Defendant Wing asked another researcher, Dr. Thomas, to put a junior female colleague on a grant instead of Plaintiff.

61.     In or about February 2019, Plaintiff sought to engage Defendant Wing in an attempt to secure alternate funding, which Defendant Wing failed and/or refused to do.

8

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 82 of 224 PageID #: 111

62.     In or about May 2019, Plaintiff was notified of his promotion to the rank of full professor by unanimous approval, with the appointment commencing in July 2019 and running through June 30, 2024.

63.     Upon information and belief, a promotion to the rank of full professor customarily carries with it an increase in pay.

64.     In or about May 2019, Plaintiff informed Defendant Wing of his promotion, which she demeaned by stating "I already know" and "I can't pay you."

65.     Plaintiff did not receive an increase in pay commensurate with his position as a professor.

66.     In or about October 2019, Defendant Wing threatened Plaintiff's grant writing activities.

67.     In or about October 2019, Wing told Plaintiff that he was of "no value," which Plaintiff found offensive and humiliating.

68.     In or about October 2019, Defendant Wing continued to subject Plaintiff to disparate treatment and negatively impacted his employment when she refused to assist Plaintiff in his efforts to comply with her directive and seek assistance from other departments to address her restrictions on his salary.

69.     Defendant Wing also interfered with and/or refused to allow Plaintiff's engagement with other departments to maintain his employment and benefits of employment, including salary.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 83 of 224 PageID #: 112

70.     In or about October 2019, Wing criticized Plaintiff for not engaging with a younger and more junior female member of the faculty for coordinated grant projects, without offering any basis for the criticism, other than she did not like it.

71.     In or about November 2019, Defendant Wing notified Plaintiff that his annual merit pay increase would be 1%.

72.     Upon information and belief, a 3% merit increase is customary.

73.     Upon information and belief, younger and less experienced and/or similarly situated female employees under Defendant Wing's supervision all received 3% merit pay increases.

74.     Defendant Wing routinely diminished Plaintiff's accomplishments in his recognized specialty area of research in front of his colleagues and actively discouraged him from continuing to pursue this research, despite it being recognized nationally and internationally by multiple professional organizations. Defendant Wing did not criticize nor demean similarly situated female colleagues in front of others in the way she did with Plaintiff.

75.     On or about February 6, 2020, Defendant Wing informed Plaintiff that his full salary would only be paid through January 31, 2021, after which she would only cover 50% of Plaintiff's salary from February 1, 2021 through January 31, 2022.

76.     Defendant Wing unilaterally reduced Plaintiff's salary by 50% effective January 31, 2021.

77.     On or about February 6, 2020, Defendant Wing informed Plaintiff that there were no further opportunities for him with the Defendants and that he should seek employment with other institutions.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 84 of 224 PageID #: 113

78.    On or about February 7, 2020, Defendant Wing emailed Plaintiff asking him to sign a letter acknowledging the unilateral change in salary, intimating the signature was a prerequisite for Plaintiff to work on a new grant with her.

79.    Plaintiff believed the offer to work on a new grant was contingent on his signing the letter Defendant Wing emailed and responded, via email, that he needed time to consider and learn more about the ramifications of the revised terms of employment that she was unilaterally foisting upon him.

80.    On or about February 8, 2020, Defendant Wing, without permission, walked into Plaintiff's office, put the letter on Plaintiff's desk, pointed at it and angrily demanded that Plaintiff sign it.

81.    The Plaintiff restated his hesitancy and confusion since he was only in the first year of a five-year Brown faculty appointment, to which Defendant Wing responded that the appointment was "just a piece of paper."

82.    Defendant Wing consistently informed Plaintiff that his ability to cover his salary was substandard, but did not provide guidance as to what was needed or required from Plaintiff, refused any and all of Plaintiff's request for assistance and undermined Plaintiff's efforts to collaborate with other departments or otherwise satisfy her.

83.    Upon information and belief, other faculty members, specifically younger female faculty, at this time were not fully funded, were not submitting the same volume of grant applications as Plaintiff, were not publishing at anywhere near the same rate as Plaintiff, nor had they achieved an international reputation in their area of research. Upon information and belief, Defendant Wing did not unilaterally reduce the salary of those younger female faculty members, require them to seek other funding and/or fail to assist them in finding or providing funding for their salaries.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 85 of 224 PageID #: 114

84.     Other faculty members, specifically younger female faculty, were not subjected to the same hostile work environment, humiliation, reduction in financial and career opportunities, adverse employment actions or threats to their employment as suffered by Plaintiff.

85.     Plaintiff sought the assistance of Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior, regarding Dr. Wing's increasingly hostile actions and the increasingly hostile work environment, adverse employment actions and Plaintiff's resulting distress.

86.     On or about February 27, 2020, Plaintiff met with Dr. Rasmussen and informed him of his complaints of discrimination and hostile work environment.

87.     On or about February 27, 2020, Dr. Rasmussen informed Plaintiff that there was not much he could do because Defendant Wing operates "on her own" and that he, even though chair of the Department of Psychiatry and Human Behavior at Brown University and Defendant Wing's supervisor, could not assist Plaintiff because she "gets a lot of grants."

88.     On or about February 27, 2020, Steve Rasmussen stated to Plaintiff that Defendant Wing can do what she wants with "her" center.

89.     In or about July 2020, with no change to the continuing hostile environment and absence of a clear path for redress, Plaintiff again reached out to Dr. Rasmussen for assistance and was informed to look outside of Lifespan and Brown.

90.     Defendants were aware of Plaintiff's complaints and failed to investigate and failed to remedy the allegations and situation.

91.     In or about November 2020, Plaintiff sought alternate funding through another department/division of the Defendant entities to maintain and increase his funding and to maintain his employment.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 86 of 224 PageID #: 115

92.    Plaintiff's contact with another department/division of the Defendant entities was met with interest and potential.

93.    On or about January 4, 2021, Plaintiff was notified by Defendant Wing by emailed letter that his employment would be terminated as of December 31, 2021.

94.    On or about January 4, 2021, Plaintiff was notified by Defendant Wing via emailed letter that his salary would be reduced by 50% in February 2021.

95.    Despite the initial interest from the other department, set forth in Paragraphs 91 and 92 above, the head of that department failed to respond to Plaintiff's subsequent contacts.

96.    In or about January of 2021, Plaintiff met with Michael Henderson, Vice President of Lifespan's Office of Research Administration, and inquired if there was any policy that permitted Defendant Wing to restrict Plaintiff's grant submissions. Mr. Henderson responded he was unaware of any such policy.

97.    During the January 2021 meeting with Mr. Henderson, Plaintiff expressed that he felt Defendant Wing was interfering with his career opportunities and treating him differently than less experienced and/or similarly situated female colleagues. Mr. Henderson responded that Lifespan human resources would not get involved and Defendant Wing had "full authority."

98.    Plaintiff expressed a desire to remain within Defendants' system. Mr. Henderson offered to help "make it happen."

98.    In or about March 2021, Plaintiff learned that Defendant Wing had commenced communication with the head of the department referenced in Paragraphs 91, 92 and 95 above.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H
CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 87 of 224 PageID #: 116

99.     In or about March 2021, Plaintiff learned that a stipend that he had secured and for which he had been approved, was transferred to Defendant Wing's department. Defendant Wing informed Plaintiff that not only was he not allowed to use the stipend as an alternate means of funding the remaining 50% of his salary, but that she would be using the stipend to reduce her contribution to his reduced salary.

100.    Upon information and belief, Defendant Wing's actions were in retaliation for Plaintiff's raising complaints about her treatment of him.

101.    Plaintiff's efforts to address Defendant Wing's ongoing discrimination, hostile work environment and retaliation with all appropriate supervisory channels went unanswered.

102.    In or about June 2021, Mr. Henderson informed Plaintiff that Plaintiff's effort to seek funding and employment with another Lifespan/Brown department would not take place due to Defendant Wing's interactions with the head of the other department.

103.    Upon information and belief, Defendant Wing had eliminated and interfered with Plaintiff's other options within Lifespan and Brown.

104.    In or about June 2021, Mr. Henderson opined that Defendant Wing's actions are without recourse due to her "cache" and her husband being a former dean and because she "commands a certain level of fear and that people would rather not be on the other side of that."

105.    Other employees of Lifespan Corporation, The Miriam Hospital and faculty of Brown University, who were younger and/or female and under the supervision of Defendant Wing, were not subjected to the hostile work environment and restrictions as to terms and benefits of employment and funding suffered by Plaintiff.

106.    The actions of the Defendants, by and through Defendant Wing, were discriminatory, retaliatory and created a hostile work environment.

14

107.  As a result of the above actions of the Defendants, Plaintiff suffered adverse employment actions including the lack of a salary increase commiserate with his experience and position, reduction of salary, interference with business and funding relationships, retaliation for raising complaints about his treatment and was ultimately forced to resign and find alternate employment outside the State of Rhode Island.

108.  As a result of the above actions of the Defendants, Plaintiff suffered lost wages, emotional distress and has been further damnified.

109.  The Defendants exerted direct, daily control over the manner in which Dr. Wing and Plaintiff performed their jobs.

110.  The Defendants were involved with setting and paying Dr. Wing and Plaintiff's salaries, and setting forth conditions for promotions and conduct.

111.  At all relevant times, the Parties acted and understood that Dr. Wing and Plaintiff were employees of both Brown and Lifespan.

112.  Defendants were joint employers of Dr. Wing and Plaintiff.

113.  The actions of the Defendants constitute a violation of the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, et seq.

## <u>COUNT I</u>

*Discrimination – RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

114.  Plaintiff restates all previous paragraphs by reference as if stated fully herein.

115.  The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by discriminating against him with respect to hire,

15

tenure, compensation, terms, conditions or privileges of employment because of her gender.

116.    As a result, he has suffered and continues to suffer damages.


WHEREFORE, Plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.


## COUNT II

*Retaliation – RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

117.    Plaintiff restates all previous paragraphs by reference as if stated fully herein.

118.    The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by the facts described herein, by discriminating against him because he opposed a practice forbidden by RICRA and engaged in protected activity in the form of complaints of discrimination.

119.    As a result, he has suffered and continues to suffer damages.


WHEREFORE, Plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:28 AM
Envelope: 3591183
Reviewer: Victoria H

1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 90 of 224 PageID #: 119

## COUNT III

*Hostile work environment - RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

120.    Plaintiff was subjected to unwanted harassment, based upon gender, that was objectively and subjectively offensive and sufficiently severe and pervasive so as to alter the conditions of Plaintiff's employment and created an abusive and hostile work environment.

121.    Defendants were aware of the hostile work environment and despite Plaintiff's requests for help, failed to take any action.

122.    As a result, Plaintiff suffered, and continues to suffer, damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

### PLAINTIFF DEMANDS A JURY TRIAL

The above factual allegations are true and accurate to the best of my knowledge and belief.

Dale Bond

Subscribed and sworn to before me this _18th_ day of April 2022.

Notary Public
Printed Name: _David Cass_
My Commission expires: _3/7/26_

17

Respectfully submitted,
DALE BOND
By and through his attorneys,

/s/ Christine L. Marinello
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

/s/ David S. Cass
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the  22nd  day of April 2022, I electronically served this document with notice to the following parties:

Mitchell R. Edwards (# 6942)
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI 02903
medwards@hinckleyallen.com
rnerney@hinckleyallen.com

Jillian S. Folger-Hartwell (#6970)
Julia R. Shackleton (#10015)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
jfolgerhartwell@littler.com
jshackleton@littler.com

The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/David S. Cass

18

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:37 AM
Envelope: 3591199
Reviewer: Victoria H

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 92 of 224 PageID #: 121

**Hearing Date: June 21, 2022**

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                    SUPERIOR COURT

DALE BOND

                    *v*.                                 C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

## PLAINTIFF'S OPPOSITION TO DEFENDANT BROWN UNIVERSITY'S MOTION TO DISMISS

NOW COMES the plaintiff in the above captioned matter and hereby objects to the defendant Brown University's motion to dismiss.  In support hereof, plaintiff asserts that the complaint filed satisfies R.I.R.Civ.P., Rule 8 and clearly states a claim upon which relief may be granted. In further support hereof, plaintiffs incorporate by reference the memorandum in support hereof submitted herewith and the Verified Amended Complaint.

WHEREFORE plaintiff requests this Honorable Court deny and dismiss the defendant's motion.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:37 AM
Envelope: 3591199
Reviewer: Victoria H

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 93 of 224 PageID #: 122

Respectfully submitted,
DALE BOND
By and through his attorneys,

/s/ Christine L. Marinello
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

/s/ David S. Cass
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the  22nd  day of April 2022, I electronically served this document with notice to the following parties:

| | |
|---|---|
| Mitchell R. Edwards (# 6942) | Jillian S. Folger-Hartwell (#6970) |
| Rita E. Nerney (# 9713) | Julia R. Shackleton (#10015) |
| Hinckley, Allen & Snyder LLP | LITTLER MENDELSON, P.C. |
| 100 Westminster Street, Suite 1500 | One Financial Plaza, Suite 2205 |
| Providence, RI 02903 | Providence, RI 02903 |
| medwards@hinckleyallen.com | jfolgerhartwell@littler.com |
| rnerney@hinckleyallen.com | jshackleton@littler.com |

The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/David S. Cass

2

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

**Hearing Date: June 21, 2022**

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                SUPERIOR COURT


DALE BOND

               *v.*                         C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING


## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENFDANT BROWN UNIVERSITY'S MOTION TO DISMISS


The defendant, Brown University, has filed a motion to dismiss the Plaintiff's Verified Complaint. Plaintiff, in response to the motion has filed herewith a Motion to Amend his complaint to provide additional factual allegations in support of his assertion that the corporate defendants, including Brown University, are his and defendant, Dr. Wing's, joint employers and have control over the individual defendant, Dr. Wing. The Verified Amended Complaint renders the first three grounds for the Motion to Dismiss moot. The sole remaining argument, that the facts alleged are insufficient to state a claim of a hostile work environment, is without foundation, ignores the vast majority of the plead facts and attempts to limit the Court's review of the comprehensive factual allegations to which the argument applies.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H
CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 95 of 224 PageID #: 124

## I.   <u>FACTS</u>

Plaintiff was employed as a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Alpert Medical School and was so identified by all entity defendants on their websites. Verified Amended Complaint at ¶12. Plaintiff was employed as a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Alpert Medical School,  sat on the editorial boards for multiple obesity-related journals, was invited to be a de facto member of Brown's Academic Faculty Appointments & Promotions Committee, and was a research mentor within the Postdoctoral Training in Cardiovascular Behavioral Medicine Program at The Miriam Hospital and Brown University. *Id* at ¶13. Plaintiff's supervisor was Defendant, Dr. Rena Wing. *Id* at ¶6.

Defendant Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital. *Id* at ¶14. The defendants Brown University, Lifespan Corporation and The Miriam Hospital engage in a joint venture involving the hire, promotion, retention and termination of research faculty. *Id* at ¶15. Research faculty, including Plaintiff, are hired by Brown University and their salary is paid by Lifespan Corporation and The Miriam Hospital. *Id* at ¶16. Brown's Faculty Handbook pertains to the Division of Biology and Medicine, of which Plaintiff was a part. *Id* at ¶17. Plaintiff was a research professor with Brown University and was so identified by Brown University on its website. *Id* at ¶18. Plaintiff's duties, promotion and pay scale are all set by Brown

University. *Id* at ¶19. Brown University reviewed, processed and determined Plaintiff's promotion from Assistant Professor to Associate Professor to Full Professor, which typically entails an increase in pay. *Id* at ¶20. If a Brown University research faculty is not promoted through the rank of professor, their employment is terminated with both Brown University as well as Lifespan Corporation and The Miriam Hospital. *Id* at ¶21.

Brown University appointed Plaintiff as a full professor for a multi-year term that determined Plaintiff's rate of pay to be paid by Lifespan and The Miriam Hospital in or about 2019. *Id* at ¶22. In or about May 2019, the chair of the Department of Psychiatry and Human Behavior at Brown Medical School, Dr. Steven Rasmussen, called Plaintiff to notify and congratulate him about Plaintiff's promotion to the rank of full professor, which had been unanimously approved. Dr. Rasmussen informed Plaintiff that his new appointment would be effective from July 1, 2019 through June 30, 2024. *Id* at ¶23. This appointment carried with it duties and responsibilities. Research faculty are invited to be de facto member of Brown's Academic Faculty Appointments & Promotions Committee. In addition, Plaintiff, as a Brown University faculty member, was subject to the Brown University Code of Conduct, which addresses conduct and disciplinary action, up to and including suspension without pay, or termination of employment or association with the University. *Id* at ¶24. If Plaintiff's employment or association with Brown University was terminated, his employment with Lifespan Corporation and The Miriam Hospital would have also been terminated. *Id* at ¶25.

Brown University has the ability to promote, demote, terminate and discipline research faculty, including Plaintiff and defendant Wing. A termination by Brown

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 97 of 224 PageID #: 126

University of Plaintiff's position as a research professor would terminate Plaintiff's employment with Lifespan Corporation and The Miriam Hospital. *Id* at ¶25. Plaintiff's position as a Full Professor was attained by Plaintiff following Brown's policies and procedures for appointment. His full professorship is conditioned upon, and requires maintenance of his relationship with Lifespan Corporation and The Miriam Hospital. *Id* at ¶27. Plaintiff's salary was paid by Lifespan and the Miriam Hospital. *Id* at ¶28. On its website, Lifespan describes itself as a "not-for-profit comprehensive, integrated, academic health system with The Warren Alpert Medical School of Brown University." *Id* at ¶29. Plaintiff, as a research professor published research papers with credit and affiliation with Brown University, Lifespan and The Miriam Hospital. *Id* at ¶30. Typically, advancement to full professor by Brown is accompanied by an increase in pay, remitted by Lifespan and/or Miriam.

Dr. Rena Wing, at all times pertinent to this complaint, like Plaintiff, was and is a research professor with Brown University and was so identified by Brown University on its website. She  continues to be so identified by Brown on its website as of the date of the filing of this Amended Complaint. *Id* at ¶31. Rena Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control and Diabetes Research Center at the Miriam Hospital. *Id* at ¶32. Dr. Wing's Linked In profile, as of the date of filing the original and this Amended Complaint, identifies her employment as "Professor of Psychiatry at The Miriam Hospital, Brown MNedical School"  (sic). *Id* at ¶33. At all times relevant to the matters set forth in the complaint, on Miriam's website, Dr. Wing was identified as a Professor of Psychiatry and

4

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 98 of 224 PageID #: 127

Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital. *Id* at ¶34. At all times relevant to the matters set forth in the complaint, Dr. Wing was identified on Brown's website as both a researcher and as part of leadership for Brown' Hassenfeld Child Health Innovation Institute. *Id* at ¶35. In multiple press releases from Brown and Lifespan from at least 2008 to the present, Brown and Lifespan repeatedly identified and touted Dr. Wing as a weight loss expert from both Brown University and The Miriam Hospital. *Id* at ¶36. In or about May 2018, Brown awarded Dr. Wing with a faculty award. Upon information and belief, Jill Pipher, Vice President for Research at Brown, presented Dr. Wing with the award with Brown Provost Richard M. Locke during an April 19, 2018 Celebration of Research ceremony at Brown's Faculty Club. *Id* at ¶37. At all times relevant to the matters in the complaint, Dr. Wing and Dr. Bond were identified on Brown's website as "researchers@Brown." *Id* at ¶38. Likewise, Plaintiff was publicly identified as a researcher for Brown, on Brown's own website. In addition, in or about February 2020, Plaintiff appeared on a segment of GoLocalLive and was identified as Brown researcher, with the Brown logo displayed prominently behind him throughout the recorded session. *Id* at ¶39.

