UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DALE BOND<br><br>vs.<br><br>LIFESPAN CORPORATION; THE MIRIAM HOSPITAL; BROWN UNIVERSITY; and RENA WING | C.A. No. 1:23-cv-00081-JJM-LDA |

## BROWN UNIVERSITY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Brown University ("Brown") hereby answers the Second Amended Complaint filed by Plaintiff Dale Bond ("Plaintiff" or "Mr. Bond") as follows:

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, Brown denies the allegations in Paragraph 1.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, Brown denies the allegations in Paragraph 2.

3. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies the same.

4. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies the same.

5. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies the same.

6. Admitted.

7. Brown denies that Rena Wing is a Brown employee. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies the same.

## STATEMENT OF FACTS

8. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies the same.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Brown denies the allegations in paragraph 9.

10. Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Brown denies the allegations in paragraph 10 to the extent they are directed against Brown. To the extent the allegations are directed against other defendants, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12. Brown denies the allegations in paragraph 12 to the extent they are directed against Brown. To the extent the allegations are directed against other defendants, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies the same.

14. Brown denies that plaintiff was employed in any capacity by Brown. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 and therefore denies the same.

15. Brown admits only that Defendant Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 and therefore denies the same.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, Brown denies the allegations in paragraph 16.

17. Brown admits only that Brown appointed Plaintiff as a Brown research faculty member at Brown University. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 and therefore denies the same.

18. To the extent the allegations of paragraph 18 refer to documents, the documents are in writing and Brown denies any characterization of the documents. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies the same.

19. Brown admits only that Brown appointed Plaintiff as a Brown research faculty member. To the extent the allegations of paragraph 19 refer to a website, the website is in writing and Brown denies any characterization of the website. Any remaining allegations are denied.

20. Denied.

21. Brown admits only that Plaintiff held the positions Assistant Professor, Associate Professor and Full Professor. Brown lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 21 and therefore denies the same.

22. Denied.

23. Denied.

24. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies the same.

25. To the extent the allegations of paragraph 25 refer to a document, the document is in writing and Brown denies any characterization of the document. Any remaining allegations are denied.

26. Brown denies that plaintiff was employed by Brown. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 and therefore denies the same.

27. Brown denies that it had the ability to terminate Plaintiff as Brown did not employ Plaintiff. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies the same.

28. Brown admits only that Plaintiff's affiliation with Brown was contingent upon his continued employment with The Miriam Hospital. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 and therefore denies the same.

29. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies the same.

30. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies the same.

31. Brown admits only Plaintiff published research papers with credit to Brown University. Brown denies the remaining allegations of paragraph 31.

32. Brown admits only that Defendant Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University. To the extent the allegations of paragraph 32 refer to a website, the website is in writing and Brown denies any characterization of the website. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and therefore denies the same.

33. Brown admits only that Defendant Wing is a Professor of Psychiatry and Human Behavior at the Warren Alpert Medical School at Brown University. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and therefore denies the same.

34. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies the same.

35. To the extent the allegations of paragraph 35 refer to a website, the website is in writing and Brown denies any characterization of the website. Any remaining allegations are denied.

36. To the extent the allegations of paragraph 36 refer to a website, the website is in writing and Brown denies any characterization of the website. Any remaining allegations are denied.

37. To the extent the allegations of paragraph 37 refer to a website, the website is in writing and Brown denies any characterization of the website. Any remaining allegations are denied.

38. Brown admits that on April 19, 2018, Jill Pipher, Vice President for Research at Brown, and Brown Provost Richard M. Locke presented Dr. Wing with a Research Achievement Award during a Celebration of Research ceremony at Brown's Faculty Club. Any remaining allegations are denied.

39. To the extent the allegations of paragraph 39 refer to a website, the website is in writing and Brown denies any characterization of the website. Any remaining allegations are denied.

40. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the same.

41. To the extent the allegations of paragraph 41 refer to a document, the document is in writing and Brown denies any characterization of the document. Any remaining allegations are denied.

42. To the extent the allegations of paragraph 42 refer to a document, the document is in writing and Brown denies any characterization of the document. Any remaining allegations are denied.

43. To the extent the allegations of paragraph 43 refer to a document, the document is in writing and Brown denies any characterization of the document. Any remaining allegations are denied.

44. To the extent the allegations of paragraph 44 refer to a website, the website is in writing and Brown denies any characterization of the website. Any remaining allegations are denied.

45. Denied.

46. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies the same.

47. Denied.

48. Brown admits only that Brown had the ability to promote, demote, terminate and discipline Defendant Wing with respect to her academic title as professor at Brown. Any remaining allegations are denied.