In the Attorney General's recent rejection of the Care New England and Lifespan merger proposal, the opinion noted that Brown's role was a "key example of the dichotomy" between Lifespan and Brown's external and internal messaging about their status and interrelationship. *Id* at ¶40. In that same report, the AG noted that Lifespan's marketing point for a merger with CNE, that permitting the merger would create an

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 99 of 224 PageID #: 128

integrated academic health system, was at odds with Lifespan's own website that states that Lifespan, in an un-merged state, is already a "comprehensive, integrated health system with the Warren Alpert Medical School of Brown University." *Id* at ¶41. As reported by local publication, Providence Business News in April of 2022, Brown, Lifespan and Care New England proposed an integrated academic health system under its merger application, but the AG rejected it, noting that Lifespan already refers to itself as such with Brown on its website. In that same article, Brown's President was quoted as stating, "Brown's partnership with Lifespan is particularly strong." *Id* at ¶42. As of the date of this Amended Complaint, and at all times pertinent to the matters set forth in the complaint, Miriam's website has both the Lifespan and Brown logos prominently displayed on its homepage. *Id* at ¶43.

Rena Wing's pay rate is determined by Brown University. *Id* at ¶44. Rena Wings was paid by Lifespan and the Miriam Hospital. *Id* at ¶45. Rena Wing's job duties and responsibility were set and defined by Brown University. *Id* at ¶46. Brown University had the ability to promote, demote, terminate and discipline Rena Wing. *Id* at ¶47. Rena Wing, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct by which he was subject to disciplinary action, up to and including suspension without pay, or termination of employment or association with the University. *Id* at ¶48. If Rena Wing's employment or association with Brown University was terminated, her employment with Lifespan Corporation and The Miriam Hospital would have been terminated. *Id* at ¶49. Rena Wing's advancement and promotion was set and established and granted by Brown University. *Id* at ¶50.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 100 of 224 PageID #: 129

The department run by Rena Wing at Lifespan Corporation and The Miriam Hospital is staffed with Brown researchers. *Id* at ¶51. Plaintiff, when promoted to full professor, was notified of such by Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior. When Plaintiff sought assistance to remedy the hostile work environment, the reduction in pay and the termination of his position of employment, Lifespan employee, Michael Henderson referred him to Dr. Rasmussen, in order to address the behavior and actions of Rena Wing. *Id* at ¶52.

In or about the end of 2018 and/or beginning of 2019, following major surgery to repair a torn biceps muscle, Plaintiff returned to work several weeks earlier than medically instructed to work on grant applications. *Id* at ¶54. In or about February 2019, upon Plaintiff's return to the workplace, defendant Wing instructed Plaintiff to pursue other funding sources and informed him that he might need to "prostitute" himself to other departments to obtain the additional funding she required. *Id* at ¶55. The Plaintiff found this instruction, to "prostitute himself" offensive and humiliating. *Id* at ¶56. Upon information and belief, other colleagues have witnessed Dr. Wing's demeaning comments to Plaintiff.

When Plaintiff's funding levels were at their highest, he complied with Defendant Wing's request to "help" cover the salaries of other employees, even when those employees were no longer working on Plaintiff's grants. *Id* at ¶57. Upon information and belief, Defendant Wing did not request any similarly situated females to cover the salaries of other employees. *Id* at ¶58. Upon information and belief, Defendant Wing assisted younger female employees in securing funding, including writing substantial portions of grants they

submitted and assisting in securing additional funding through alternative sources. *Id* at ¶59. Defendant Wing asked another researcher, Dr. Thomas, to put a junior female colleague on a grant instead of Plaintiff. *Id* at ¶60.

In or about February 2019, Plaintiff attempted to engage Defendant Wing in an effort to secure alternate funding, which Defendant Wing failed and/or refused to do. *Id* at ¶61. On or about May 20, 2019, Plaintiff received written notification of his promotion, via letter on Brown letterhead, to the rank of Professor of Psychiatry and Human Behavior (Research) by unanimous approval, with the appointment effective in the summer of 2019 2019 and running through June 30, 2024. *Id* at ¶62. Upon information and belief, a promotion to the rank of professor customarily carries with it an increase in pay. Id at ¶63. In or about May 2019, Plaintiff informed Defendant Wing of his promotion, which she demeaned by stating "I already know" and "I can't pay you." *Id* at ¶64. Plaintiff did not receive an increase in pay commensurate with his position as a professor. *Id* at ¶65.

In or about October 2019, Defendant Wing threatened Plaintiff's grant writing activities. *Id* at ¶66. In or about October 2019, Wing told Plaintiff that he was of "no value," which Plaintiff found offensive and humiliating. *Id* at ¶67. In or about October 2019, Defendant Wing continued to subject Plaintiff to disparate treatment and negatively impacted his employment when she refused to assist Plaintiff in his efforts to comply with her directive and seek assistance from other departments to address her restrictions on his salary. *Id* at ¶68.

Defendant Wing also actively interfered with and/or refused to allow Plaintiff's engagement with other departments to maintain his employment and benefits of

employment, including salary. *Id* at ¶69. In or about October 2019, Wing criticized Plaintiff for not engaging with a younger and more junior female member of the faculty for coordinated grant projects, without offering any basis for the criticism, other than she did not like it. *Id* at ¶70. In or about November 2019, Defendant Wing notified Plaintiff that his annual merit pay increase would be 1%. *Id* at ¶71. Upon information and belief, a 3% merit increase is customary. *Id* at ¶72. Upon information and belief, younger and less experienced and/or similarly situated female employees under Defendant Wing's supervision all received 3% merit pay increases. *Id* at ¶73.

Defendant Wing routinely diminished Plaintiff's accomplishments in his recognized specialty area of research in front of his colleagues and actively discouraged him from continuing to pursue this research, despite it being recognized nationally and internationally by multiple professional organizations. *Id* at ¶74. Defendant Wing did not criticize nor demean similarly situated female colleagues in front of others in the way she did with Plaintiff. *Id*.

On or about February 6, 2020, Defendant Wing informed Plaintiff that his full salary would only be paid through January 31, 2021, after which she would only cover 50% of Plaintiff's salary from February 1, 2021 through January 31, 2022. *Id* at ¶75. Defendant Wing unilaterally reduced Plaintiff's salary by 50% effective January 31, 2021. *Id* at ¶76.

On or about February 6, 2020, Defendant Wing informed Plaintiff that there were no further opportunities for him with the Defendants and that he should seek employment with other institutions. *Id* at ¶77. On or about February 7, 2020, Defendant Wing emailed Plaintiff asking him to sign a letter acknowledging the unilateral change in salary,

intimating the signature was a prerequisite for Plaintiff to work on a new grant with her. *Id* at ¶78. Plaintiff believed the offer to work on a new grant was contingent upon his signing the letter Defendant Wing emailed and responded, via email, that he needed time to consider and learn more about the ramifications of the revised terms of employment she was unilaterally foisting upon him. *Id* at ¶79. On or about February 8, 2020, Defendant Wing, without permission, walked into Plaintiff's office, put the letter on Plaintiff's desk, pointed at it and angrily demanded that Plaintiff sign it. *Id* at ¶80. The Plaintiff restated his hesitancy and confusion since he was only in the first year of a five-year faculty appointment, to which Defendant Wing responded that the appointment was "just a piece of paper." *Id* at ¶81.

Defendant Wing consistently informed Plaintiff that his ability to cover his salary was substandard, but did not provide guidance as to what was needed or required from Plaintiff, refused any and all of Plaintiff's request for assistance and undermined Plaintiff's efforts to collaborate with other departments or otherwise satisfy her. *Id* at ¶82. Upon information and belief, other faculty members, specifically younger female faculty, at this time were not fully funded, were not submitting the same volume of grant applications as Plaintiff, were not publishing at anywhere near the same rate as Plaintiff, nor had they achieved an international reputation in their area of research. *Id* at ¶83. Upon information and belief, Defendant Wing did not unilaterally reduce the salary of those younger female faculty members, require them to seek other funding and/or fail to assist them in finding or providing funding for their salaries. *Id*.

In or about November 2020, Plaintiff sought alternate funding through another department/division of the Defendant entities to maintain and increase his funding and to maintain his employment. *Id* at ¶91. Plaintiff's contact with another department/division of the Defendant entities was met with interest and potential. *Id* at ¶92. On or about January 4, 2021, Plaintiff was notified by Defendant Wing by emailed letter that his employment would be terminated as of December 31, 2021. *Id* at ¶93. On or about January 4, 2021, Plaintiff was notified by Defendant Wing via emailed letter that his salary would be reduced by 50% in February 2021. *Id* at ¶94. Despite the initial interest from the other department, the head of that department failed to respond to Plaintiff's subsequent contacts. *Id* at ¶95. In or about January of 2021, Plaintiff met with Michael Henderson, Vice President of Lifespan's Office of Research Administration, and inquired if there was any policy that permitted Defendant Wing to restrict Plaintiff's grant submissions. *Id* at ¶96. Mr. Henderson responded he was unaware of any such policy. *Id*. During the January 2021 meeting with Mr. Henderson, Plaintiff expressed that he felt Defendant Wing was interfering with his career opportunities and treating him differently than less experienced and/or similarly situated female colleagues. *Id* at ¶97. Mr. Henderson responded that Lifespan human resources would not get involved and Defendant Wing had "full authority." *Id*. Plaintiff expressed a desire to remain within Defendants' system. Mr. Henderson offered to help "make it happen." *Id* at ¶98. In or about March 2021, Plaintiff learned that Defendant Wing had commenced communication with the head of the department with whom Plaintiff had sought potential additional funding. *Id* at ¶99. In or about March 2021, Plaintiff learned that a stipend that he had secured and for which he had

11

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 105 of 224 PageID #: 134

been approved, was transferred to Defendant Wing's department. *Id* at ¶100. Defendant Wing informed Plaintiff that not only was Plaintiff not allowed to use the stipend as an alternate means of funding the remaining 50% of his salary, but that she would be using the stipend to reduce her contribution to his reduced salary. *Id*.

## II.   <u>LEGAL STANDARD</u>

When considering a Defendant's motion to dismiss a complaint, a court must construe all factual allegations in the complaint in the light most favorable to the Plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 – 56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the Defendant's motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555–56.

The standard set forth in this jurisdiction to be applied to a defendant's motion to dismiss pursuant to R.I.R.Civ.P., Rule 12(b)(6) has been well settled.

> "'[T]he sole function of a motion to dismiss is to test the sufficiency of the complaint[.]'" *Audette v. Poulin,* 127 A.3d 908, 911 (R.I. 2015) (*quoting Ho-Rath v. R.I. Hosp.*, 115 A.3d 938, 942 (R.I. 2015)). In testing the complaint's sufficiency, the Court's "review is confined to the four corners of that pleading," id. (citation omitted), and the Court "'assumes the allegations contained in the complaint to be true and views the facts in the light most favorable to the Plaintiff[].'" *R.I. Emp't Sec. All., Local 401 v. State, Dep't of Emp't & Training*, 788 A.2d 465, 467 (R.I. 2002) (hereinafter R.I. Emp't) (per curiam) (*quoting St. James Condo. Ass'n v. Lokey,* 676 A.2d 1343, 1346 (R.I. 1996)). Phrased another way, "'[w]hen ruling on a Rule 12(b)(6) motion, the [Court] must look no further [*5] than the complaint,

12

assume that all allegations in the complaint are true, and resolve any doubts in a Plaintiff's favor.'" *Pellegrino v. R.I. Ethics Comm'n, 788 A.2d 1119, 1123 (R.I. 2002) (quoting R.I. Affiliate, ACLU v. Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989)); see also* Palazzo v. Alves, 944 A.2d 144, 149 (R.I. 2008). Accordingly, a motion to dismiss "should not be granted 'unless it appears to a certainty that the Plaintiff[] will not be entitled to relief under any set of facts which might be proved in support of [its] claim.'" *R.I. Emp't, 788 A.2d at 467 (internal alterations omitted) (quoting St. James Condo Ass'n, 676 A.2d at 1346)*.

*Labonte's Auto Sch., LLC v. Safety Educators, Inc.*, 2017 R.I. Super. LEXIS 117 *04-*05.

"A motion to dismiss may be granted only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim." *Chase v. Nationwide Mut. Fire Ins. Co.*, 160 A.3d 970, 973 (RI 2017).

This Court is mindful of the policy to interpret the pleading rules liberally so that cases are not "disposed of summarily on arcane or technical grounds." *Haley v. Town of Lincoln*, 611 A.2d 845, 848 (R.I. 1992).

The complaint need not include the precise legal theory upon which the claims are based or even the ultimate facts to be proven; all that is required is fair and adequate notice to the opposing party of the claims being asserted. *Gardner v. Baird*, 871 A.2d 949, 953 (R.I. 2005) (citations omitted); *see also Berard v. Ryder Student Transp. Servs., Inc.*, 767 A.2d 81, 83-84 (R.I. 2001). Consequently, "[a] motion to dismiss is properly granted 'when it is clear beyond a reasonable doubt that the Plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the Plaintiff's claim.'" *Woonsocket Sch. Comm. v.*

13

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 107 of 224 PageID #: 136

> Chafee, 89 A.3d 778, 787 (R.I. 2014) (*quoting Mendes v. Factor, 41 A.3d 994,*
> *1000 (R.I. 2012)*); *see also Goddard v. APG Sec.-RI, LLC, 134 A.3d 173, 175*
> *(R.I. 2016).*

*Guilbeault v. Palombo*, 2017 R.I. Super. LEXIS 62 *06-*07.

The application of the above standards must also acknowledge R.I.R.Civ.P., Rule 8(a)(1)'s requirement of notice pleading.

> Pursuant to Super. R. Civ. P. 8(a)(1), a claim for relief must contain "a <u>short</u>
> <u>and plain statement</u> of the claim showing that the pleader is entitled to relief."
> (Emphasis supplied.) The Rhode Island [*6] Supreme Court "has recognized
> the sufficiency of complaints even when the claims asserted within those
> complaints lack specificity." *Konar,* 840 A.2d at 1118 (noting that it is a
> "liberal pleading rule"). Ultimately, the Plaintiff is not required to "'set out
> the precise legal theory upon which his or her claim is based,'" but the
> complaint must give "'the opposing party fair and adequate notice of the type
> of claim being asserted.'" *Hendrick v. Hendrick*, 755 A.2d 784, 791 (R.I.
> 2000) (*quoting Bresnick v. Baskin*, 650 A.2d 915, 916 (R.I. 1994)).

*Rompf v. Int'l Tennis Hall of Fame, Inc.,* 2016 R.I. Super. LEXIS 104, *5-*6.

## III.   <u>ARGUMENT</u>

### A.   **Plaintiff's Verified Amended Complaint Renders Defendant's Argument as to Brown University's Status as a Joint Employer Moot.**

In his Verified Complaint, Plaintiff named Brown University as a co-defendant, along with Lifespan and Miriam. Plaintiff's initial Verified Complaint alleged that the corporate defendants were his joint employers. He also plead sufficient facts upon which to state a claim. To the extent any such pleading was potentially insufficient, which

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 108 of 224 PageID #: 137

Plaintiff denies, Plaintiff has filed a Motion to Amend his Verified Complaint, which pleads additional relevant facts and remedies any alleged insufficiencies. As such, Plaintiff has adequately alleged sufficient facts to establish that defendant, Brown University, was a joint employer of both Plaintiff and defendant Wing. The interrelationship between Brown University, Lifespan Corporation and The Miriam Hospital as employing and controlling the Plaintiff's duties, terms and conditions of employment, promotions, pay, hiring and termination is self-evident and known to all parties, particularly given the publicity surrounding Lifespan's failed merger attempt with Care New England and Brown's involvement in the same. The Attorney General recently issued a 150 page report which, in part, criticized the proposed merger for failing to articulate how the intended function would differ from the current relationship between Brown and Lifespan, particularly given the description of the existing relationship on Lifespan's website, which describes Lifespan, in its current state, as a "comprehensive, integrated, academic health system with [ ] Brown University." Notwithstanding this knowledge, Defendant, Brown University, has curiously chosen to challenge the complaint as being insufficient with regard to allegations of Defendants' joint employment. Plaintiff's Verified Amended Complaint provides detailed and comprehensive factual allegations addressing this asserted dearth of necessary factual allegations. Plaintiff has added to his allegations, as set forth above, the following:

> Plaintiff was employed as a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Alpert Medical School and was so identified by all entity defendants on their websites. Verified Amended Complaint at ¶12. Plaintiff was employed as a Professor

(Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Alpert Medical School, sat on the editorial boards for multiple obesity-related journals, was invited to be a de facto member of Brown's Academic Faculty Appointments & Promotions Committee, and was a research mentor within the Postdoctoral Training in Cardiovascular Behavioral Medicine Program at The Miriam Hospital and Brown University. *Id* at ¶13. Plaintiff's supervisor was Defendant, Dr. Rena Wing. *Id* at ¶6.

Defendant Wing is a Professor of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital. *Id* at ¶14. The defendants Brown University, Lifespan Corporation and The Miriam Hospital engage in a joint venture involving the hire, promotion, retention and termination of research faculty. *Id* at ¶15. Research faculty, including Plaintiff, are hired by Brown University and their salary is paid by Lifespan Corporation and The Miriam Hospital. *Id* at ¶16. Brown's Faculty Handbook pertains to the Division of Biology and Medicine, of which Plaintiff was a part. *Id* at ¶17. Plaintiff was a research professor with Brown University and was so identified by Brown University on its website. *Id* at ¶18. Plaintiff's duties, promotion and pay scale are all set by Brown University. *Id* at ¶19. Brown University reviewed, processed and determined Plaintiff's promotion from Assistant Professor to Associate Professor to Full Professor, which typically entails an increase in pay. *Id* at ¶20. If a Brown University research faculty is not promoted through the rank of professors, their employment is terminated with both Brown University as well as Lifespan Corporation and The Miriam Hospital. *Id* at ¶21.

Brown University appointed Plaintiff as a full professor for a multi-year term that determined Plaintiff's rate of pay to be paid by Lifespan and The Miriam Hospital in or about 2019. *Id* at ¶22. Plaintiff, as a member of the faculty at Brown University, was subject to Brown's Faculty Handbook and University Code of Conduct, by which he was subject to disciplinary action, up to and including suspension without pay, or termination of employment or association with Brown. *Id* at ¶22. In or about May 2019, the chair of the Department of Psychiatry and Human Behavior at Brown Medical School, Dr. Steven Rasmussen, called Plaintiff to notify and congratulate him that Plaintiff's promotion to rank of full professor had been unanimously approved and that Plaintiff's new appointment would be

16

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:47 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 110 of 224 PageID #: 139

effective from July 1, 2019 through June 30, 2024. *Id* at ¶23. Plaintiff, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct, which addresses conduct and disciplinary action, up to and including suspension without pay, or termination of employment or association with the University. *Id* at ¶24. If Plaintiff's employment or association with Brown University was terminated, his employment with Lifespan Corporation and The Miriam Hospital would have also been terminated. *Id* at ¶25.