49. To the extent the allegations of paragraph 49 refer to a document, the document is in writing and Brown denies any characterization of the document. Any remaining allegations are denied.

50. Brown denies that it employs Rena Wing. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 and therefore denies the same.

51. Brown admits only that Defendant Wing's appointment and reappointments as professor have been granted by Brown. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51 and therefore denies the same.

52. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies the same.

53. Brown denies the allegations in paragraph 53. To the extent the allegations contained in this paragraph are directed at other defendants, no response is required by Brown.

54. Denied.

55. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies the same.

56. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies the same.

57. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies the same.

58. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies the same.

59. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies the same.

60. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies the same.

61. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies the same.

62. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies the same.

63. Brown admits only that Plaintiff's notification of rank of full professor is in writing and Brown denies any characterization of that document. Any remaining allegations are denied.

64. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies the same.

65. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies the same.

66. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and therefore denies the same.

67. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and therefore denies the same.

68. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and therefore denies the same.

69. To the extent the allegations in paragraph 69 state a legal conclusion, no response is required.  To the extent a response is required, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies the same.

70. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies the same.

71. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies the same.

72. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies the same.

73. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies the same.

74. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies the same.

75. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies the same.

76. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies the same.

77. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies the same.

78. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies the same.

79. To the extent the allegations in paragraph 79 refer to a document, the document is in writing and Brown denies any characterization of the document. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 79 and therefore denies the same.

80. To the extent the allegations in Paragraph 80 refer to a document, the document is in writing and Brown denies any characterization of the document. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 80 and therefore denies the same.

81. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies the same.

82. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies the same.

83. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies the same.

84. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies the same.

85. To the extent the allegations in paragraph 85 state a legal conclusion, no response is required.  To the extent a response is required, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies the same.

86. To the extent the allegations in paragraph 86 state a legal conclusion, no response is required.  To the extent a response is required, Brown denies the allegations of paragraph 86.

87. To the extent the allegations in paragraph 87 state a legal conclusion, no response is required.  To the extent a response is required, Brown admits only that Plaintiff met with Dr. Rasmussen.  Any remaining allegations are denied.

88. Brown admits only that Plaintiff met with Dr. Rasmussen.  Any remaining allegations are denied.

89. Brown admits only that Plaintiff met with Dr. Rasmussen.  Any remaining allegations are denied.

90. To the extent the allegations in paragraph 90 state a legal conclusion, no response is required.  To the extent a response is required, Brown denies the allegations in paragraph 90.

91. Denied.

92. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies the same.

93. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies the same.

94. To the extent the allegations in paragraph 94 refer to a document, the document is in writing and Brown denies any characterization of the document. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 and therefore denies the same.

95. To the extent the allegations in paragraph 95 refer to a document, the document is in writing and Brown denies any characterization of the document. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95 and therefore denies the same.

96. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 and therefore denies the same.

97. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97 and therefore denies the same.

98. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 and therefore denies the same.

99. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99 and therefore denies the same.

98. [sic] Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98 [sic] and therefore denies the same.

100. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 and therefore denies the same.

101. Denied.

102. Denied.

103. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 and therefore denies the same.

104. Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 and therefore denies the same.

105. Denied.

106. To the extent the allegations in paragraph 106 state a legal conclusion, no response is required. To the extent a response is required, Brown denies the allegations relating to Brown University. Brown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 106 and therefore denies the same.

107. To the extent the allegations in paragraph 107 state a legal conclusion, no response is required. To the extent a response is required, the allegations are denied.

108. To the extent the allegations in paragraph 108 state a legal conclusion, no response is required. To the extent a response is required, Brown denies the allegations relating to Brown University.

109. To the extent the allegations in paragraph 109 state a legal conclusion, no response is required. To the extent a response is required, Brown denies the allegations relating to Brown University.

110. To the extent the allegations in paragraph 110 state a legal conclusion, no response is required. To the extent a response is required, Brown denies the allegations relating to Brown University.

111. Brown denies the allegations relating to Brown University.

112. Brown denies the allegations relating to Brown University.

113. Denied.

114. Denied.

## COUNT I

**Discrimination – RIGL § 42-112-1 et seq. (Rhode Island Civil Rights Act)**

115. Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-114 of the Second Amended Complaint as though fully set forth herein.

116. Denied.

117. Denied.

## COUNT II

**Retaliation – RIGL § 42-112-1 et seq. (Rhode Island Civil Rights Act)**

118. Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-117 of the Second Amended Complaint as though fully set forth herein.