      Brown University has the ability to promote, demote, terminate and discipline research faculty, including Plaintiff and defendant Wing. A termination by Brown University of Plaintiff's position as a research professor would terminate Plaintiff's employment with Lifespan Corporation and The Miriam Hospital. *Id* at ¶25. Plaintiff's position as a Full Professor was attained by Plaintiff following Brown's policies and procedures for appointment. His full professorship is conditioned upon, and requires maintenance of his relationship with Lifespan Corporation and The Miriam Hospital. *Id* at ¶27. Plaintiff's salary was paid by Lifespan and the Miriam Hospital. *Id* at ¶28. On its website, Lifespan describes itself as a "not-for-profit comprehensive, integrated, academic health system with The Warren Alpert Medical School of Brown University." *Id* at ¶29. Plaintiff, as a research professor published research papers with credit and affiliation with Brown University, Lifespan and The Miriam Hospital. *Id* at ¶30. Typically, advancement to full professor by Brown is accompanied by an increase in pay, remitted by Lifespan and/or Miriam.

      Rena Wing, at all times pertinent to this complaint, like Plaintiff, was and is a research professor with Brown University and was so identified by Brown University on its website and she  continues to be so identified by Brown as of the date of the filing of this Amended Complaint. *Id* at ¶31. Rena Wing is a Professor of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control and Diabetes Research Center at the Miriam Hospital. *Id* at ¶32. Dr. Wing's Linked In profile, as of the date of filing the original and this Amended Complaint, identifies her employment as "Professor of Psychiatry at The Miriam Hospital, Brown MNedical School"  (sic). *Id* at ¶33. At all times relevant to the matters set forth in the complaint, on Miriam's website, Dr. Wing was identified as a Professor of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control &

Diabetes Research Center at The Miriam Hospital. *Id* at ¶34. At all times relevant to the matters set forth in the complaint, Dr. Wing was identified on Brown's website as both a researcher and as part of leadership for Brown' Hassenfeld Child Health Innovation Institute. *Id* at ¶35. In multiple press releases from Brown and Lifespan from at least 2008 to the present, Brown and Lifespan repeatedly identified and touted Dr. Wing as a weight loss expert from both Brown University and The Miriam Hospital. *Id* at ¶36. In or about May 2018, Brown awarded Dr. Wing with a faculty award. Upon information and belief, Jill Pipher, vice president for research at Brown, presented the award with Brown Provost Richard M. Locke during an April 19 Celebration of Research ceremony at Brown's Faculty Club. *Id* at ¶37. At all times relevant to the matters in the complaint, Dr. Wing and Dr. Bond were identified on Brown's website as researchers@Brown. *Id* at ¶38. In or about February 2020, Dr. Wing appeared on a segment of GoLocalLive and was identified as Brown researcher, with the Brown logo displayed prominently behind him throughout the recorded session. *Id* at ¶39.

In the Attorney General's recent rejection of the Care New England and Lifespan merger, the opinion noted that Brown's role was a "key example of the dichotomy" between Lifespan and Brown's external and internal messaging about their status and interrelationship. *Id* at ¶40. In that same report, the AG noted that Lifespan's marketing point for a merger with CNE, that permitting it would create an integrated academic health system, was at odds with Lifespan's own website that states that Lifespan, in it's un-merged state is already a "comprehensive, integrated health system with the Warren Alpert Medical School of Brown University." *Id* at ¶41. As reported by local publication, Providence Business News in April of 2022, Brown, Lifespan and Care New England sough to create an integrated academic health system under its merger application, but the AG rejected it and noted that Lifespan already refers to itself as such with Brown on its website. In that same article, Brown's President was quoted as stating, "Brown's partnership with Lifespan is particularly strong." *Id* at ¶42. As of the date of this Amended Complaint, and at all times pertinent to the matters set forth in the complaint, Miriam's website has both the Lifespan and Brown logos prominently displayed on its homepage. *Id* at ¶43.

Rena Wing's pay rate is determined by Brown University. *Id* at ¶44. Rena Wings was paid by Lifespan and the Miriam Hospital. *Id* at ¶45. Rena Wing's job duties and responsibility were set and defined by Brown

18

University. *Id* at ¶46. Brown University had the ability to promote, demote, terminate and discipline Rena Wing. *Id* at ¶47. Rena Wing, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct by which he was subject to disciplinary action, up to and including suspension without pay, or termination of employment or association with the University. *Id* at ¶48. If Rena Wing's employment or association with Brown University was terminated, her employment with Lifespan Corporation and The Miriam Hospital would have been terminated. *Id* at ¶49. Rena Wing's advancement and promotion was set and established and granted by Brown University. *Id* at ¶50.

The department run by Rena Wing at Lifespan Corporation and The Miriam Hospital is staffed with researchers which are provided by Brown University. *Id* at ¶51. Plaintiff, when promoted to full professor, was notified of such by Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior. When Plaintiff sought assistance to remedy the hostile work environment, the reduction in pay and the termination of his position of employment, Lifespan employee, Michael Henderson referred him to Dr. Rasumussen, in order to address the behavior and actions of Rena Wing. *Id* at ¶52.

These additional facts, clearly satisfy the standards the defendant site in their memorandum regarding the joint employer status of the entity defendants. The amendment to the complaint renders the defendant's motion on this issue moot.

**B.     Plaintiff's Verified Amended Complaint Renders Defendant's Argument as to Brown University's Status as Rena Wing's Employer Moot.**

In his Verified Complaint, Plaintiff alleged that the Defendant, Rena Wing was his supervisor and set forth the series of actions that she took to detrimentally affect him and his employment with the defendants.  The defendant Brown University, in its Motion to Dismiss, asserts that the complaint lacked allegations sufficient to establish that Defendant Wing was an employee of Brown University and that Brown University had the ability to

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 113 of 224 PageID #: 142

remedy her actions. Though Plaintiff does not agree with, nor concede, the issue raised by the defendant, Plaintiff has amended his complaint and filed with the Court a Verified Amended Complaint which remedies any alleged insufficiencies. As such, Plaintiff has adequately alleged sufficient facts to establish defendant Wing's employment by the defendant, Brown University, as well as their ability to address her actions as Plaintiff's supervisor. Plaintiff's Verified Amended Complaint provides detailed and comprehensive factual allegations addressing this asserted deficiency of necessary factual allegations. Included in the additional factual pleadings is that the joint venture between the defendants was recently and publicly identified in the Attorney General's 150 page report regarding Lifespan's proposed merger with Care New England. It is also publicly identified on both Brown and Lifespan's websites. Plaintiff has added to his allegations, as set forth above, the following:

> Plaintiff's supervisor was Defendant, Dr. Rena Wing. *Id* at ¶6. Defendant Wing is Professor of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital. *Id* at ¶14. The defendants Brown University, Lifespan Corporation and The Miriam Hospital engage in a joint venture involving the hire, promotion, retention and termination of research faculty. *Id* at ¶15. If a Brown University research faculty is not promoted through the rank of professors, their employment is terminated with both Brown University as well as Lifespan Corporation and The Miriam Hospital. *Id* at ¶20.
> Rena Wing, at all times pertinent to this complaint, like Plaintiff, was and is a research professor with Brown University and was so identified by Brown University on its website and she  continues to be so identified by Brown as of the date of the filing of this Amended Complaint. *Id* at ¶31. Rena Wing is a Professor of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control and Diabetes

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 114 of 224 PageID #: 143

Research Center at the Miriam Hospital. *Id* at ¶32. Dr. Wing's Linked In profile, as of the date of filing the original and this Amended Complaint, identifies her employment as "Professor of Psychiatry at The Miriam Hospital, Brown MNedical School" (sic). *Id* at ¶33. At all times relevant to the matters set forth in the complaint, on Miriam's website, Dr. Wing was identified as a Professor of Psychiatry and Human Behavior at the Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital. *Id* at ¶34. At all times relevant to the matters set forth in the complaint, Dr. Wing was identified on Brown's website as both a researcher and as part of leadership for Brown' Hassenfeld Child Health Innovation Institute. *Id* at ¶35. In multiple press releases from Brown and Lifespan from at least 2008 to the present, Brown and Lifespan repeatedly identified and touted Dr. Wing as a weight loss expert from both Brown University and The Miriam Hospital. *Id* at ¶36. In or about May 2018, Brown awarded Dr. Wing with a faculty award. Upon information and belief, Jill Pipher, vice president for research at Brown, presented the award with Brown Provost Richard M. Locke during an April 19 Celebration of Research ceremony at Brown's Faculty Club. *Id* at ¶37. At all times relevant to the matters in the complaint, Dr. Wing and Dr. Bond were identified on Brown's website as researchers@Brown. *Id* at ¶38. In or about February 2020, Dr. Wing appeared on a segment of GoLocalLive and was identified as Brown researcher, with the Brown logo displayed prominently behind him throughout the recorded session. *Id* at ¶39.

In the Attorney General's recent rejection of the Care New England and Lifespan merger, the opinion noted that Brown's role was a "key example of the dichomotopy" between Lifespan and Brown's external and internal messaging about their status and interrelationship. *Id* at ¶40. In that same report, the AG noted that Lifespan's marketing point for a merger with CNE, that permitting it would create an integrated academic health system, was at odds with Lifespan's own website that states that Lifespan, in its un-merged state is already a "comprehensive, integrated health system with the Warren Alpert Medical School of Brown University." *Id* at ¶41. As reported by local publication, Providence Business News in April of 2022, Brown, Lifespan and Care New England sough to create an integrated academic health system under its merger application, but the AG rejected it and noted that Lifespan already refers to itself as such with Brown on its website. In that same article, Brown's President was quoted as stating,

"Brown's partnership with Lifespan is particularly strong." *Id* at ¶42. As of the date of this Amended Complaint, and at all times pertinent to the matters set forth in the complaint, Miriam's website has both the Lifespan and Brown logos prominently displayed on its homepage. *Id* at ¶43.

Rena Wing's pay rate is determined by Brown University. *Id* at ¶44. Rena Wings was paid by Lifespan and the Miriam Hospital. *Id* at ¶45. Rena Wing's job duties and responsibility were set and defined by Brown University. *Id* at ¶46. Brown University had the ability to promote, demote, terminate and discipline Rena Wing. *Id* at ¶47. Rena Wing, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct by which he was subject to disciplinary action, up to and including suspension without pay, or termination of employment or association with the University. *Id* at ¶48. If Rena Wing's employment or association with Brown University was terminated, her employment with Lifespan Corporation and The Miriam Hospital would have been terminated. *Id* at ¶49. Rena Wing's advancement and promotion was set and established and granted by Brown University. *Id* at ¶50.

The department run by Rena Wing at Lifespan Corporation and The Miriam Hospital is staffed with researchers which are provided by Brown University. *Id* at ¶51. Plaintiff, when promoted to full professor, was notified of such by Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior. When Plaintiff sought assistance to remedy the hostile work environment, the reduction in pay and the termination of his position of employment, Lifespan employee, Michael Henderson referred him to Dr. Rasumussen, in order to address the behavior and actions of Rena Wing. *Id* at ¶52.

These additional facts, clearly satisfy the standards the defendant site in their memorandum. The amendment to the complaint renders the defendant's motion on this issue moot.

## C.    Plaintiff's Identification of "Defendants" in His Claims is Appropriate.

Plaintiff has alleged, as set forth in the Verified Amended Complaint, that both he and Dr. Rena Wing, the supervisor whose actions serve as the basis of all the claims of

direct discrimination and retaliation, were jointly employed by all the non-individual defendants. Defendant Wing's actions, by these allegations, are attributable to all three corporate/entity defendants in equal measure. Thereby, the use of the group term defendants is appropriate as Plaintiff is asserting, by the detailed factual allegations, that all the defendants are liable for the discrimination suffered by the Plaintiff. Plaintiff need not separate the different allegations since they are all focused through Rena Wing, an employee of all three corporate defendants and who was acting, as alleged, in her capacity as a supervisory employee of all three corporate defendants simultaneously.

The cases relied upon by the defendant are not supportive of the defendant's position. In the lead case provided by the defendant, *Beta Grp., Inc. v. Steiker, Greenaple, & Croscut, P.C.*, No. CV 15-213 WES, 2018 WL 461097, at *1 (D.R.I. Jan. 18, 2018), the Rhode Island District Court dismissed some individual defendants as the factual allegations did not provide support for their inclusion in some claims. The sub-cited cases provide similar application. In those cases, the factual allegations were not against the individual defendants and thereby the group inclusion of defendants was in error. In this case, the grouping of the defendants is based on the comprehensively plead factual assertion that the non-individual defendants are all collectively employers of the Plaintiff, and more importantly, the defendant Rena Wing's employer. This alleged employment and supervisory relationship makes them each liable for her actions as Plaintiff's supervisor.

By the foregoing, the grouping of the defendants in each of Plaintiff's claims is adequate and proper and the defendant Brown University's motion should be denied and dismissed.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

1:23-CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 117 of 224 PageID #: 146

**D.      Plaintiff's Complaint Sets Forth Sufficient Facts to Maintain a Claim for a Hostile Work Environment**

Lastly, the defendant Brown University avers that the allegations of the complaint are insufficient, under a 12(b)(6) standard, to maintain the complaint of a hostile work environment. The defendant takes an inappropriately narrow view of the facts alleged as hostile to advance an erroneous proposition. The defendant has limited the facts it supplies as supportive of a hostile work environment solely to comments provided in a few paragraphs. The defendant refers only to comments made and chooses to ignore the actions of Rena Wing. A more full-throated recitation of the facts, as set forth in the Verified Amended Complaint[2], provides a more detailed recitation of the hostile environment the Plaintiff was forced to suffer.

The standard by which this factual landscape is to be measured is well travelled.

A Plaintiff may prove a Title VII violation by showing that "an employer required [them] to work in a hostile or abusive environment." *Franchina v. City of Providence*, 881 F.3d 32, 45 (1st Cir. 2018). To prove that she endured a hostile work environment based on gender discrimination, a Plaintiff must show the following prima facie elements:
(1) []he is a member of a protected class;
(2) []he was subject to unwelcome harassment;
(3) the harassment was based on h[is] membership in a protected class;
(4) the harassment was severe enough or pervasive enough to alter the conditions of h[is] employment and create an abusive work environment;
(5) the harassment was both objectively and subjectively offensive; and

---

[2] Plaintiff's allegations relative to the hostile work environment in the Verified Amended Complaint are the same as those plead in the initial Verified Complaint.

(6) there is some basis for employer liability.

*Flood v. Bank of Am. Corp.*, 780 F.3d 1, 10 (1st Cir. 2015); *Carvalho v. Santander Bank, N.A.*, No. 19-287 JJM-LDA, 2021 U.S. Dist. LEXIS 231242, at *15-16 (D.R.I. Nov. 29, 2021).

> "In hostile work environment cases, the fourth and fifth elements are typically the most important." *O'Rourke v. City of Providence*, 235 F.3d 713, 728 (1st Cir. 2001). A fact finder must consider these elements "in the light of 'the record as a whole' and 'the totality of the circumstances.'" *Methor Say. Bank, FSB v. Vinson*, 477 U.S. 57, 69, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986) (quoting 29 CFR § 1604.11 (b) (1985)).

*Carvalho v. Santander Bank, N.A.*, supra at *16.

> Turning to the fourth element, the First Circuit mandates that to be considered hostile, the environment must be "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Kosereis*, 331 F.3d at 216 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)). This standard "takes a middle path between making actionable any conduct that is merely offensive and requiring the conduct to cause a tangible psychological injury." *Aponte-Rivera v. DHL Sots. (USA), Inc.*, 650 F.3d 803, 808 (1st Cir. 2011) (quoting *Harris*, 510 U.S. at 21). Thus, the Court should "distinguish between the ordinary, if occasionally unpleasant, vicissitudes of the workplace and actual harassment." *Noviello v. City of Boston*, 398 F.3d 76, 92 (1st Cir. 2005).

*Carvalho v. Santander Bank, N.A.*, supra at *16-17.

> First, a note on the legal precedent of the "severe or persuasive" standard. Over the past thirty years, while our society has continued to evolve in its recognition of what constitutes inappropriate behavior in the workplace, federal courts have increasingly narrowed the definition of what constitutes "severe or pervasive" conduct. This increasingly restrictive pattern has raised the threshold of what Plaintiffs must prove to have their hostile work

environment claim survive dismissal, let alone succeed on the merits. The gulf between social standards and the "severe or pervasive" legal standard has become undeniable. While society sees slapping someone's butt, forcing an employee to look at pornography, rubbing an employee's shoulders in a sexual manner, or staring at an employee's breasts to be sexual harassment, the courts continue to dismiss cases involving similar behavior because case law suggests that it constitutes "run-of-the-mill" behavior. Indeed, much of what courts have historically described as "mere boorish behavior," or "unpleasant vicissitudes of the workplace," considered insufficient for surviving summary judgment, would be considered sexual harassment by most workers today.

The Court believes that Chief Justice Earl Warren's command from over 60 years ago, made about the Eighth Amendment, rings equally true for Title VII: courts must consider the hostile work environment standards in light of "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101, 78 S. Ct. 590, 2 L. Ed. 2d 630 (1958). To remain fair and just, courts must apply the standard in a manner that reflects such changes in societal attitudes. Some courts have done just that. A steady chorus of criticism about the "severe or pervasive" standard for hostile work environment claims is rising.

*Carvalho v. Santander Bank, N.A.,* supra at *17-18.

The defendant seeks to truncate the Court's review of the allegations made against Brown University, by and through Rena Wing, to minimize the hostile environment and attempt to pigeonhole the allegations that had been addressed by a complaint previously. The more detailed recitation lays bare the inadequacy of the defendant's proposition.

Contrary to the defendant Brown University's assertion that the Plaintiff alleges a vague and limited statement, Plaintiff properly alleges that the defendant Wing, his supervisor, and an employee of the other three defendants, not only chastised, ridiculed and demeaned him in front of his colleagues, but also reduced his pay, limited his ability

26

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:47 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 120 of 224 PageID #: 149

to perform the functions of his position and poisoned his attempts to satisfy her
requirements and interfered with his ability to move within the defendant entities.

As alleged in the Verified Amended Complaint and set forth above:

In or about the end of 2018 and/or beginning of 2019, following major
surgery to repair a torn biceps muscle, Plaintiff returned to work several
weeks earlier than medically instructed to work on grant applications. *Id* at
¶54. In or about February 2019, upon Plaintiff's return to the workplace,
Defendant Wing instructed Plaintiff to pursue other funding sources and
informed him that he might need to "prostitute" himself to other departments
to obtain the additional funding she required. *Id* at ¶55. The Plaintiff found
this instruction, to "prostitute himself" offensive and humiliating. *Id* at ¶56.

When Plaintiff's funding levels were at their highest, he complied
with Defendant Wing's request to "help" cover the salaries of other
employees, even when those employees were no longer working on
Plaintiff's grants.  *Id* at ¶57. Upon information and belief, Defendant Wing
did not request any similarly situated females to cover the salaries of other
employees. *Id* at ¶58. Upon information and belief, Defendant Wing assisted
younger female employees in securing funding, including writing substantial
portions of grants they submitted and assisting in securing additional funding
through alternative sources. *Id* at ¶59. Defendant Wing asked another
researcher, Dr. Thomas, to put a junior female colleague on a grant instead
of Plaintiff. *Id* at ¶60.

In or about February 2019, Plaintiff attempted to engage Defendant
Wing in an attempt to secure alternate funding, which Defendant Wing failed
and/or refused to do. *Id* at ¶61. On or about May 20, 2019, Plaintiff was
notified of his promotion, via letter on Brown letterhead, to the rank of
Professor of Psychiatry and Human Behavior (Research) by unanimous
approval, with the appointment effective in the summer of 2019  2019 and
running through June 30, 2024. *Id* at ¶62. Upon information and belief, a
promotion to the rank of professor customarily carries with it an increase in
pay. *Id* at ¶63. In or about May 2019, Plaintiff informed Defendant Wing of
his promotion, which she demeaned by stating "I already know" and "I can't
pay you." Id at ¶64. Plaintiff did not receive an increase in pay commensurate
with his position as a professor. *Id* at ¶65.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 121 of 224 PageID #: 150

In or about October 2019, Defendant Wing threatened Plaintiff's grant writing activities. *Id* at ¶66. In or about October 2019, Wing told Plaintiff that he was of "no value", which Plaintiff found offensive and humiliating. *Id* at ¶67. In or about October 2019, Defendant Wing continued to subject Plaintiff to disparate treatment and negatively impacted his employment when she refused to assist Plaintiff in his efforts to comply with her directive and seek assistance from other departments to address her restrictions on his salary. *Id* at ¶68.