119. Denied.

120. Denied.

## COUNT III

**Hostile Work Environment – RIGL § 42-112-1 et seq. (Rhode Island Civil Rights Act)**

121. Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-120 of the Second Amended Complaint as though fully set forth herein.

122. Denied.

123. Denied.

## COUNT IV

### Discrimination – RIGL § 28-5-1 et seq.

124.  Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-123 of the Second Amended Complaint as though fully set forth herein.

125.  Denied.

126.  Denied.

## COUNT V

### Retaliation – RIGL § 28-5-1 et seq.

127.  Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-126 of the Second Amended Complaint as though fully set forth herein.

128.  Denied.

129.  Denied.

## COUNT VI

### Hostile Work Environment – RIGL § 28-5-1 et seq.

130.  Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-129 of the Second Amended Complaint as though fully set forth herein.

131.  Denied.

132.  Denied.

133.  Denied.

## COUNT VII

**Discrimination – 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964)**

134. Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-133 of the Second Amended Complaint as though fully set forth herein.

135. Denied.

136. Denied.

## COUNT VIII

**Retaliation – 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964)**

137. Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-136 of the Second Amended Complaint as though fully set forth herein.

138. Denied.

139. Denied.

## COUNT IX

**Hostile Work Environment – 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964)**

140. Brown repeats and incorporates by reference its responses to the allegations contained in paragraphs 1-139 of the Second Amended Complaint as though fully set forth herein.

141. Denied.

142. Denied.

143. Denied.

## ADDITIONAL[1] DEFENSES

### FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's Second Amended Complaint is barred by the doctrine of unclean hands, laches, waiver and estoppel.

### THIRD DEFENSE

Plaintiff's Second Amended Complaint is barred because the alleged conduct of Brown University was not the legal or proximate cause of the Plaintiff's injuries.

### FOURTH DEFENSE

Brown University was not the employer or joint employer of Plaintiff, or otherwise engaged in employer-employee relationship or its equivalent, at any time relevant to this case.

### FIFTH DEFENSE

Plaintiff's claims are barred because he cannot establish a causal connection between his purported exercise of a protected right and any adverse employment action.

### SIXTH DEFENSE

Plaintiff has not suffered any damages or has otherwise failed to mitigate his damages.

### SEVENTH DEFENSE

Plaintiff's damages were caused by parties over which Brown exercises no control.

### EIGHTH DEFENSE

Plaintiff does not allege actionable harassment or actionable discrimination.

---

[1] Brown does not contend or assert that all of the defenses are affirmative defenses and Brown does not assume or have the burden of proof or persuasion for any defense that is not an affirmative defense. Plaintiff has the burden of proof as set forth under the applicable law.

17

**NINTH DEFENSE**

At all times relevant to the allegations in the Second Amended Complaint, Brown had effective policies for the prevention and correction of unlawful practices, and exercised reasonable care to prevent and promptly correct any unlawful practices.  Notwithstanding the existence of these policies, Plaintiff unreasonably failed to utilize them in connection with the allegations of unlawful practices asserted in the Second Amended Complaint.

**TENTH DEFENSE**

Plaintiff's claims are untimely and/or otherwise barred by the applicable limitations period.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by failure to take advantage of any preventative or corrective opportunities or to otherwise avoid harm.

**TWELFTH DEFENSE**

Brown acted reasonably and in good faith at all times and satisfied timely any obligation to Plaintiff under applicable law.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to attorneys' fees and/or costs.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to punitive, exemplary or liquidated damages.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies.

## DEMAND FOR JURY TRIAL

Brown University hereby requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Brown University requests that this Court enter judgment in its favor and against Plaintiff, dismissing the Second Amended Complaint, and all claims therein, with prejudice, and awarding Brown University its costs and attorneys' fees, and granting Brown University such other and further relief as the Court deems just and proper.

        BROWN UNIVERSITY

        By its Attorneys,

        */s/ Mitchell R. Edwards*
        Mitchell R. Edwards (# 6942)
        Rita E. Nerney (# 9713)
        Hinckley, Allen & Snyder LLP
        100 Westminster Street, Suite 1500
        Providence, Rhode Island  02903
        T:  (401) 274-2000
        F:  (401) 277-9600
        medwards@hinckleyallen.com
        rnerney@hinckleyallen.com

DATED:  March 3, 2023

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 3, 2023, a copy of the foregoing was filed and served through the electronic filing system.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  The document electronically filed and served is available for viewing and/or downloading from the Electronic Filing System.

                                                         */s/ Mitchell R. Edwards*

63475997