Defendant Wing also interfered with and/or refused to allow Plaintiff's engagement with other departments to maintain his employment and benefits of employment, including salary. *Id* at ¶69. In or about October 2019, Wing criticized Plaintiff for not engaging with a younger and more junior female member of the faculty for coordinated grant projects, without offering any basis for the criticism, other than she did not like it. *Id* at ¶70. In or about November 2019, Defendant Wing notified Plaintiff that his annual merit pay increase would be 1%. *Id* at ¶71. Upon information and belief, a 3% merit increase is customary. *Id* at ¶72. Upon information and belief, younger and less experienced and/or similarly situated female employees under Defendant Wing's supervision all received 3% merit pay increases. *Id* at ¶73.

Defendant Wing routinely diminished Plaintiff's accomplishments in his recognized specialty area of research in front of his colleagues and actively discouraged him from continuing to pursue this research, despite it being recognized nationally and internationally by multiple professional organizations. *Id* at ¶74. Defendant Wing did not criticize nor demean similarly situated female colleagues in front of others in the way she did with Plaintiff. *Id*.

On or about February 6, 2020, Defendant Wing informed Plaintiff that his full salary would only be paid through January 31, 2021, after which she would only cover 50% of Plaintiff's salary from February 1, 2021 through January 31, 2022. *Id* at ¶75. Defendant Wing unilaterally reduced Plaintiff's salary by 50% effective January 31, 2021. *Id* at ¶76.

On or about February 6, 2020, Defendant Wing informed Plaintiff that there were no further opportunities for him with the Defendants and that he should seek employment with other institutions. *Id* at ¶77. On or about February 7, 2020, Defendant Wing emailed Plaintiff asking him to sign a letter acknowledging the unilateral change in salary, intimating the signature

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 122 of 224 PageID #: 151

was a prerequisite for Plaintiff to work on a new grant with her. *Id* at ¶78. Plaintiff believed the offer to work on a new grant was contingent on his signing the letter Defendant Wing emailed and responded, via email, that he needed time to consider and learn more about the ramifications of the revised terms of employment she was unilaterally foisting upon him. *Id* at ¶79. On or about February 8, 2020, Defendant Wing, without permission, walked into Plaintiff's office, put the letter on Plaintiff's desk, pointed at it and angrily demanded that Plaintiff sign it. *Id* at ¶80. The Plaintiff restated his hesitancy and confusion since he was only in the first year of a five-year faculty appointment, to which Defendant Wing responded that the appointment was "just a piece of paper." *Id* at ¶81.

Defendant Wing consistently informed Plaintiff that his ability to cover his salary was substandard, but did not provide guidance as to what was needed or required from Plaintiff, refused any and all of Plaintiff's request for assistance and undermined Plaintiff's efforts to collaborate with other departments or otherwise satisfy her. *Id* at ¶82. Upon information and belief, other faculty members, specifically younger female faculty, at this time were not fully funded, were not submitting the same volume of grant applications as Plaintiff, were not publishing at anywhere near the same rate as Plaintiff, nor had they achieved an international reputation in their area of research. *Id* at ¶83. Upon information and belief, Defendant Wing did not unilaterally reduce the salary of those younger female faculty members, require them to seek other funding and/or fail to assist them in finding or providing funding for their salaries. *Id*.

In or about November 2020, Plaintiff sought alternate funding through another department/division of the Defendant entities to maintain and increase his funding and to maintain his employment. *Id* at ¶91. Plaintiff's contact with another department/division of the Defendant entities was met with interest and potential. *Id* at ¶92. On or about January 4, 2021, Plaintiff was notified by Defendant Wing by emailed letter that his employment would be terminated as of December 31, 2021. *Id* at ¶93. On or about January 4, 2021, Plaintiff was notified by Defendant Wing via emailed letter that his salary would be reduced by 50% in February 2021. *Id* at ¶94 Despite the initial interest from the other department, the head of that department failed to respond to Plaintiff's subsequent contacts. *Id* at ¶95. In or about January of 2021, Plaintiff met with Michael Henderson, Vice President of Lifespan's Office of Research Administration, and inquired if there was any policy that

29

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H
CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 123 of 224 PageID #: 152

permitted Defendant Wing to restrict Plaintiff's grant submissions. *Id* at ¶96. Mr. Henderson responded he was unaware of any such policy. *Id*. During the January 2021 meeting with Mr. Henderson, Plaintiff expressed that he felt Defendant Wing was interfering with his career opportunities and treating him differently than less experienced and/or similarly situated female colleagues. *Id* at ¶97. Mr. Henderson responded that Lifespan human resources would not get involved and Defendant Wing had "full authority." Id. Plaintiff expressed a desire to remain within Defendants' system. Mr. Henderson offered to help "make it happen." *Id* at ¶98. In or about March 2021, Plaintiff learned that Defendant Wing had commenced communication with the head of the department with whom Plaintiff had sought potential additional funding. *Id* at ¶99. In or about March 2021, Plaintiff learned that a stipend that he had secured and for which he had been approved, was transferred to Defendant Wing's department. *Id* at ¶100. Defendant Wing informed Plaintiff that not only was he not allowed to use the stipend as an alternate means of funding the remaining 50% of his salary, but that she would be using the stipend to reduce her contribution to his reduced salary. *Id*.

This detailed factual set of allegations asserts a complete poisoning of Plaintiff's work environment, from undue criticism, to straight forward demeaning of Plaintiff, removing Plaintiff's financial viability in his department and reducing his pay. These are sufficient allegations to support the claim of a hostile work environment.

The defendant seeks, by attempting to draw the allegations made so narrowly and cover their actions in precedent from two decades ago, to have this Court dismiss the claim. The facts as set forth are sufficient to withstand the defendant's motion. Additionally, the changing societal evaluation of these claims fails to support the defendant's motion. As Judge McConnell eloquently observes, old precedent has allowed actions that are clearly violative of today's standards and concepts of a hostile work environment. It is improper to measure today's hostile work environment by what was allowed in the 1990's and early

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 124 of 224 PageID #: 153

2000s. This would ignore society's growth and the incorporation of those standards in the Court's evaluation of the claim of a hostile work environment.

By the foregoing, Plaintiff's allegations support his claim of a hostile work environment and are sufficient, adequate and proper. For the foregoing reasons, defendant Brown University's motion should be denied and dismissed.

Respectfully submitted,
DALE BOND
By and through his attorneys,

*/s/ Christine L. Marinello*
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

*/s/ David S. Cass*
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 4/22/2022 8:41 AM
Envelope: 3591201
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 125 of 224 PageID #: 154

## CERTIFICATE OF SERVICE

I hereby certify that, on the __22nd__ day of April 2022, I electronically served this document with notice to the following parties:

Mitchell R. Edwards (# 6942)
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI 02903
medwards@hinckleyallen.com
rnerney@hinckleyallen.com

Jillian S. Folger-Hartwell (#6970)
Julia R. Shackleton (#10015)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
jfolgerhartwell@littler.com
jshackleton@littler.com

The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/David S. Cass

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**
**PROVIDENCE, SC.**

---

**DALE BOND**

**vs.**                                            **Civil Action No. PC-2022-00335**

**LIFESPAN CORPORATION; THE MIRIAM**
**HOSPITAL; BROWN UNIVERSITY; and**
**RENA WING**

---

### DEFENDANT BROWN UNIVERSITY'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant Brown University ("Defendant" or "Brown") does not object to Plaintiff Dale

Bond's ("Plaintiff" or "Mr. Bond") filing an amended complaint.

Additionally, Brown agrees to pass its pending Rule 12(b)(6) Motion to Dismiss because

there will be a new Amended Complaint in this matter.  Brown will review Plaintiff's Amended

Complaint and determine whether Brown will file a new Rule 12 motion, an answer, or other

responsive pleading in response to the to be filed Amended Complaint.

Respectfully Submitted,
Defendant BROWN UNIVERSITY,

By Its Attorneys,

*/s/ Mitchell R. Edwards*

Dated: May 2, 2022                    Mitchell R. Edwards (# 6942)
                                      Rita E. Nerney (# 9713)
                                      Hinckley, Allen & Snyder LLP
                                      100 Westminster Street, Suite 1500
                                      Providence, Rhode Island 02903
                                      T:  (401) 274-2000
                                      F:  (401) 277-9600
                                      medwards@hinckleyallen.com
                                      rnerney@hinckleyallen.com

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/2/2022 1:45 PM
Envelope: 3604003
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 127 of 224 PageID #: 156

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 2, 2022, a copy of the foregoing was filed and served through the electronic filing system.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/ Mitchell R. Edwards*

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

DALE BOND,

             PLAINTIFF,

    v.

LIFESPAN CORPORATION[1], THE MIRIAM
HOSPITAL, BROWN UNIVERSITY, AND
RENA WING,

             DEFENDANTS.

C. A. NO. PC2022-00335

## ENTRY OF APPEARANCE OF JULIA R. SHACKLETON

I, Julia R. Shackleton, of Littler Mendelson, P.C. hereby enter my appearance as counsel for Defendants Lifespan Corporation, The Miriam Hospital and Rena Wing in the above-captioned matter. I will represent Defendants together with Jillian S. Folger-Hartwell of Littler Mendelson, P.C.

LIFESPAN CORPORATION, THE MIRIAM HOSPITAL and RENA WING,

By their attorneys,

*/s/ Julia R. Shackleton*
Jillian S. Folger-Hartwell (#6970)
Julia R. Shackleton (#10015)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (fax)
jfolgerhartwell@littler.com
jshackleton@littler.com

Dated: May 3, 2022

---

[1] Lifespan Corporation was at no time Plaintiff's employer and is an improperly named party to this matter.

1

## **CERTIFICATE OF SERVICE**

I, Julia R. Shackleton, hereby certify that on the 3rd day of May, 2022, the foregoing document was filed and served through the electronic filing system on the following parties. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Christine L. Marinello, Esq.
650 Ten Rod Road
North Kingstown, RI  02852
cm@cmlawri.com

David S. Cass, Esq.
One Davol Square, 4th floor
Providence, RI  02903
david@davidcasslaw.com

Mitchell R. Edwards, Esq.
Rita E. Nerney, Esq.
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI  02903
medwards@hinckleyallen.com
rnerney@hinckleyallen.com

                                        */s/ Julia R. Shackleton*
                                        Julia R. Shackleton

4858-8524-5726.1 / 062871-1017
05/03/22

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/3/2022 8:10 PM
Envelope: 3606708
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 130 of 224 PageID #: 159

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                    SUPERIOR COURT

DALE BOND

       *v.*                                    C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

## <u>ORDER</u>

       This matter was scheduled to be heard before the Honorable Court, Justice R. David Cruise presiding, on Plaintiff's Motion to Amend his complaint and, no objection having been filed, pursuant to Rule 7 of the Rules of Civil Procedure, by rule of Court it is hereby:

## <u>ORDERED, ADJUDGED, AND DECREED</u>:

1.    That Plaintiff's Motion to Amend is <u>Granted</u>.

2.    The Amended Complaint submitted with and attached to the motion is the Complaint of record.

Entered as an Order of this Honorable Court on the ___ day of _____, ____.

**ENTER:**                                    **PER ORDER:**

_____        _____
                                                                          /s/ Andrew Donovan
**Associate Justice R. David Cruise**        **Clerk**    Deputy Clerk I
                                                                          May 6, 2022

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/3/2022 8:10 PM
Envelope: 3606708
Reviewer: Carol M.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 131 of 224 PageID #: 160

Respectfully submitted,
DALE BOND
By and through his attorneys,


*/s/ Christine L. Marinello*
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com


*/s/ David S. Cass*
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com


## CERTIFICATE OF SERVICE

I hereby certify that, on the 3rd day of May 2022, I electronically served this document with notice to the following parties:


Mitchell R. Edwards (# 6942)
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI 02903
medwards@hinckleyallen.com
rnerney@hinckleyallen.com

Jillian S. Folger-Hartwell (#6970)
Julia R. Shackleton (#10015)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
 jfolgerhartwell@littler.com
jshackleton@littler.com


The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.


*/s/David S. Cass*


2

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/3/2022 8:10 PM
Envelope: 3606708
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 132 of 224 PageID #: 161

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                          SUPERIOR COURT


DALE BOND

    *v.*                                         C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING


## ORDER

This matter was scheduled to be heard before the Honorable Court, Justice R. David Cruise presiding, on Plaintiff's Motion to Amend his complaint and, no objection having been filed, pursuant to Rule 7 of the Rules of Civil Procedure, by rule of Court it is hereby:


## ORDERED, ADJUDGED, AND DECREED:


1.      That Plaintiff's Motion to Amend is <u>Granted</u>.

2.      The Amended Complaint submitted with and attached to the motion is the Complaint of record.

Entered as an Order of this Honorable Court on the ___ day of _____, ____.

**ENTER:**                                         **PER ORDER:**


_____          _____
                                                          /s/ Andrew Donovan
**Associate Justice R. David Cruise**     **Clerk**   Deputy Clerk I
                                                          May 6, 2022


1

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/3/2022 8:10 PM
Envelope: 3606708
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 133 of 224 PageID #: 162

Respectfully submitted,
DALE BOND
By and through his attorneys,

*/s/ Christine L. Marinello*
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

*/s/ David S. Cass*
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 3rd day of May 2022, I electronically served this document with notice to the following parties:

Mitchell R. Edwards (# 6942)
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI 02903
medwards@hinckleyallen.com
rnerney@hinckleyallen.com

Jillian S. Folger-Hartwell (#6970)
Julia R. Shackleton (#10015)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI 02903
 jfolgerhartwell@littler.com
jshackleton@littler.com

The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/David S. Cass*

STATE OF RHODE ISLAND                        SUPERIOR COURT
PROVIDENCE, SC.

DALE BOND

vs.                                          Civil Action No. PC-2022-00335

LIFESPAN CORPORATION; THE MIRIAM
HOSPITAL; BROWN UNIVERSITY; and
RENA WING

## **EXTENSION STIPULATION**

By agreement of the parties, the time within which Defendant Brown University may

answer, move, or otherwise respond to Plaintiff's Amended Complaint is extended until and

including June 1, 2022.

DALE BOND                                    BROWN UNIVERSITY

By his Attorneys,                            By its Attorneys,

*/s/ Christine L. Marinello*                 */s/ Mitchell R. Edwards*
Christine L Marinello (# 6191)               Mitchell R. Edwards (# 6942)
650 Ten Rod Road                             Rita E. Nerney (# 9713)
North Kingstown, Rhode Island  02852         Hinckley, Allen & Snyder LLP
T:  (401) 747-3968                           100 Westminster Street, Suite 1500
cm@cmlawri.com                               Providence, Rhode Island  02903
                                             T:  (401) 274-2000
*/s/ David S. Cass*                          F:  (401) 277-9600
David S. Cass (# 5044)                       medwards@hinckleyallen.com
One Davol Square, 4th Floor                  rnerney@hinckleyallen.com
Providence, Rhode Island  02903
T:  (508) 889-2674
david@davidcasslaw.com


DATED:  May 9, 2022

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/9/2022 9:33 AM
Envelope: 3612750
Reviewer: Victoria H

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, I filed and served the foregoing document through the electronic filing system.  The electronically filed document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.


*/s/ Mitchell R. Edwards*

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 136 of 224 PageID #: 165

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

---

DALE BOND,

          PLAINTIFF,

    v.

LIFESPAN CORPORATION[1], THE MIRIAM
HOSPITAL, BROWN UNIVERSITY, AND
RENA WING,

          DEFENDANTS.

C. A. NO. PC2022-00335

---

## DEFENDANTS LIFESPAN CORPORATION, THE MIRIAM HOSPITAL, AND RENA WING'S ANSWER TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT

Defendants Lifespan Corporation ("Lifespan Corporation"), the Miriam Hospital ("Miriam Hospital"), and Rena Wing ("Wing") (collectively, "Miriam Defendants") hereby answer Plaintiff Dale Bond's ("Plaintiff") Verified Amended Complaint in accordance with the numbered paragraphs as follows:

    1.     The allegations in Paragraph 1 are comprised of legal conclusions to which no response is necessary. To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 1.

    2.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

    3.     The allegations relating to "sufficient minimum contacts" for "this Commission to exercise jurisdiction" are comprised of legal conclusions to which no response is required. These allegations also refer to a "Commission" without reference to any identifying information

---

[1] Lifespan Corporation was at no time Plaintiff's employer and is an improperly named party to this matter.

1

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 137 of 224 PageID #: 166

concerning what "Commission," and thus Miriam Defendants lack knowledge or information sufficient to from a belief as to the truth of such allegations. To the extent a response is necessary to these allegations, Miriam Defendants deny them. Miriam Defendants admit the remaining allegations in Paragraph 3.

4.        The allegations relating to "sufficient minimum contacts" for "this Commission to exercise jurisdiction" are comprised of legal conclusions to which no response is required. These allegations also refer to a "Commission" without reference to any identifying information concerning what "Commission," and thus Miriam Defendants lack knowledge or information sufficient to from a belief as to the truth of such allegations. To the extent a response is necessary to these allegations, Miriam Defendants deny them. Miriam Defendants admit the remaining allegations in Paragraph 4.

5.        The allegations contained in Paragraph 5 are directed to another party or parties to this action, and no responsive pleading is required by Miriam Defendants. To the extent a response is required, upon information and belief, Miriam Defendants admit the allegations in Paragraph 5.

6.        Miriam Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 concerning what Plaintiff believes constitutes "all times pertinent to this complaint." Miriam Defendants deny the remaining allegations in Paragraph 6.

<u>Statement of Facts</u>

7.        Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 are comprised of legal conclusions to which no response is required.   To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 are comprised of legal conclusions to which no response is required.   To the extent a response is necessary, and the allegations are directed to Brown University, Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

10.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.      Miriam Defendants deny the allegations in Paragraph 11.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

12.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 concerning what Plaintiff believes constitutes "all times relevant to the complaint."  Miriam Defendants deny the remaining allegations in Paragraph 12.

13.      Miriam Defendants admit that Plaintiff was employed as a Senior Research Scientist by Miriam Hospital.   Answering further, Miriam Defendants admit Plaintiff was a research mentor of the Postdoctoral Training in Cardiovascular Behavioral Medicine Program through Miriam Hospital.  Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13.  To the extent the allegations

3

contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

14.     Miriam Defendants admit the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, and the allegations are directed to Miriam Defendants, Miriam Defendants lack knowledge of information sufficient to form a belief as to the remaining allegations in Paragraph No. 15.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

16.     Miriam Defendants admit that Brown University appointed Plaintiff as a Brown faculty member.  Miriam Defendants admit that Miriam Hospital paid Plaintiff's salary.  Miriam Defendants deny that Lifespan Corporation paid Plaintiff's salary.  Miriam Defendants lack information sufficient to form a belief as to the truth of the allegations concerning "research faculty."  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

17.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

18.     Miriam Defendants admit Brown University appointed Plaintiff as a faculty member.  Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

4

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 140 of 224 PageID #: 169

19.     Miriam Defendants admit Miriam Hospital set Plaintiff's employment duties, promotion, and pay.  Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

20.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

21.     Miriam Defendants deny the allegations directed to them regarding their conduct in Paragraph 21.  Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Brown University's conduct.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

22.     Miriam Defendants deny the allegations contained in Paragraph 22.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

23.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

24.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.  To the extent the allegations contained in this

paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

25.     Miriam Defendants deny the allegations contained in Paragraph 25. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

26.     Miriam Defendants deny the allegations contained in Paragraph 26. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

27.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     Miriam Defendants deny the allegations in Paragraph 28.

29.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning what Plaintiff believes constitutes "Lifespan's website." To the extent a response is required, Miriam Defendants admit the allegations contained in Paragraph 29.

30.     Miriam Defendants admit Plaintiff published research papers with credit to Miriam Hospital. Miriam Defendants deny the remaining allegations contained in Paragraph 30.

31.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 concerning what Plaintiff believes constitutes "at all times pertinent to this complaint" and "Brown University's website." Miriam Defendants admit Wing has the academic title of "Professor" with Brown University.

32.     Miriam Defendants admit the allegations in Paragraph 32.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 142 of 224 PageID #: 171

33.     Miriam Defendants deny the allegations in Paragraph 33 that Wing's LinkedIn profile identifies her "employment" as "Professor of Psychiatry at The Miriam Hospital, Brown [sic]MNedical School."

34.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 concerning what Plaintiff believes constitutes "Miriam's website" and "all times relevant to the matters set forth in the complaint." To the extent a response is required, Miriam Defendants admit the allegations contained in Paragraph 34 that are on the Weight Control & Diabetes Research Center website.

35.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 35. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

36.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

37.     Miriam Defendants admit the allegations in Paragraph 37.

38.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

39.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39. To the extent the allegations contained in this

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 143 of 224 PageID #: 172

paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

40.    Miriam Defendants state that to the extent that the factual allegations contained in Paragraph 40 refer to a written document, the document speaks for itself.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

41.    Miriam Defendants deny the allegations contained in Paragraph 41.

42.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

43.    Miriam Defendants admit the allegations contained in Paragraph 43.

44.    Miriam Defendants deny the allegations in Paragraph 44.

45.    Miriam Defendants deny the allegations in Paragraph 45.

46.    Miriam Defendants deny the allegations contained in Paragraph 46.

47.    Miriam Defendants admit that Brown University has the ability to promote, demote, terminate, and discipline Wing's academic title as professor with Brown University. Otherwise denied.

48.    Miriam Defendants admit that in her role as Professor, Wing was subject to the Brown University Code of Conduct.

49.    Miriam Defendants deny the allegations contained in Paragraph 49.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 144 of 224 PageID #: 173

50.    Miriam Defendants admit the allegations in Paragraph 50 as it relates to Wing's academic title as Professor.  Otherwise denied.

51.    Miriam Defendants deny the allegations in Paragraph 51.

52.    Miriam Defendants deny the allegations in Paragraph 52.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

53.    Miriam Defendants deny the allegations in Paragraph 53.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

54.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55.    Miriam Defendants admit Wing encouraged Plaintiff to pursue diverse funding sources.  Miriam Defendants deny the remaining allegations in Paragraph 55.

56.    Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56 concerning Plaintiff's feelings.   Miriam Defendants deny the remaining allegations in Paragraph 56.

57.    Miriam Defendants deny the allegations in Paragraph 57.

58.    Miriam Defendants admit Wing asked other employees to assist giving colleagues work.  Miriam Defendants deny the remaining allegations in Paragraph 58.

59.    Miriam Defendants deny the allegations in Paragraph 59.

60.    Miriam Defendants admit Wing asked Thomas to work with a female colleague. Miriam Defendants deny the remaining allegations in Paragraph 60.

61.    Miriam Defendants deny the allegations in Paragraph 61.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 145 of 224 PageID #: 174

62.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

63.      Miriam Defendants admit that appointment to a professor position can result in a pay increase.  Miriam Defendants deny the remaining allegations in Paragraph 63.

64.      Miriam Defendants admit Plaintiff informed Wing he was appointed as professor. Miriam Defendants deny the remaining allegations in Paragraph 64.

65.      Miriam Defendants admit that Plaintiff did not receive a pay increase because of his appointment to professor.  Miriam Defendants deny the remaining allegations in Paragraph 65.

66.      Miriam Defendants deny the allegations in Paragraph 66.

67.      Miriam Defendants deny the allegations in Paragraph 67.

68.      Miriam Defendants deny the allegations in Paragraph 68.

69.      Miriam Defendants deny the allegations in Paragraph 69.

70.      Miriam Defendants deny the allegations in Paragraph 70.

71.      Miriam Defendants deny the allegations in Paragraph 71.

72.      Miriam Defendants admit some employees receive a 3% pay increase.  Miriam Defendants deny the remaining allegations in Paragraph 72.

73.      Miriam Defendants deny the allegations in Paragraph 73.

74.      Miriam Defendants admit Wing did not improperly criticize or demean researchers in front of others.  Miriam Defendants deny the remaining allegations in Paragraph 74.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 146 of 224 PageID #: 175

75.    Miriam Defendants admit the allegations in Paragraph 75.

76.    Miriam Defendants deny the allegations in Paragraph 76.

77.    Miriam Defendants admit Wing told Plaintiff he should seek employment opportunities with other departments.  Miriam Defendants deny the remaining allegations in Paragraph 77.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

78.    Miriam Defendants deny the allegations in Paragraph 78.

79.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 concerning Plaintiff's beliefs.  The remaining allegations in Paragraph 79 refer to a document/email, the contents of which speaks for itself and require no response.  To an extent a response is required, Miriam Defendants deny the remaining allegations in Paragraph 79.

80.    Miriam Defendants deny the allegations in Paragraph 80.

81.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 concerning Plaintiff's thoughts and/or motivation. Miriam Defendants deny the remaining allegations in Paragraph 81.

82.    Miriam Defendants deny the allegations in Paragraph 82.

83.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of what "information and belief" Plaintiff has.  Miriam Defendants admit that other researchers differed from Plaintiff with regard to number of grant applications, degree of "publishing," and/or with regard to "reputation."  Miriam Defendants admit some other researchers were women and younger than Plaintiff.  Miriam Defendants admit no other researcher in Wing's center failed to perform his or her job duties to secure required funding to

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 147 of 224 PageID #: 176

the degree Plaintiff failed to do so. Miriam Defendants admit that Plaintiff's ability to secure

funding fell far below that of his colleagues. Miriam Defendants admit Plaintiff was the only

researcher for whom Wing provided a one-year warning and change in salary coverage. Miriam

Defendants deny the remaining allegations in Paragraph 83.

84.     The allegations in Paragraph 84 that Wing subjected any individual to a "hostile

work environment" and "adverse employment actions" consist of legal conclusions to which no

response is required. To the extent a response is necessary to those allegations, Miriam

Defendants deny those allegations. Miriam Defendants admit Wing gave Plaintiff a one-year

warning that the center would not fully fund his salary. Miriam Defendants admit that Wing did

not subject researchers to "humiliation, reduction in financial and career opportunities . . . or

threats." Miriam Defendants deny the remaining allegations in Paragraph 84.

85.     Miriam Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 85. To the extent the allegations contained in this

paragraph are directed to another party or parties to this action, no responsive pleading is

required by Miriam Defendants.

86.     Miriam Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 86. To the extent the allegations contained in this

paragraph are directed to another party or parties to this action, no responsive pleading is

required by Miriam Defendants.

87.     Miriam Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 87. To the extent the allegations contained in this

paragraph are directed to another party or parties to this action, no responsive pleading is

required by Miriam Defendants.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 148 of 224 PageID #: 177

88.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

89.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

90.      Miriam Defendants deny the allegations in Paragraph 90.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants

91.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

93.      Miriam Defendants admit the allegations in Paragraph 93.

94.      Miriam Defendants admit the remaining allegations in Paragraph 94.

95.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

96.     Miriam Defendants deny that Henderson told Plaintiff there was no policy permitting Wing to decline participation in Plaintiff's grant submissions.   Miriam Defendants admit the remaining allegations in Paragraph 96.

97.     Miriam Defendants deny the allegations in Paragraph 97.

98.     Miriam Defendants deny the allegations in Paragraph 98.

98.     [sic]Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 98 concerning what Plaintiff "learned."

99.     Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 99 concerning what Plaintiff "learned."   Miriam Defendants admit the remaining allegations in Paragraph 99.

100.    Miriam Defendants deny the allegations in Paragraph 100.

101.    Miriam Defendants deny the allegations in Paragraph 101.

102.    Miriam Defendants deny the allegations in Paragraph 102.

103.    Miriam Defendants deny the allegations in Paragraph 103.

104.    Miriam Defendants deny the allegations in Paragraph 104.

105.    The allegations concerning a "hostile work environment" in Paragraph 105 are comprised of legal conclusions to which no response is required.   To the extent a response is necessary, Miriam Defendants deny the allegations.   Miriam Defendants admit that Wing did not treat employees improperly.   Miriam Defendants deny the remaining allegations in Paragraph 105.

106.    The allegations in Paragraph 106 are comprised of legal conclusions to which no response is required.   To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 106.

107.    The allegations concerning "adverse employment actions" and "retaliation" in Paragraph 107 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny those allegations.  Miriam Defendants deny the remaining allegations in Paragraph 107.

108.    Miriam Defendants deny the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 109.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

110.    Miriam Defendant's deny the allegations in Paragraph 110 as they relate to Wing's and Plaintiff's employment.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

111.    Miriam Defendants deny the allegations in Paragraph 111.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

112. The allegations in Paragraph 112 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, and the allegations are directed to Brown University, Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 112.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

113.    The allegations in Paragraph 113 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 113.

## **COUNT I**

*Discrimination -RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

114.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-113 referenced in Paragraph 114.

115.    Miriam Defendants deny the allegations in Paragraph 115.

116.    Miriam Defendants deny the allegations in Paragraph 116.

Miriam Defendants state that the paragraph following Paragraph 116, beginning with "WHEREFORE," consists of demands and statements to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 116, beginning with "WHEREFORE."

## **COUNT II**

*Retaliation -RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

117.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-116 referenced in Paragraph 117.

118.    Miriam Defendants deny the allegations in Paragraph 118.

119.    Miriam Defendants deny the allegations in Paragraph 119.

Miriam Defendants state that the paragraph following Paragraph 119, beginning with "WHEREFORE," consists of demands and statements to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 119, beginning with "WHEREFORE."

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 152 of 224 PageID #: 181

<u>**COUNT III**</u>

*Hostile work environment - RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

120.    Miriam Defendants deny the allegations in Paragraph 120.

121.    Miriam Defendants deny the allegations in Paragraph 121.

122.    Miriam Defendants deny the allegations in Paragraph 122.

Miriam Defendants state that the paragraph following Paragraph 122, beginning with "WHEREFORE," consists of demands and statements to which no response is required. To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 122, beginning with "WHEREFORE."

<u>**AFFIRMATIVE DEFENSES**</u>

FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted.

SECOND DEFENSE

Miriam Defendants are not the proper parties in interest to some or all of Plaintiff's claims, including but not limited to no individual liability under the law.

THIRD DEFENSE

Plaintiff's own conduct was the proximate cause of any damage he sustained.

FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

FIFTH DEFENSE

Any and all actions Miriam Defendants took with respect to Plaintiff, they took for legitimate lawful reasons.

17

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 153 of 224 PageID #: 182

## SIXTH DEFENSE

Miriam Defendants acted at all times in good faith with respect to Plaintiff, and in full compliance with all applicable laws.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

At all times relevant to the allegations in the Complaint, Miriam Defendants had effective policies for the prevention and correction of unlawful practices, and exercised reasonable care to prevent and promptly correct any unlawful practices. Notwithstanding the existence of these policies, Plaintiff unreasonably failed to utilize them in connection with the allegations of unlawful practices asserted in the Complaint.

## NINTH DEFENSE

Plaintiff is not entitled to punitive, exemplary or liquidated damages.

## TENTH DEFENSE

Plaintiff is not entitled to attorneys' fees and/or costs.


WHEREFORE, Miriam Defendants, respectfully request that this Court:

1.     Dismiss the Complaint against them with prejudice;

2.     Enter judgment in their favor against Plaintiff on all counts;

3.     Award Miriam Defendants costs and reasonable attorney's fees incurred in defending this action; and

4.     Award Miriam Defendants such other and further relief as the Court may deem just and appropriate.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 5/16/2022 6:25 PM
Envelope: 3625445
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 154 of 224 PageID #: 183

LIFESPAN CORPORATION, THE MIRIAM
HOSPITAL and RENA WING,

By their attorneys,

/s/ Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell (#6970)
Julia R. Shackleton (#10015)
LITTLER MENDELSON, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
(401) 824-2500
(401) 454-2969 (fax)
jfolgerhartwell@littler.com
jshackleton@littler.com

Dated: May 16, 2022

**CERTIFICATE OF SERVICE**

I, Jillian S. Folger-Hartwell, hereby certify that on the 16th day of May, 2022, the
foregoing document was filed and served through the electronic filing system on the following
parties.   The document electronically filed and served is available for viewing and/or
downloading from the Rhode Island Judiciary's Electronic Filing System.

Christine L. Marinello, Esq.
650 Ten Rod Road
North Kingstown, RI  02852
cm@cmlawri.com

David S. Cass, Esq.
One Davol Square, 4th floor
Providence, RI  02903
david@davidcasslaw.com

/s/ Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell

4885-5928-7327.3 / 062871-1017
05/16/22

19

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 6/3/2022 2:15 PM
Envelope: 3650661
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 155 of 224 PageID #: 184

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

---

DALE BOND

vs.                                            C.A. No. PC-2022-00335

LIFESPAN CORPORATION; THE MIRIAM
HOSPITAL; BROWN UNIVERSITY; and
RENA WING

---

## BROWN UNIVERSITY'S ANSWER TO PLAINTIFF'S
## VERIFIED AMENDED COMPLAINT

Defendant Brown University ("Brown") hereby answers the Verified Amended

Complaint filed by Plaintiff Dale Bond ("Plaintiff" or "Mr. Bond") as follows:

1.      Paragraph 1 states a legal conclusion to which no response is required.  To the

extent a response is required, Brown denies the allegations in Paragraph 1.

2.      Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 2 and therefore denies the same.

3.      Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 3 and therefore denies the same.

4.      Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 4 and therefore denies the same.

5.      Admitted.

6.      Brown denies that Rena Wing is a Brown employee.  Brown is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 6 and therefore denies the same.

## STATEMENT OF FACTS

7.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies the same.

8.      Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, Brown denies the allegations in Paragraph 8.

9.      Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Brown denies the allegations in Paragraph 9 to the extent they are directed against Brown.  To the extent the allegations are directed against other defendants, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the same.

10.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11.     Brown denies the allegations in Paragraph 11 to the extent they are directed against Brown.  To the extent the allegations are directed against other defendants, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13.     Brown denies that plaintiff was employed in any capacity by Brown.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies the same.

14.     Brown admits only that Defendant Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University.  Brown is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore denies the same.

15.     Paragraph 15 states a legal conclusion to which no response is required.  To the extent a response is required, Brown denies the allegations in Paragraph 15.

16.     Brown admits only that Brown appointed Plaintiff as a Brown research faculty member at Brown University.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 and therefore denies the same.

17.     To the extent the allegations of Paragraph 17 refer to documents, the documents are in writing and Brown denies any characterization of the documents.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies the same.

18.     Brown admits only that Brown appointed Plaintiff as a Brown research faculty member.  To the extent the allegations of Paragraph 18 refer to a website, the website is in writing and Brown denies any characterization of the website.  Any remaining allegations are denied.

19.     Denied.

20.     Brown admits only that Plaintiff held the positions Assistant Professor, Associate Professor and Full Professor.  Brown lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 and therefore denies the same.

21.     Denied.

22.     Denied.

23.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies the same.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 6/3/2022 2:16 PM
Envelope: 3650661
Reviewer: Victoria H

1:21-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 158 of 224 PageID #: 187

24.     To the extent the allegations of Paragraph 24 refer to a document, the document is in writing and Brown denies any characterization of the document. Any remaining allegations are denied.

25.     Brown denies that plaintiff was employed by Brown. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies the same.

26.     Brown denies that it had the ability to terminate Plaintiff as Brown did not employ Plaintiff. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies the same.

27.     Brown admits only that Plaintiff's affiliation with Brown was contingent upon his continued employment with The Miriam Hospital. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies the same.

28.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies the same.

29.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies the same.

30.     Brown admits only Plaintiff published research papers with credit to Brown University. Brown denies the remaining allegations of paragraph 30.

31.     Brown admits only that Defendant Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University. To the extent the allegations of Paragraph 31 refer to a website, the website is in writing and Brown denies any

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 6/3/2022 2:16 PM
Envelope: 3650661
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 159 of 224 PageID #: 188

characterization of the website.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 and therefore denies the same.

32.     Brown admits only that Defendant Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies the same.

33.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies the same.

34.     To the extent the allegations of Paragraph 34 refer to a website, the website is in writing and Brown denies any characterization of the website.  Any remaining allegations are denied.

35.     To the extent the allegations of Paragraph 35 refer to a website, the website is in writing and Brown denies any characterization of the website.  Any remaining allegations are denied.

36.     To the extent the allegations of Paragraph 36 refer to a website, the website is in writing and Brown denies any characterization of the website.  Any remaining allegations are denied.

37.     Brown admits that on April 19, 2018, Jill Pipher, Vice President for Research at Brown, and Brown Provost Richard M. Locke presented Dr. Wing with a Research Achievement Award during a Celebration of Research ceremony at Brown's Faculty Club.  Any remaining allegations are denied.

CV-00081-JJM-LDA     Document 1-3     Filed 02/24/23     Page 160 of 224 PageID #: 189

38.     To the extent the allegations of Paragraph 38 refer to a website, the website is in writing and Brown denies any characterization of the website.  Any remaining allegations are denied.

39.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies the same.

40.     To the extent the allegations of Paragraph 40 refer to a document, the document is in writing and Brown denies any characterization of the document.  Any remaining allegations are denied.

41.     To the extent the allegations of Paragraph 41 refer to a document, the document is in writing and Brown denies any characterization of the document.  Any remaining allegations are denied.

42.     To the extent the allegations of Paragraph 42 refer to a document, the document is in writing and Brown denies any characterization of the document.  Any remaining allegations are denied.

43.     To the extent the allegations of Paragraph 43 refer to a website, the website is in writing and Brown denies any characterization of the website.  Any remaining allegations are denied.

44.     Denied.

45.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies the same.

46.     Denied.

47.     Brown admits only that Brown had the ability to promote, demote, terminate and discipline Defendant Wing with respect to her academic title as professor at Brown. Any remaining allegations are denied.

48.     To the extent the allegations of Paragraph 48 refer to a document, the document is in writing and Brown denies any characterization of the document. Any remaining allegations are denied.

49.     Brown denies that it employs Rena Wing. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 and therefore denies the same.

50.     Brown admits only that Defendant Wing's appointment and reappointments as professor have been granted by Brown. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 and therefore denies the same.

51.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies the same.

52.     Brown denies the allegations in paragraph 52. To the extent the allegations contained in this paragraph are directed at other defendants, no response is required by Brown.

53.     Denied.

54.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies the same.

55.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies the same.

56.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies the same.

57.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies the same.

58.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies the same.

59.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies the same.

60.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies the same.

61.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies the same.

62.     Brown admits only that plaintiff's notification of rank of full professor is in writing and Brown denies any characterization of that document.  Any remaining allegations are denied.

63.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies the same.

64.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies the same.

65.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies the same.

66.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies the same.

67.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies the same.

68.      To the extent the allegations in Paragraph 68 state a legal conclusion, no response is required.  To the extent a response is required, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies the same.

69.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies the same.

70.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies the same.

71.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies the same.

72.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies the same.

73.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies the same.

74.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies the same.

75.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies the same.

76.      Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies the same.

77.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies the same.

78.     To the extent the allegations in Paragraph 78 refer to a document, the document is in writing and Brown denies any characterization of the document.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 78 and therefore denies the same.

79.     To the extent the allegations in Paragraph 79 refer to a document, the document is in writing and Brown denies any characterization of the document.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79 and therefore denies the same.

80.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies the same.

81.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies the same.

82.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies the same.

83.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies the same.

84.     To the extent the allegations in Paragraph 84 state a legal conclusion, no response is required.  To the extent a response is required, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies the same.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 6/3/2022 2:16 PM
Envelope: 3650661
Reviewer: Victoria H

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 165 of 224 PageID #: 194

85.     To the extent the allegations in Paragraph 85 state a legal conclusion, no response is required.  To the extent a response is required, Brown denies the allegations of paragraph 85.

86.     To the extent the allegations in Paragraph 86 state a legal conclusion, no response is required.  To the extent a response is required, Brown admits only that Plaintiff met with Dr. Rasmussen.  Any remaining allegations are denied.

87.     Brown admits only that Plaintiff met with Dr. Rasmussen.  Any remaining allegations are denied.

88.     Brown admits only that Plaintiff met with Dr. Rasmussen.  Any remaining allegations are denied.

89.     To the extent the allegations in Paragraph 89 state a legal conclusion, no response is required.  To the extent a response is required, Brown denies the allegations in Paragraph 89.

90.     Denied.

91.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies the same.

92.     Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies the same.

93.     To the extent the allegations in Paragraph 93 refer to a document, the document is in writing and Brown denies any characterization of the document.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 93 and therefore denies the same.

94.     To the extent the allegations in Paragraph 94 refer to a document, the document is in writing and Brown denies any characterization of the document.  Brown is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of paragraph

94 and therefore denies the same.

95.     Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 95 and therefore denies the same.

96.     Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 96 and therefore denies the same.

97.     Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 97 and therefore denies the same.

98.     Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 98 and therefore denies the same.

98. [sic] Brown is without knowledge or information sufficient to form a belief as to the

truth of allegations of paragraph 98 [sic] and therefore denies the same.

99.     Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 99 and therefore denies the same.

100.    Denied.

101.    Denied.

102.    Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 102 and therefore denies the same.

103.    Brown is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 103 and therefore denies the same.

104.    Denied.

105.    To the extent the allegations in Paragraph 105 state a legal conclusion, no

response is required.  To the extent a response is required, Brown denies the allegations relating

to Brown University.  Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 and therefore denies the same.

106.     To the extent the allegations in Paragraph 106 state a legal conclusion, no response is required.  To the extent a response is required, the allegations are denied.

107.     To the extent the allegations in Paragraph 107 state a legal conclusion, no response is required.  To the extent a response is required, Brown denies the allegations relating to Brown University.

108.     To the extent the allegations in Paragraph 108 state a legal conclusion, no response is required.  To the extent a response is required, Brown denies the allegations relating to Brown University.

109.     To the extent the allegations in Paragraph 109 state a legal conclusion, no response is required.  To the extent a response is required, Brown denies the allegations relating to Brown University.

110.     Brown denies the allegations relating to Brown University.

111.     Brown denies the allegations relating to Brown University.

112.     Denied.

113.     Denied.

## COUNT I

### Discrimination – RIGL 42-112-1 et seq. (Rhode Island Civil Rights Act)

114.     Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-113 of the Amended Complaint as though fully set forth herein.

115.     Denied.

116.     Denied.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 6/3/2022 2:16 PM
Envelope: 3650661
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 168 of 224 PageID #: 197

## COUNT II

### Retaliation– RIGL 42-112-1 et seq. (Rhode Island Civil Rights Act)

117.    Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-116 of the Amended Complaint as though fully set forth herein.

118.    Denied.

119.    Denied.

## COUNT III

### Hostile Work Environment– RIGL 42-112-1 et seq. (Rhode Island Civil Rights Act)

120.    Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-119 of the Amended Complaint as though fully set forth herein.

121.    Denied.

122.    Denied.

## ADDITIONAL[1] DEFENSES

### FIRST DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's Amended Complaint is barred by the doctrine of unclean hands, laches, waiver and estoppel.

---

[1] Brown does not contend or assert that all of the defenses are affirmative defenses and Brown does not assume or have the burden of proof or persuasion for any defense that is not an affirmative defense. Plaintiff has the burden of proof as set forth under the applicable law.

**THIRD DEFENSE**

Plaintiff's Amended Complaint is barred because the alleged conduct of Brown

University was not the legal or proximate cause of the Plaintiff's injuries.

**FOURTH DEFENSE**

Brown University was not the employer or joint employer of Plaintiff at any time relevant

to this case.

**FIFTH DEFENSE**

Plaintiff's claims are barred because he cannot establish a causal connection between his

purported exercise of a protected right and any adverse employment action.

**SIXTH DEFENSE**

Plaintiff has not suffered any damages or has otherwise failed to mitigate his damages.

**SEVENTH DEFENSE**

Plaintiff's damages were caused by parties over which Brown exercises no control.

**EIGHTH DEFENSE**

Plaintiff does not allege actionable harassment or actionable discrimination.

**NINTH DEFENSE**

At all times relevant to the allegations in the Complaint, Brown had effective policies for

the prevention and correction of unlawful practices, and exercised reasonable care to prevent and

promptly correct any unlawful practices.  Notwithstanding the existence of these policies,

Plaintiff unreasonably failed to utilize them in connection with the allegations of unlawful

practices asserted in the Amended Complaint.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 6/3/2022 2:15 PM
Envelope: 3650661
Reviewer: Victoria H

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 170 of 224 PageID #: 199

## TENTH DEFENSE

Plaintiff's claims are untimely and/or otherwise barred by the applicable limitations period.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by failure to take advantage of any preventative or corrective opportunities or to otherwise avoid harm.

## TWELFTH DEFENSE

Brown acted reasonably and in good faith at all times and satisfied timely any obligation to Plaintiff under applicable law.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees and/or costs.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to punitive, exemplary or liquidated damages.

## <u>DEMAND FOR JURY TRIAL</u>

Brown University hereby requests a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Brown University requests that this Court enter judgment in its favor and against Plaintiff, dismissing the Amended Complaint, and all claims therein, with prejudice, and awarding Brown University its costs and attorneys' fees, and granting Brown University such other and further relief as the Court deems just and proper.


BROWN UNIVERSITY

By its Attorneys,

*/s/ Mitchell R. Edwards*
Mitchell R. Edwards (# 6942)
Rita E. Nerney (# 9713)
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island  02903
T:  (401) 274-2000
F:  (401) 277-9600
medwards@hinckleyallen.com
rnerney@hinckleyallen.com


DATED:  June 3, 2022

Case 1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 172 of 224 PageID #: 201

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 3, 2022, I filed and served the foregoing document through the electronic filing system.  The electronically filed document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

*/s/ Mitchell R. Edwards* _____

62711420

18

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

**Hearing Date: February 2, 2023**

**STATE OF RHODE ISLAND**

PROVIDENCE COUNTY                                    SUPERIOR COURT

DALE BOND

*v.*                                    C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

**MOTION TO AMEND COMPLAINT**

NOW COMES the Plaintiff, Dale Bond, in the above captioned matter and hereby moves this Honorable Court, Pursuant to R.Civ.P. 15(a), to grant him leave to amend the complaint in this matter and accept the attached Second Amended Complaint as the complaint of record in this matter. In support hereof, the Plaintiff asserts that the sought amendment adds claims, based on the same nucleus of operative facts, that required administrative filings with the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission. Those filings were made and each Commission has issued a Right to Sue.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court grant him leave to amend his complaint in the form submitted herewith and accept the attached Second Amended Complaint as the complaint of record in the above captioned matter.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 174 of 224 PageID #: 203

Respectfully submitted,
DALE BOND
By and through his attorneys,

*/s/ Christine L. Marinello*
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com


*/s/ David S. Cass*
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 18th day of January 2023, I electronically served this
document with notice to the following parties:

Mitchell R. Edwards (# 6942)          Jillian S. Folger-Hartwell (#6970)
Rita E. Nerney (# 9713)               Julia R. Shackleton (#10015)
Hinckley, Allen & Snyder LLP          LITTLER MENDELSON, P.C.
100 Westminster Street, Suite 1500    One Financial Plaza, Suite 2205
Providence, RI 02903                  Providence, RI 02903
medwards@hinckleyallen.com            jfolgerhartwell@littler.com
rnerney@hinckleyallen.com             jshackleton@littler.com

The document is available for viewing and/or downloading from the Rhode Island
Judiciary's Electronic Filing System.


*/s/David S. Cass*

2

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                    SUPERIOR COURT

DALE BOND

           *v*.                                    C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING

## **SECOND AMENDED COMPLAINT**

1.      This is a claim for equitable and declaratory relief and for damages for violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1 et seq., and 28 U.S.C. §2000(e) and §2000(e)-3, also known as Title VII of the Civil Rights Act of 1964.

2.      The plaintiff filed a charge with the Rhode Island Commission for Human Rights, 20-EAG-109, and thereby the Equal Employment Opportunity Commission, 16J-2022-00086, and has received a Right to Sue from each Commission and has thereby satisfied any and all administrative prerequisites to suit.

3.      Plaintiff Dale Bond is a resident of the State of Rhode Island and Providence County therein.

4.      Defendant Lifespan Corporation ("Lifespan") is a Rhode Island corporation operating within the State of Rhode Island, with a business location within the State of Rhode Island and with sufficient minimum contacts with the State of Rhode Island for this Court to exercise jurisdiction over Lifespan.

5.      Defendant The Miriam Hospital ("Miriam") is a Rhode Island corporation operating within the State of Rhode Island, with a business location within the State of Rhode Island

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 176 of 224 PageID #: 205

and with sufficient minimum contacts with the State of Rhode Island for this Court to exercise jurisdiction over Miriam.

6.      Defendant Brown University ("Brown") is a domestic non-profit corporation and institution of higher learning within the State of Rhode Island and Providence County therein.

7.      Defendant Rena Wing is an individual who was, at all times pertinent to this complaint, an employee of the corporate defendants and Plaintiff's supervisor of the Plaintiff.

<u>Statement of Facts</u>

8.      The Plaintiff is male and over 40 years of age.

9.      The Defendants are employers as defined by R.I.G.L. §28-5-6 and 42 U.S.C. §2000(e).

10.     The Defendants exercised sufficient control over Defendant Wing and Plaintiff Bond's terms and conditions of employment and were joint employers of the Plaintiff and Defendant Wing.

11.     The Defendants had knowledge, and were aware, of the Plaintiff's gender and age.

12.     The Plaintiff performed duties of his employment with Defendants within the State of Rhode Island.

13.     At all times relevant to the complaint, Plaintiff was a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Warren Alpert Medical School.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 177 of 224 PageID #: 206

14.     Plaintiff was employed as a Professor (Research) of Psychiatry and Human Behavior at The Miriam Hospital and Brown Warren Alpert Medical School, sat on the editorial boards for multiple obesity-related journals, was invited to be a de facto member of Brown's Academic Faculty Appointments & Promotions Committee, and was a research mentor within the Postdoctoral Training in the Cardiovascular Behavioral Medicine Program at The Miriam Hospital and Brown University.

15.     Defendant Wing is Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital.

16.     Defendants Brown University, Lifespan Corporation and The Miriam Hospital engage in a joint venture involving the hire, promotion, retention and termination of research faculty.

17.     Research faculty, including Plaintiff, are appointed and promoted by Brown University and their salary is paid by Lifespan Corporation and The Miriam Hospital.

18.     Brown's Faculty Handbook pertains to the Division of Biology and Medicine, of which Plaintiff was a part.

19.     Plaintiff, at all times pertinent to this complaint, was a research professor with Brown University and was so identified by Brown University on its website.

20.     Plaintiff's duties, promotion and pay scale are all set by Brown University.

21.     Brown University reviewed, processed and determined Plaintiff's promotion from Assistant Professor to Associate Professor to Full Professor, which typically entails an increase in pay.

22.    If a Brown University research faculty is not promoted through the rank of professors, their employment is terminated with both Brown University as well as Lifespan Corporation and The Miriam Hospital.

23.    Brown University appointed Plaintiff as a full professor that determined Plaintiff's rate of pay to be paid by Lifespan and The Miriam Hospital in or about 2019.

24.    In or about May 2019, the chair of the Department of Psychiatry and Human Behavior at Brown Medical School, Dr. Steven Rasmussen, called Plaintiff to notify and congratulate him that Plaintiff's promotion to rank of full professor had been unanimously approved and that Plaintiff's new appointment would be effective from July 1, 2019 through June 30, 2024.

25.    Plaintiff, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct, which addresses conduct and disciplinary action, up to and including suspension without pay, or termination of employment or association with the University.

26.    If Plaintiff's employment or association with Brown University was terminated, his employment with Lifespan Corporation and The Miriam Hospital would have been terminated.

27.    Brown University had the ability to promote, demote, terminate and discipline the Plaintiff and any such termination by Brown University of Plaintiff's position as a research professor would terminate Plaintiff's employment with Lifespan Corporation and The Miriam Hospital.

28.    Plaintiff's position as a Full Professor requires Plaintiff's maintenance of his relationship with Lifespan Corporation and The Miriam Hospital.

29.    Plaintiff's salary was paid by Lifespan and the Miriam Hospital.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 179 of 224 PageID #: 208

30.      On its website, Lifespan describes itself as a "not-for-profit comprehensive, integrated, academic health system with The Warren Alpert Medical School of Brown University."

31.      Plaintiff, as a research professor, published research papers with credit to, and affiliation with, Brown University, Lifespan and The Miriam Hospital.

32.      Rena Wing, at all times pertinent to this complaint, like Plaintiff, was and is a research professor with Brown University and was so identified by Brown University on its website. She  continues to be so identified by Brown as of the date of the filing of this Amended Complaint.

33.      Rena Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control and Diabetes Research Center at the Miriam Hospital.

34.      Dr. Wing's Linked In profile, as of the date of filing the original and this Amended Complaint, identifies her employment as "Professor of Psychiatry at The Miriam Hospital, Brown MNedical School"  (sic).

35.      At all times relevant to the matters set forth in the complaint, on Miriam's website, Dr. Wing was identified as a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University and Director of the Weight Control & Diabetes Research Center at The Miriam Hospital.

36.      At all times relevant to the matters set forth in the complaint, Dr. Wing was identified on Brown's website as both a researcher and as part of leadership for Brown' Hassenfeld Child Health Innovation Institute.

37.     In multiple press releases from Brown and Lifespan from at least 2008 to the present, Brown and Lifespan repeatedly identified and touted Dr. Wing as a weight loss expert from both Brown University and The Miriam Hospital.

38.     In or about May 2018, Brown awarded Dr. Wing with a faculty award. Upon information and belief, Jill Pipher, vice president for research at Brown, presented the award with Brown Provost Richard M. Locke during an April 19, 2018, Celebration of Research ceremony at Brown's Faculty Club.

39.     At all times relevant to the matters in the complaint, Dr. Wing and Dr. Bond were identified on Brown's website as "researchers@Brown."

40.     In or about February 2020, Dr. Bond appeared on a segment of GoLocalLive and was identified as a Brown researcher, with Brown's logo displayed prominently behind him throughout the recorded session.

41.     In the Attorney General's recent rejection of the Care New England and Lifespan merger, the opinion noted that Brown's role was a "key example of the dichotomy" between Lifespan and Brown's external and internal messaging about their status and interrelationship.

42.     In that same report, the AG noted that Lifespan's marketing point for a merger with CNE, that permitting the merger would create an integrated academic health system, was at odds with Lifespan's own website that states that Lifespan, in the current, un-merged state is already a "comprehensive, integrated health system with the Warren Alpert Medical School of Brown University."

43.     As reported by a local publication, Providence Business News, in April of 2022, Brown, Lifespan and Care New England sought proposed an integrated academic health system under its merger application, but the AG rejected it and noted that Lifespan already

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 181 of 224 PageID #: 210

refers to itself as such with Brown on its website. In that same article, Brown's President was quoted as stating, "Brown's partnership with Lifespan is particularly strong."

44.    As of the date of this Amended Complaint, and at all times pertinent to the matters set forth in the complaint, Miriam's website has both the Lifespan and Brown logos prominently displayed on its homepage.

45.    Upon information and belief, Rena Wing's pay rate is determined by Brown University.

46.    Rena Wings was paid by Lifespan and the Miriam Hospital.

47.    Rena Wing's job duties and responsibility were, at least in part, set and defined by Brown University.

48.    Brown University had the ability to promote, demote, terminate and discipline Rena Wing.

49.    Rena Wing, as a member of the faculty at Brown University, was subject to the Brown University Code of Conduct by which he was subject to disciplinary action, up to and including suspension without pay, or termination of employment or association with the University.

50.    If Rena Wing's employment or association with Brown University was terminated, her employment with Lifespan Corporation and The Miriam Hospital would have been terminated.

51.    Rena Wing's advancement and promotion was set and established and granted by Brown University.

52.   The department run by Rena Wing at Lifespan Corporation and The Miriam Hospital is staffed with Brown researchers..

53.   Plaintiff, when attempting to remedy the hostile environment, the reduction in pay and the termination of his position of employment was referred by an employee at Lifespan to Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior, to address the behavior and actions of Rena Wing

54.   While employed by Defendants, Plaintiff was required to seek grants to assist in the funding of his department.

55.   In or about the end of 2018 and/or beginning of 2019, following major surgery to repair a torn biceps muscle, Plaintiff returned to work several weeks earlier than medically instructed to work on grant applications.

56.   In or about February 2019, upon Plaintiff's return to the workplace, Defendant Wing instructed Plaintiff to pursue other funding sources and informed him that he might need to "prostitute" himself to other departments to obtain the additional funding she required.

57.   The Plaintiff found this instruction, to "prostitute himself" offensive and humiliating.

58.   When Plaintiff's funding levels were at their highest, he complied with Defendant Wing's request to "help" cover the salaries of other employees, even when those employees were no longer working on Plaintiff's grants.

59.   Upon information and belief, Defendant Wing did not request any similarly situated females to cover the salaries of other employees.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 183 of 224 PageID #: 212

60.     Upon information and belief, Defendant Wing assisted younger female employees in securing funding, including writing substantial portions of grants they submitted and assisting in securing additional funding through alternative sources.

61.     Defendant Wing asked another researcher, Dr. Thomas, to put a junior female colleague on a grant instead of Plaintiff.

62.     In or about February 2019, Plaintiff sought to engage Defendant Wing in an attempt to secure alternate funding, which Defendant Wing failed and/or refused to do.

63.     In or about May 2019, Plaintiff was notified of his promotion to the rank of full professor by unanimous approval, with the appointment commencing in July 2019 and running through June 30, 2024.

64.     Upon information and belief, a promotion to the rank of full professor customarily carries with it an increase in pay.

65.     In or about May 2019, Plaintiff informed Defendant Wing of his promotion, which she demeaned by stating "I already know" and "I can't pay you."

66.     Plaintiff did not receive an increase in pay commensurate with his position as a professor.

67.     In or about October 2019, Defendant Wing threatened Plaintiff's grant writing activities.

68.     In or about October 2019, Wing told Plaintiff that he was of "no value," which Plaintiff found offensive and humiliating.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 184 of 224 PageID #: 213

69.     In or about October 2019, Defendant Wing continued to subject Plaintiff to disparate treatment and negatively impacted his employment when she refused to assist Plaintiff in his efforts to comply with her directive and seek assistance from other departments to address her restrictions on his salary.

70.     Defendant Wing also interfered with and/or refused to allow Plaintiff's engagement with other departments to maintain his employment and benefits of employment, including salary.

71.     In or about October 2019, Wing criticized Plaintiff for not engaging with a younger and more junior female member of the faculty for coordinated grant projects, without offering any basis for the criticism, other than she did not like it.

72.     In or about November 2019, Defendant Wing notified Plaintiff that his annual merit pay increase would be 1%.

73.     Upon information and belief, a 3% merit increase is customary.

74.     Upon information and belief, younger and less experienced and/or similarly situated female employees under Defendant Wing's supervision all received 3% merit pay increases.

75.     Defendant Wing routinely diminished Plaintiff's accomplishments in his recognized specialty area of research in front of his colleagues and actively discouraged him from continuing to pursue this research, despite it being recognized nationally and internationally by multiple professional organizations. Defendant Wing did not criticize nor demean similarly situated female colleagues in front of others in the way she did with Plaintiff.

76.     On or about February 6, 2020, Defendant Wing informed Plaintiff that his full salary would only be paid through January 31, 2021, after which she would only cover 50% of Plaintiff's salary from February 1, 2021 through January 31, 2022.

77.     Defendant Wing unilaterally reduced Plaintiff's salary by 50% effective January 31, 2021.

78.     On or about February 6, 2020, Defendant Wing informed Plaintiff that there were no further opportunities for him with the Defendants and that he should seek employment with other institutions.

79.     On or about February 7, 2020, Defendant Wing emailed Plaintiff asking him to sign a letter acknowledging the unilateral change in salary, intimating the signature was a prerequisite for Plaintiff to work on a new grant with her.

80.     Plaintiff believed the offer to work on a new grant was contingent on his signing the letter Defendant Wing emailed and responded, via email, that he needed time to consider and learn more about the ramifications of the revised terms of employment that she was unilaterally foisting upon him.

81.     On or about February 8, 2020, Defendant Wing, without permission, walked into Plaintiff's office, put the letter on Plaintiff's desk, pointed at it and angrily demanded that Plaintiff sign it.

82.     The Plaintiff restated his hesitancy and confusion since he was only in the first year of a five-year Brown faculty appointment, to which Defendant Wing responded that the appointment was "just a piece of paper."

83.     Defendant Wing consistently informed Plaintiff that his ability to cover his salary was substandard, but did not provide guidance as to what was needed or required from

11

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

Case 1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 186 of 224 PageID #: 215

Plaintiff, refused any and all of Plaintiff's request for assistance and undermined Plaintiff's efforts to collaborate with other departments or otherwise satisfy her.

84.    Upon information and belief, other faculty members, specifically younger female faculty, at this time were not fully funded, were not submitting the same volume of grant applications as Plaintiff, were not publishing at anywhere near the same rate as Plaintiff, nor had they achieved an international reputation in their area of research. Upon information and belief, Defendant Wing did not unilaterally reduce the salary of those younger female faculty members, require them to seek other funding and/or fail to assist them in finding or providing funding for their salaries.

85.    Other faculty members, specifically younger female faculty, were not subjected to the same hostile work environment, humiliation, reduction in financial and career opportunities, adverse employment actions or threats to their employment as suffered by Plaintiff.

86.    Plaintiff sought the assistance of Dr. Steven Rasmussen, Chair of Brown's Department of Psychiatry and Human Behavior, regarding Dr. Wing's increasingly hostile actions and the increasingly hostile work environment, adverse employment actions and Plaintiff's resulting distress.

87.    On or about February 27, 2020, Plaintiff met with Dr. Rasmussen and informed him of his complaints of discrimination and hostile work environment.

88.    On or about February 27, 2020, Dr. Rasmussen informed Plaintiff that there was not much he could do because Defendant Wing operates "on her own" and that he, even though chair of the Department of Psychiatry and Human Behavior at Brown University and Defendant Wing's supervisor, could not assist Plaintiff because she "gets a lot of grants."

89.     On or about February 27, 2020, Steve Rasmussen stated to Plaintiff that Defendant Wing can do what she wants with "her" center.

90.     In or about July 2020, with no change to the continuing hostile environment and absence of a clear path for redress, Plaintiff again reached out to Dr. Rasmussen for assistance and was informed to look outside of Lifespan and Brown.

91.     Defendants were aware of Plaintiff's complaints and failed to investigate and failed to remedy the allegations and situation.

92.     In or about November 2020, Plaintiff sought alternate funding through another department/division of the Defendant entities to maintain and increase his funding and to maintain his employment.

93.     Plaintiff's contact with another department/division of the Defendant entities was met with interest and potential.

94.     On or about January 4, 2021, Plaintiff was notified by Defendant Wing by emailed letter that his employment would be terminated as of December 31, 2021.

95.     On or about January 4, 2021, Plaintiff was notified by Defendant Wing via emailed letter that his salary would be reduced by 50% in February 2021.

96.     Despite the initial interest from the other department, set forth in Paragraphs 91 and 92 above, the head of that department failed to respond to Plaintiff's subsequent contacts.

97.     In or about January of 2021, Plaintiff met with Michael Henderson, Vice President of Lifespan's Office of Research Administration, and inquired if there was any policy that permitted Defendant Wing to restrict Plaintiff's grant submissions. Mr. Henderson responded he was unaware of any such policy.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

1:23-CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 188 of 224 PageID #: 217

98.    During the January 2021 meeting with Mr. Henderson, Plaintiff expressed that he felt Defendant Wing was interfering with his career opportunities and treating him differently than less experienced and/or similarly situated female colleagues. Mr. Henderson responded that Lifespan human resources would not get involved and Defendant Wing had "full authority."

99.    Plaintiff expressed a desire to remain within Defendants' system. Mr. Henderson offered to help "make it happen."

98.    In or about March 2021, Plaintiff learned that Defendant Wing had commenced communication with the head of the department referenced in Paragraphs 91, 92 and 95 above.

100.    In or about March 2021, Plaintiff learned that a stipend that he had secured and for which he had been approved, was transferred to Defendant Wing's department. Defendant Wing informed Plaintiff that not only was he not allowed to use the stipend as an alternate means of funding the remaining 50% of his salary, but that she would be using the stipend to reduce her contribution to his reduced salary.

101.    Upon information and belief, Defendant Wing's actions were in retaliation for Plaintiff's raising complaints about her treatment of him.

102.    Plaintiff's efforts to address Defendant Wing's ongoing discrimination, hostile work environment and retaliation with all appropriate supervisory channels went unanswered.

103.    In or about June 2021, Mr. Henderson informed Plaintiff that Plaintiff's effort to seek funding and employment with another Lifespan/Brown department would not take place due to Defendant Wing's interactions with the head of the other department.

104.    Upon information and belief, Defendant Wing had eliminated and interfered with Plaintiff's other options within Lifespan and Brown.

14

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 189 of 224 PageID #: 218

105.   In or about June 2021, Mr. Henderson opined that Defendant Wing's actions are without recourse due to her "cache" and her husband being a former dean and because she "commands a certain level of fear and that people would rather not be on the other side of that."

106.   Other employees of Lifespan Corporation, The Miriam Hospital and faculty of Brown University, who were younger and/or female and under the supervision of Defendant Wing, were not subjected to the hostile work environment and restrictions as to terms and benefits of employment and funding suffered by Plaintiff.

107.   The actions of the Defendants, by and through Defendant Wing, were discriminatory, retaliatory and created a hostile work environment.

108.   As a result of the above actions of the Defendants, Plaintiff suffered adverse employment actions including the lack of a salary increase commiserate with his experience and position, reduction of salary, interference with business and funding relationships, retaliation for raising complaints about his treatment and was ultimately forced to resign and find alternate employment outside the State of Rhode Island.

109.   As a result of the above actions of the Defendants, Plaintiff suffered lost wages, emotional distress and has been further damnified.

110.   The Defendants exerted direct, daily control over the manner in which Dr. Wing and Plaintiff performed their jobs.

111.   The Defendants were involved with setting and paying Dr. Wing and Plaintiff's salaries, and setting forth conditions for promotions and conduct.

112.   At all relevant times, the Parties acted and understood that Dr. Wing and Plaintiff were employees of both Brown and Lifespan.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 190 of 224 PageID #: 219

113.    Defendants were joint employers of Dr. Wing and Plaintiff.

114.    The actions of the Defendants constitute a violation of the Rhode Island Civil Rights Act, R.I.G.L. §42-112-1, et seq, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, et seq., and 28 U.S.C. §2000(e) and §2000(e)-3, also known as Title VII of the Civil Rights Act of 1964.

## COUNT I
*Discrimination – RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

115.    Plaintiff restates all previous paragraphs by reference as if stated fully herein.

116.    The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his gender.

117.    As a result, he has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

## COUNT II
*Retaliation – RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

118.    Plaintiff restates all previous paragraphs by reference as if stated fully herein.

119.    The defendants did violate R.I.G.L. §42-112-1, the Rhode Island Civil Rights Act "RICRA", by the facts described herein, by discriminating against him because he opposed

a practice forbidden by RICRA and engaged in protected activity in the form of complaints of discrimination.

120.   As a result, he has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

## COUNT III
*Hostile work environment - RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

121.   Plaintiff was subjected to unwanted harassment, based upon gender, that was objectively and subjectively offensive and sufficiently severe and pervasive so as to alter the conditions of Plaintiff's employment and created an abusive and hostile work environment.

122.   Defendants were aware of the hostile work environment and despite Plaintiff's requests for help, failed to take any action.

123.   As a result, Plaintiff suffered, and continues to suffer, damages.

WHEREFORE, Plaintiff prays this Honorable Court award him compensatory, consequential and exemplary damages as well as the costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 42-112-2 and such other relief as the Court deems appropriate.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 192 of 224 PageID #: 221

## COUNT IV

### *Discrimination - R.I.G.L. § 28-5-1 et seq.*

124.   Plaintiff restates all previous paragraphs by reference as if stated fully herein.

125.   The defendant corporations did violate R.I.G.L. §28-5-1, the Rhode Island Fair Employment Practices Act  "FEPA", by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his gender.

126.   As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award him compensatory and consequential damages pursuant to Rhode Island General Laws 28-5-24(b) including but not limited to lost income and punitive damages pursuant to Rhode Island General Laws 28-5-29.1 as well as his costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 28-5-24(a) and such other relief as the Court deems appropriate.

## COUNT V

### *Retaliation - R.I.G.L. § 28-5-1 et seq.*

127.   Plaintiff restates all previous paragraphs by reference as if stated fully herein.

128.   The defendant corporations did violate R.I. Gen. Laws §28-5-6(5), the Rhode Island Fair Employment Practices Act, by the facts described herein, by discriminating against him because he opposed a practice forbidden by FEPA and engaged in protected activity in the form of complaints of discrimination.

129.   As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff prays this Honorable Court award her compensatory and consequential damages pursuant to Rhode Island General Laws 28-5-24(b) including but

not limited to lost income and punitive damages pursuant to Rhode Island General Laws 28-5-29.1 as well as her costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 28-5-24(a) and such other relief as the Court deems appropriate.

## COUNT VI
*Hostile work environment - RIGL 28-5-1 et seq.*

130.   Plaintiff restates all previous paragraphs by reference as if stated fully herein.

131.   Plaintiff was subjected to unwanted harassment, based upon gender, that was objectively and subjectively offensive and sufficiently severe and pervasive so as to alter the conditions of Plaintiff's employment and created an abusive and hostile work environment.

132.   The defendant corporations were aware of the hostile work environment and despite Plaintiff's requests for help, failed to take any action.

133.   As a result, Plaintiff suffered, and continues to suffer, damages.

WHEREFORE, plaintiff prays this Honorable Court award her compensatory and consequential damages pursuant to Rhode Island General Laws 28-5-24(b) including but not limited to lost income and punitive damages pursuant to Rhode Island General Laws 28-5-29.1 as well as her costs of litigation and reasonable attorneys' fees pursuant to Rhode Island General Laws § 28-5-24(a) and such other relief as the Court deems appropriate.

## COUNT VII
*Discrimination – 42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

134.   Plaintiff restates all previous paragraphs by reference as if stated fully herein.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 194 of 224 PageID #: 223

135.   The defendant corporations did violate Title VII by the facts described herein, by discriminating against him with respect to hire, tenure, compensation, terms, conditions or privileges of employment because of his gender.

136.   As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as him costs of litigation and reasonable attorneys' fees pursuant to statute.

## COUNT VIII
*Retaliation – 42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

137.   Plaintiff restates all previous paragraphs by reference as if stated fully herein.

138.   The defendant corporations did violate Title VII by the facts described herein, by retaliating against him because he opposed a practice forbidden by 42 U.S.C. §2000(e) and engaged in protected activity in the form of complaints of discrimination.

139.   As a result, he has suffered and continues to suffer damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

## COUNT IX
*Hostile work environment - 42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

140.   Plaintiff restates all previous paragraphs by reference as if stated fully herein.

141.   Plaintiff was subjected to unwanted harassment, based upon gender, that was

objectively and subjectively offensive and sufficiently severe and pervasive so as to alter the conditions of Plaintiff's employment and created an abusive and hostile work environment.

142.    The defendant corporations were aware of the hostile work environment and despite Plaintiff's requests for help, failed to take any action.

143.    As a result, Plaintiff suffered, and continues to suffer, damages.

WHEREFORE, plaintiff respectfully requests this Honorable Court award him compensatory damages and all other damages authorized by statute, as well as his costs of litigation and reasonable attorneys' fees pursuant to statute.

## PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,
DALE BOND
By and through his attorneys,

/s/ Christine L. Marinello
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

/s/ David S. Cass
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

21

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 1/18/2023 9:15 AM
Envelope: 3945578
Reviewer: Maureen D.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 196 of 224 PageID #: 225

## CERTIFICATE OF SERVICE

I hereby certify that, on the _____ day of January 2022, I electronically served this document with notice to the following parties:

Mitchell R. Edwards (# 6942)                     Jillian S. Folger-Hartwell (#6970)
Rita E. Nerney (# 9713)                          Julia R. Shackleton (#10015)
Hinckley, Allen & Snyder LLP                     LITTLER MENDELSON, P.C.
100 Westminster Street, Suite 1500               One Financial Plaza, Suite 2205
Providence, RI 02903                             Providence, RI 02903
medwards@hinckleyallen.com                       jfolgerhartwell@littler.com
rnerney@hinckleyallen.com                        jshackleton@littler.com


The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/David S. Cass

## STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                    SUPERIOR COURT


DALE BOND

       *v.*                                    C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING


## ORDER

This matter was scheduled to be heard before the Honorable Court, Justice Kevin
McHugh presiding, on Plaintiff's Motion to Amend his complaint and, no objection
having been filed, pursuant to Rule 7 of the Rules of Civil Procedure, by rule of Court, it
is hereby:


## ORDERED, ADJUDGED, AND DECREED:

1.  That Plaintiff's Motion to Amend is <u>Granted</u>.

2.  The Second Amended Complaint submitted with and attached to the motion is the
Complaint of record.

Entered as an Order of this Honorable Court on the ____ day of _____, ____.

**ENTER:**                                    **PER ORDER:**

                                                      /s/ Carol MacLean
                                                      Administrative Clerk

_____        _____

**Associate Justice Kevin McHugh**            **Clerk**
                                                    February 7, 2023

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/1/2023 4:42 PM
Envelope: 3967872
Reviewer: Carol M.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 198 of 224 PageID #: 227

Respectfully submitted,
DALE BOND
By and through his attorneys,


*/s/ Christine L. Marinello*
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com


*/s/ David S. Cass*
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com


# CERTIFICATE OF SERVICE

I hereby certify that, on the 2nd day of February 2023, I electronically served this document with notice to the following parties:


Mitchell R. Edwards (# 6942)          Jillian S. Folger-Hartwell (#6970)
Rita E. Nerney (# 9713)               Julia R. Shackleton (#10015)
Hinckley, Allen & Snyder LLP          LITTLER MENDELSON, P.C.
100 Westminster Street, Suite 1500    One Financial Plaza, Suite 2205
Providence, RI 02903                  Providence, RI 02903
medwards@hinckleyallen.com             jfolgerhartwell@littler.com
rnerney@hinckleyallen.com             jshackleton@littler.com


The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.


*/s/David S. Cass*

2

# STATE OF RHODE ISLAND

PROVIDENCE COUNTY                                    SUPERIOR COURT


DALE BOND

      *v.*                                    C.A. No.: PC22-00335

LIFESPAN CORPORATION,
THE MIRIAM HOSPITAL,
BROWN UNIVERISTY, and
RENA WING


## ORDER

This matter was scheduled to be heard before the Honorable Court, Justice Kevin McHugh presiding, on Plaintiff's Motion to Amend his complaint and, no objection having been filed, pursuant to Rule 7 of the Rules of Civil Procedure, by rule of Court, it is hereby:


## ORDERED, ADJUDGED, AND DECREED:


1.      That Plaintiff's Motion to Amend is Granted.

2.      The Second Amended Complaint submitted with and attached to the motion is the Complaint of record.

Entered as an Order of this Honorable Court on the ___ day of _____, ____.

**ENTER:**                                    **PER ORDER:**

                                                    /s/ Carol MacLean
                                                    Administrative Clerk

_____        _____

**Associate Justice Kevin McHugh**          **Clerk**
                                                  February 7, 2023

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/1/2023 4:42 PM
Envelope: 3967872
Reviewer: Carol M.
CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 200 of 224 PageID #: 229

Respectfully submitted,
DALE BOND
By and through his attorneys,

/s/ Christine L. Marinello
Christine L. Marinello, RI #6191
650 Ten Rod Road
North Kingstown, RI 02852
 (401) 757-3968
Fax: 1 (888) 851-0578
cm@cmlawri.com

/s/ David S. Cass
David S. Cass, RI #5044
One Davol Square, 4ᵗʰ Floor
Providence, RI 02903
(508) 889-2674
Fax: (401) 272-2708
david@davidcasslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the 2nd day of February 2023, I electronically served this document with notice to the following parties:

Mitchell R. Edwards (# 6942)              Jillian S. Folger-Hartwell (#6970)
Rita E. Nerney (# 9713)                   Julia R. Shackleton (#10015)
Hinckley, Allen & Snyder LLP              LITTLER MENDELSON, P.C.
100 Westminster Street, Suite 1500        One Financial Plaza, Suite 2205
Providence, RI 02903                      Providence, RI 02903
medwards@hinckleyallen.com                 jfolgerhartwell@littler.com
rnerney@hinckleyallen.com                 jshackleton@littler.com

The document is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/David S. Cass

2

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

DALE BOND,

PLAINTIFF,

v.

LIFESPAN CORPORATION[1], THE MIRIAM
HOSPITAL, BROWN UNIVERSITY, AND
RENA WING,

DEFENDANTS.

C. A. NO. PC2022-00335

## DEFENDANTS LIFESPAN CORPORATION, THE MIRIAM HOSPITAL, AND RENA WING'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Lifespan Corporation ("Lifespan Corporation"), the Miriam Hospital ("Miriam Hospital"), and Rena Wing ("Wing") (collectively, "Miriam Defendants") hereby answer Plaintiff Dale Bond's ("Plaintiff") Second Amended Complaint in accordance with the numbered paragraphs as follows:

1.     The allegations in Paragraph 1 are comprised of legal conclusions to which no response is necessary.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 1.

2.     The allegations in Paragraph 2 are comprised of legal conclusions to which no response is necessary.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 2.

---

[1] Lifespan Corporation was at no time Plaintiff's employer and is an improperly named party to this matter.

1

3.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      The allegations relating to "sufficient minimum contacts" for "this Court to exercise jurisdiction" are comprised of legal conclusions to which no response is required.  To the extent a response is necessary to these allegations, Miriam Defendants deny them.  Miriam Defendants admit the remaining allegations in Paragraph 4.

5.      The allegations relating to "sufficient minimum contacts" for "this Court to exercise jurisdiction" are comprised of legal conclusions to which no response is required.  To the extent a response is necessary to these allegations, Miriam Defendants deny them.  Miriam Defendants admit the remaining allegations in Paragraph 5.

6.      The allegations contained in Paragraph 6 are directed to another party or parties to this action, and no responsive pleading is required by Miriam Defendants.  To the extent a response is required, upon information and belief, Miriam Defendants admit the allegations in Paragraph 6.

7.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 concerning what Plaintiff believes constitutes "all times pertinent to this complaint."  Miriam Defendants deny the remaining allegations in Paragraph 7.

**Statement of Facts**

8.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 203 of 224 PageID #: 232

9.      The allegations in Paragraph 9 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 9.

10.      The allegations in Paragraph 10 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, and the allegations are directed to Brown University, Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

11.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.      Miriam Defendants deny the allegations in Paragraph 12.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

13.      Miriam Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 concerning what Plaintiff believes constitutes "all times relevant to the complaint."  Miriam Defendants deny the remaining allegations in Paragraph 13.

14.      Miriam Defendants admit that Plaintiff was employed as a Senior Research Scientist by Miriam Hospital.  Answering further, Miriam Defendants admit Plaintiff was a research mentor of the Postdoctoral Training in Cardiovascular Behavioral Medicine Program through Miriam Hospital.  Miriam Defendants lack knowledge or information sufficient to form

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 204 of 224 PageID #: 233

a belief as to the truth of the remaining allegations in Paragraph 14. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

15.     Miriam Defendants admit the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 are comprised of legal conclusions to which no response is required. To the extent a response is necessary, and the allegations are directed to Miriam Defendants, Miriam Defendants lack knowledge of information sufficient to form a belief as to the remaining allegations in Paragraph No. 16. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

17.     Miriam Defendants admit that Brown University appointed Plaintiff as a Brown faculty member. Miriam Defendants admit that Miriam Hospital paid Plaintiff's salary. Miriam Defendants deny that Lifespan Corporation paid Plaintiff's salary. Miriam Defendants lack information sufficient to form a belief as to the truth of the allegations concerning "research faculty." To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

18.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

19.     Miriam Defendants admit Brown University appointed Plaintiff as a faculty member.  Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

20.     Miriam Defendants admit Miriam Hospital set Plaintiff's employment duties, promotion, and pay.  Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

21.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

22.     Miriam Defendants deny the allegations directed to them regarding their conduct in Paragraph 22.  Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Brown University's conduct.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

23.     Miriam Defendants deny the allegations contained in Paragraph 23.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

Case 1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 206 of 224 PageID #: 235

24.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

25.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

26.     Miriam Defendants deny the allegations contained in Paragraph 26. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

27.     Miriam Defendants deny the allegations contained in Paragraph 27. To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

28.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29.     Miriam Defendants deny the allegations in Paragraph 29.

30.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 concerning what Plaintiff believes constitutes "Lifespan's website." To the extent a response is required, Miriam Defendants admit the allegations contained in Paragraph 30.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 207 of 224 PageID #: 236

31.     Miriam Defendants admit Plaintiff published research papers with credit to Miriam Hospital.  Miriam Defendants deny the remaining allegations contained in Paragraph 31.

32.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 concerning what Plaintiff believes constitutes "at all times pertinent to this complaint" and "Brown University's website."  Miriam Defendants admit Wing has the academic title of "Professor" with Brown University.

33.     Miriam Defendants admit the allegations in Paragraph 33.

34.     Miriam Defendants deny the allegations in Paragraph 34 that Wing's LinkedIn profile identifies her "employment" as "Professor of Psychiatry at The Miriam Hospital, Brown [sic]MNedical School."

35.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 concerning what Plaintiff believes constitutes "Miriam's website" and "all times relevant to the matters set forth in the complaint."  To the extent a response is required, Miriam Defendants admit the allegations contained in Paragraph 35 that are on the Weight Control & Diabetes Research Center website.

36.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

37.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.  To the extent the allegations contained in this

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 208 of 224 PageID #: 237

paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

38.    Miriam Defendants admit the allegations in Paragraph 38.

39.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

40.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

41.    Miriam Defendants state that to the extent that the factual allegations contained in Paragraph 41 refer to a written document, the document speaks for itself.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

42.    Miriam Defendants deny the allegations contained in Paragraph 42.

43.    Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

44.    Miriam Defendants admit the allegations contained in Paragraph 44.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 209 of 224 PageID #: 238

45.     Miriam Defendants deny the allegations in Paragraph 45.

46.     Miriam Defendants deny the allegations in Paragraph 46.

47.     Miriam Defendants deny the allegations contained in Paragraph 47.

48.     Miriam Defendants admit that Brown University has the ability to promote, demote, terminate, and discipline Wing's academic title as professor with Brown University. Otherwise denied.

49.     Miriam Defendants admit that in her role as Professor, Wing was subject to the Brown University Code of Conduct.

50.     Miriam Defendants deny the allegations contained in Paragraph 50.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

51.     Miriam Defendants admit the allegations in Paragraph 51 as it relates to Wing's academic title as Professor.  Otherwise denied.

52.     Miriam Defendants deny the allegations in Paragraph 52.

53.     Miriam Defendants deny the allegations in Paragraph 53.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

54.     Miriam Defendants deny the allegations in Paragraph 54.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

55.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     Miriam Defendants admit Wing encouraged Plaintiff to pursue diverse funding sources.  Miriam Defendants deny the remaining allegations in Paragraph 56.

57.     Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57 concerning Plaintiff's feelings.   Miriam Defendants deny the remaining allegations in Paragraph 57.

58.     Miriam Defendants deny the allegations in Paragraph 58.

59.     Miriam Defendants admit Wing asked other employees to assist giving colleagues work.  Miriam Defendants deny the remaining allegations in Paragraph 59.

60.     Miriam Defendants deny the allegations in Paragraph 60.

61.     Miriam Defendants admit Wing asked Thomas to work with a female colleague. Miriam Defendants deny the remaining allegations in Paragraph 61.

62.     Miriam Defendants deny the allegations in Paragraph 62.

63.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.   To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

64.     Miriam Defendants admit that appointment to a professor position can result in a pay increase.  Miriam Defendants deny the remaining allegations in Paragraph 64.

10

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 211 of 224 PageID #: 240

65.     Miriam Defendants admit Plaintiff informed Wing he was appointed as professor. Miriam Defendants deny the remaining allegations in Paragraph 65.

66.     Miriam Defendants admit that Plaintiff did not receive a pay increase because of his appointment to professor.  Miriam Defendants deny the remaining allegations in Paragraph 66.

67.     Miriam Defendants deny the allegations in Paragraph 67.

68.     Miriam Defendants deny the allegations in Paragraph 68.

69.     Miriam Defendants deny the allegations in Paragraph 69.

70.     Miriam Defendants deny the allegations in Paragraph 70.

71.     Miriam Defendants deny the allegations in Paragraph 71.

72.     Miriam Defendants deny the allegations in Paragraph 72.

73.     Miriam Defendants admit some employees receive a 3% pay increase.  Miriam Defendants deny the remaining allegations in Paragraph 73.

74.     Miriam Defendants deny the allegations in Paragraph 74.

75.     Miriam Defendants admit Wing did not improperly criticize or demean researchers in front of others.  Miriam Defendants deny the remaining allegations in Paragraph 75.

76.     Miriam Defendants admit the allegations in Paragraph 76.

77.     Miriam Defendants deny the allegations in Paragraph 77.

78.     Miriam Defendants admit Wing told Plaintiff he should seek employment opportunities with other departments.  Miriam Defendants deny the remaining allegations in

11

Paragraph 78.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

79.     Miriam Defendants deny the allegations in Paragraph 79.

80.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 concerning Plaintiff's beliefs.   The remaining allegations in Paragraph 80 refer to a document/email, the contents of which speaks for itself and require no response.  To an extent a response is required, Miriam Defendants deny the remaining allegations in Paragraph 80.

81.     Miriam Defendants deny the allegations in Paragraph 81.

82.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 concerning Plaintiff's thoughts and/or motivation. Miriam Defendants deny the remaining allegations in Paragraph 82.

83.     Miriam Defendants deny the allegations in Paragraph 83.

84.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of what "information and belief" Plaintiff has.  Miriam Defendants admit that other researchers differed from Plaintiff with regard to number of grant applications, degree of "publishing," and/or with regard to "reputation."   Miriam Defendants admit some other researchers were women and younger than Plaintiff.   Miriam Defendants admit no other researcher in Wing's center failed to perform his or her job duties to secure required funding to the degree Plaintiff failed to do so.  Miriam Defendants admit that Plaintiff's ability to secure funding fell far below that of his colleagues.  Miriam Defendants admit Plaintiff was the only

researcher for whom Wing provided a one-year warning and change in salary coverage.  Miriam Defendants deny the remaining allegations in Paragraph 84.

85.     The allegations in Paragraph 85 that Wing subjected any individual to a "hostile work environment" and "adverse employment actions" consist of legal conclusions to which no response is required.   To the extent a response is necessary to those allegations, Miriam Defendants deny those allegations.  Miriam Defendants admit Wing gave Plaintiff a one-year warning that the center would not fully fund his salary.  Miriam Defendants admit that Wing did not subject researchers to "humiliation, reduction in financial and career opportunities . . . or threats."  Miriam Defendants deny the remaining allegations in Paragraph 85.

86.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

87.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

88.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

89.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

90.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

91.     Miriam Defendants deny the allegations in Paragraph 91.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants

92.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92.

93.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

94.     Miriam Defendants admit the allegations in Paragraph 94.

95.     Miriam Defendants admit the remaining allegations in Paragraph 95.

96.     Miriam Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96.  To the extent the allegations contained in this

paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

97.     Miriam Defendants deny that Henderson told Plaintiff there was no policy permitting Wing to decline participation in Plaintiff's grant submissions.  Miriam Defendants admit the remaining allegations in Paragraph 97.

98.     Miriam Defendants deny the allegations in Paragraph 98.

99.     Miriam Defendants deny the allegations in Paragraph 99.

98.     [sic ]Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 98 concerning what Plaintiff "learned."

100.     Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 100 concerning what Plaintiff "learned."  Miriam Defendants admit the remaining allegations in Paragraph 100.

101.     Miriam Defendants deny the allegations in Paragraph 101.

102.     Miriam Defendants deny the allegations in Paragraph 102.

103.     Miriam Defendants deny the allegations in Paragraph 103.

104.     Miriam Defendants deny the allegations in Paragraph 104.

105.     Miriam Defendants deny the allegations in Paragraph 105.

106.     The allegations concerning a "hostile work environment" in Paragraph 106 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations.  Miriam Defendants admit that Wing did not

treat employees improperly.  Miriam Defendants deny the remaining allegations in Paragraph 106.

107.    The allegations in Paragraph 107 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 107.

108.    The allegations concerning "adverse employment actions" and "retaliation" in Paragraph 108 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny those allegations.  Miriam Defendants deny the remaining allegations in Paragraph 108.

109.    Miriam Defendants deny the allegations in Paragraph 109.

110.    The allegations in Paragraph 110 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 110.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

111.    Miriam Defendant's deny the allegations in Paragraph 111 as they relate to Wing's and Plaintiff's employment.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

Case 1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 217 of 224 PageID #: 246

112.    Miriam Defendants deny the allegations in Paragraph 112.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

113.    The allegations in Paragraph 113 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, and the allegations are directed to Brown University, Miriam Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 113.  To the extent the allegations contained in this paragraph are directed to another party or parties to this action, no responsive pleading is required by Miriam Defendants.

114.    The allegations in Paragraph 114 are comprised of legal conclusions to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the allegations in Paragraph 114.

### COUNT I
*Discrimination -RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

115.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-114 referenced in Paragraph 115.

116.    Miriam Defendants deny the allegations in Paragraph 116.

117.    Miriam Defendants deny the allegations in Paragraph 117.

Miriam Defendants state that the paragraph following Paragraph 117, beginning with "WHEREFORE," consists of demands and statements to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 117, beginning with "WHEREFORE."

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 218 of 224 PageID #: 247

**COUNT II**
*Retaliation-RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

118.     Miriam Defendants incorporate by reference their responses to Paragraphs 1-117 referenced in Paragraph 118.

119.     Miriam Defendants deny the allegations in Paragraph 119.

120.     Miriam Defendants deny the allegations in Paragraph 120.

Miriam Defendants state that the paragraph following Paragraph 120, beginning with "WHEREFORE," consists of demands and statements to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 120, beginning with "WHEREFORE."

**COUNT III**
*Hostile work environment-RIGL 42-112-1 et seq, (Rhode Island Civil Rights Act)*

121.     Miriam Defendants deny the allegations in Paragraph 121.

122.     Miriam Defendants deny the allegations in Paragraph 122.

123.     Miriam Defendants deny the allegations in Paragraph 123.

"WHEREFORE," consists of demands and statements to which no response is required. To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 123, beginning with "WHEREFORE."

**COUNT** IV
*Discrimination – R.I.G.L. § 28-5-1 et seq.*

124.     Miriam Defendants incorporate by reference their responses to Paragraphs 1-123 referenced in Paragraph 124.

125.     Miriam Defendants deny the allegations in Paragraph 125.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 219 of 224 PageID #: 248

126.    Miriam Defendants deny the allegations in Paragraph 126.

Miriam Defendants state that the paragraph following Paragraph 126, beginning with "WHEREFORE," consists of demands and statements to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 126, beginning with "WHEREFORE."

### COUNT V
### *Retaliation - R.I.G.L. § 28-5-1 et seq.*

127.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-126 referenced in Paragraph 127.

128.    Miriam Defendants deny the allegations in Paragraph 128.

129.    Miriam Defendants deny the allegations in Paragraph 129.

Miriam Defendants state that the paragraph following Paragraph 129, beginning with "WHEREFORE," consists of demands and statements to which no response is required.  To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 129, beginning with "WHEREFORE."

### COUNT VI
### *Hostile work environment- RIGL 28-5-1 et seq.*

130.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-129 referenced in Paragraph 130.

131.    Miriam Defendants deny the allegations in Paragraph 131.

132.    Miriam Defendants deny the allegations in Paragraph 132.

133.    Miriam Defendants deny the allegations in Paragraph 133.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

CV-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 220 of 224 PageID #: 249

Miriam Defendants state that the paragraph following Paragraph 133, beginning with "WHEREFORE," consists of demands and statements to which no response is required. To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 133, beginning with "WHEREFORE."

## COUNT VII
### *Discrimination -42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

134.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-133 referenced in Paragraph 134.

135.    Miriam Defendants deny the allegations in Paragraph 135.

136.    Miriam Defendants deny the allegations in Paragraph 136.

Miriam Defendants state that the paragraph following Paragraph 136, beginning with "WHEREFORE," consists of demands and statements to which no response is required. To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 136, beginning with "WHEREFORE."

## COUNTV III
### *Retaliation-42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

137.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-136 referenced in Paragraph 137.

138.    Miriam Defendants deny the allegations in Paragraph 138.

139.    Miriam Defendants deny the allegations in Paragraph 139.

Miriam Defendants state that the paragraph following Paragraph 139, beginning with "WHEREFORE," consists of demands and statements to which no response is required. To the

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2025 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

CV-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 221 of 224 PageID #: 250

extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 139, beginning with "WHEREFORE."

## COUNT IX
### *Hostile work environment - 42 U.S.C. §2000e (Title VII of the Civil Rights Act of 1964)*

140.    Miriam Defendants incorporate by reference their responses to Paragraphs 1-139 referenced in Paragraph 140.

141.    Miriam Defendants deny the allegations in Paragraph 141.

142.    Miriam Defendants deny the allegations in Paragraph 142.

143.    Miriam Defendants deny the allegations in Paragraph 143.

Miriam Defendants state that the paragraph following Paragraph 143, beginning with "WHEREFORE," consists of demands and statements to which no response is required. To the extent a response is necessary, Miriam Defendants deny the demands and statements contained in the paragraph following Paragraph 143, beginning with "WHEREFORE."

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Miriam Defendants are not the proper parties in interest to some or all of Plaintiff's claims, including but not limited to no individual liability under the law.

### THIRD DEFENSE

Plaintiff's own conduct was the proximate cause of any damage he sustained.

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2023 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

1:23-cv-00081-JJM-LDA   Document 1-3   Filed 02/24/23   Page 222 of 224 PageID #: 251

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

## FIFTH DEFENSE

Any and all actions Miriam Defendants took with respect to Plaintiff, they took for legitimate lawful reasons.

## SIXTH DEFENSE

Miriam Defendants acted at all times in good faith with respect to Plaintiff, and in full compliance with all applicable laws.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

At all times relevant to the allegations in the Complaint, Miriam Defendants had effective policies for the prevention and correction of unlawful practices, and exercised reasonable care to prevent and promptly correct any unlawful practices. Notwithstanding the existence of these policies, Plaintiff unreasonably failed to utilize them in connection with the allegations of unlawful practices asserted in the Complaint.

## NINTH DEFENSE

Plaintiff is not entitled to punitive, exemplary or liquidated damages.

## TENTH DEFENSE

Plaintiff is not entitled to attorneys' fees and/or costs.

WHEREFORE, Miriam Defendants, respectfully request that this Court:

Case Number: PC-2022-00335
Filed in Providence/Bristol County Superior Court
Submitted: 2/13/2025 11:57 AM
Envelope: 3983256
Reviewer: Maureen D.

1:23-cv-00081-JJM-LDA    Document 1-3    Filed 02/24/23    Page 223 of 224 PageID #: 252

1.      Dismiss the Complaint against them with prejudice;

2.      Enter judgment in their favor against Plaintiff on all counts;

3.      Award Miriam Defendants costs and reasonable attorney's fees incurred in defending this action; and

4.      Award Miriam Defendants such other and further relief as the Court may deem just and appropriate.

                                        LIFESPAN CORPORATION, THE MIRIAM
                                        HOSPITAL and RENA WING,

                                        By their attorneys,


                                        /s/ Jillian S. Folger-Hartwell
                                        Jillian S. Folger-Hartwell (#6970)
                                        Julia R. Shackleton (#10015)
                                        LITTLER MENDELSON, P.C.
                                        One Financial Plaza, Suite 2205
                                        Providence, RI  02903
                                        (401) 824-2500
                                        (401) 454-2969 (fax)
Dated: February 13, 2023                jfolgerhartwell@littler.com
                                        jshackleton@littler.com

## CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that on the 13th day of February, 2023, the foregoing document was filed and served through the electronic filing system on the following parties. The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Christine L. Marinello, Esq.
650 Ten Rod Road
North Kingstown, RI 02852
cm@cmlawri.com

David S. Cass, Esq.
One Davol Square, 4th floor
Providence, RI 02903
david@davidcasslaw.com

Mitchell R. Edwards, Esq.
Rita E. Nerney, Esq.
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, RI 02903
medwards@hinckleyallen.com
rnerney@hinckleyallen.com

/s/ Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell

4895-1965-9853.2 / 062871-1017
02/13/23

24